# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

SARAH JANE HUNT,

*Interested Party*,

RANDALL KING; SCOTT BUTTERFIELD; ROBERT KOEHLER; MICHAEL MERX;
BRUCE WALDMAN, *on behalf of themselves
and others similarly situated*,

*Plaintiffs-Appellees*,

*v.*

MONSANTO COMPANY,

*Defendant-Appellee*,

*v.*

CRAIG BOYLAN; DAVID CHILDRESS; XAVIER ESTRADA; LORI ANN FAIN;
DONNA MASON; FREDERICK O'NEILL; EDWARD PETER RANKIN;
WILLIAM ROBBINS; WILLIAM SZABO; PATRICIA VEAL,

*Objectors-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Missouri
Case No. 4:26-cv-813 (Hon. Henry Edward Autrey)

## MOTION TO DISMISS, OR IN THE ALTERNATIVE
## FOR SUMMARY AFFIRMANCE

| | |
|---|---|
| Elaine P. Golin | Miguel A. Estrada |
| Carrie M. Reilly | Daniel W. Nelson |
| WACHTELL, LIPTON, ROSEN & KATZ | Jonathan C. Bond |
| 51 West 52nd St. | GIBSON, DUNN & CRUTCHER LLP |
| New York, NY 10019 | 1700 M St., N.W. |
| (212) 403-1000 | Washington, DC 20036 |
| | (202) 955-8500 |

*Counsel for Monsanto Company*
*[Additional Counsel Listed in Signature Block]*

# CORPORATE DISCLOSURE STATEMENT

Monsanto Company is an indirect, wholly owned subsidiary of Bayer AG, a publicly held corporation. Bayer AG has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

Dated: June 22, 2026

*/s/ Elaine P. Golin*
Elaine P. Golin

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ............................................i

TABLE OF AUTHORITIES ...........................................................iii

INTRODUCTION ........................................................................ 1

BACKGROUND ......................................................................... 4

STANDARD OF REVIEW ........................................................... 11

ARGUMENT ........................................................................... 11

I. The Court Should Dismiss The Appeal For Lack Of Jurisdiction ................................................................... 11

    A. The Court Lacks Jurisdiction To Review The Order Remanding The Action To State Court ............. 12

    B. The Court Lacks Jurisdiction Based On Any Purported Resolution Of Objectors' Motion To Intervene ................................................................ 14

II. In The Alternative, The Court Should Summarily Affirm Because Intervention Would Have Been Improper ....................................................................... 17

CONCLUSION ....................................................................... 20

CERTIFICATE OF COMPLIANCE ........................................... 22

CERTIFICATE OF SERVICE .................................................. 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akpovi* v. *Douglas*,
43 F.4th 832 (8th Cir. 2022) ........................................................... 11

*Carolina Care Plan, Inc.* v. *Auddie Brown Auto Sales of Florence, Inc.*,
2007 WL 1034989 (D.S.C. Mar. 31, 2007) ......................................... 15

*Froud* v. *Anadarko E&P Co. Ltd. Partnership*,
607 F.3d 520 (8th Cir. 2010) .......................................................... 13

*Hardeman* v. *Monsanto Co.*,
997 F.3d 941 (9th Cir. 2021) ............................................................ 5

*Home Depot U.S.A., Inc.* v. *Jackson*,
587 U.S. 435 (2019) ................................................................. 18, 19

*Norwood* v. *Grocers Supply Co.*,
2013 WL 686410 (W.D. La. Feb. 25, 2013) ........................................ 15

*Phillips Petroleum Co.* v. *Shutts*,
472 U.S. 797 (1985) ........................................................................ 6

*Robinson* v. *Pfizer, Inc.*,
855 F.3d 893 (8th Cir. 2017) .......................................................... 16

*Rothrock* v. *Capital Logistics, LLC*,
2020 WL 5536485 (W.D. Mo. Sep. 15, 2020) ..................................... 20

*Saab* v. *Home Depot U.S.A., Inc.*,
469 F.3d 758 (8th Cir. 2006) .......................................................... 14

*Schaffner* v. *Monsanto Corp.*,
113 F.4th 364 (3d Cir. 2024) ............................................................ 5

*Smith* v. *Bayer Corp.*,
564 U.S. 299 (2011) ...................................................................... 19

*Things Remembered, Inc.* v. *Petrarca*,
516 U.S. 124 (1995) ...................................................................... 13

*Transit Casualty Co.* v. *Certain Underwriters at Lloyd's of London,*
119 F.3d 619 (8th Cir. 1997)..............................................11

*United States* v. *Metropolitan St. Louis Sewer District,*
569 F.3d 829 (8th Cir. 2009)..............................................11

*Village of Oakwood* v. *State Bank & Trust Co.,*
481 F.3d 364 (6th Cir. 2007)..............................................15

*Vincent* v. *Dakota, Minnesota & Eastern Railroad Corp.,*
200 F.3d 580 (8th Cir. 2000)..............................................14

## Statutes

28 U.S.C. § 1291 ................................................2, 3, 10, 14

28 U.S.C. § 1332 ..........................................................7, 18

28 U.S.C. § 1441 ..........................................................*passim*

28 U.S.C. § 1446 ..........................................................1, 7, 18

28 U.S.C. § 1447 ..........................................................*passim*

28 U.S.C. § 1453 ..........................................................*passim*

## Rules

8th Cir. R. 47A..............................................................17

Fed. R. App. P. 3............................................................12

Fed. R. App. P. 5........................................................13, 14

## Other Authorities

7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (3d ed. 2026) ..........................................15, 17

## INTRODUCTION

This ersatz appeal is a charade. The order appellants purport to appeal—remanding the case to state court following improper removal—is not appealable at all without this Court's permission, which appellants admittedly have not sought, much less obtained. The other supposed ruling appellants say they are challenging—denying them leave to intervene—does not *exist*; the district court never reached that issue before remanding. Appellants noticed this sham appeal solely to obstruct state-court proceedings. This Court should not tolerate such abuse of its processes or waste of its time and resources. It should swiftly dismiss this appeal.

This putative appeal is just the latest chapter in appellants' efforts to derail a proposed up-to-$7.25 billion state-court class settlement relating to the herbicide Roundup. That settlement was carefully negotiated over many months and has been preliminarily approved by a Missouri state court. Appellants (Objectors) are absent class members who oppose the settlement. After prior efforts to obstruct the settlement-approval process failed, they tried to disrupt the proceedings by attempting to remove the case to federal court under 28 U.S.C. §§ 1441, 1446, and 1453.

1

That effort was baseless because those provisions authorize *defendants* to remove certain state-court class actions; Objectors are not defendants, but potential *claimants*. The district court recognized as much and promptly remanded the case. Having remanded for lack of jurisdiction, the court never had occasion to reach Objectors' belated backup request to attempt to backfill federal jurisdiction by intervening in the case they had already improperly tried to remove.

Objectors' next move, which brought the case to this Court's door, confirms that their removal efforts were never serious but simply shenanigans designed to inject delay and confusion into proceedings that have properly resumed in state court. Objectors filed a notice of appeal of the district court's remand order, declaring the order "immediately appealable" under the general civil-appeal statute, 28 U.S.C. § 1291. Ex. 9. That invocation of this Court's jurisdiction is not in good faith. Orders remanding cases to state court are expressly made "not reviewable on appeal or otherwise" unless a statutory exception applies. 28 U.S.C. § 1447(d). The only potentially applicable exception—for class actions removed under the Class Action Fairness Act (CAFA), *id.* § 1453(c)—al-

lows *discretionary* appeals, and only *if* this Court first grants permission. Objectors concededly never sought nor were granted leave to appeal.

Objectors' fallback basis for appellate jurisdiction, which they previewed in district court, rests on a fiction. Objectors argued below that they could and did appeal the district court's denial of their motion to intervene (filed weeks after their removal) in the very case they removed. But the court did not decide that motion at all; finding that it lacked jurisdiction, it remanded the case without addressing that issue. There is thus no order on intervention to appeal—and thus no appellate jurisdiction under 28 U.S.C. § 1291. Any dispute over whether Objectors were entitled or should be permitted to intervene in federal court is now moot.

Even if the district court *had* reached and rejected Objectors' intervention request, the proper course here would be summary affirmance because intervention was plainly improper. A party cannot intervene in federal court in a case that was not validly removed in the first place. Objectors' bootstrapping theory—that their post-removal intervention, if allowed, would retroactively cure their legally defective removal—lacks any basis in principle or precedent. If that issue were live, it is open and shut.

This Court should therefore dismiss the appeal, or alternatively grant summary affirmance. As explained in Monsanto's accompanying motion to expedite, Monsanto respectfully requests a ruling by **July 13**.

**BACKGROUND**

1.  Monsanto has faced substantial litigation concerning allegations that exposure to its Roundup products can cause non-Hodgkin lymphoma. Over 125,000 plaintiffs have filed 52,000 Roundup lawsuits against Monsanto. See D.Ct. ECF 1-7 at 1. The vast majority of these actions are pending in Missouri state court. A much smaller fraction of the lawsuits were filed in federal court, and most of those were consolidated before an MDL court in *In re Roundup Products Liability Litigation*, No. 3:16-md-2741 (N.D. Cal.).

In February 2026, Monsanto and counsel representing tens of thousands of plaintiffs entered into a class-action settlement agreement. Proposed class counsel filed a new action in the Circuit Court of the City of St. Louis, Missouri, together with a motion for preliminary approval of the settlement. *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo.).

2. On March 4, 2026, the state court granted preliminary approval of the settlement, a step that under Missouri law begins the process of plenary review of the settlement and affords interested parties the opportunity to object and be heard. Prelim. Appr. Order, *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. Mar. 4, 2026). The court found that it would likely approve the settlement "as fair, reasonable, and adequate." *Id.* at 8. The court recounted the parties' efforts to reach the agreement, noting that they "worked for eighteen months with a neutral, respected mediator at arm's length" and that the resolution "envision[s] the payment of a significant amount of money over an extended period." Memorandum at 2, *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. Mar. 4, 2026).

The settlement also comes at a time of significant uncertainty regarding the viability of plaintiffs' claims. The Third Circuit has held that the Federal Insecticide, Fungicide, and Rodenticide Act preempts the plaintiffs' principal legal theory—that Monsanto failed to warn them of allegedly carcinogenic properties of Roundup's active ingredient (glyphosate). *Schaffner* v. *Monsanto Corp.*, 113 F.4th 364, 398-399 (3d Cir. 2024). The Ninth Circuit disagreed with that conclusion in *Hardeman* v.

5

*Monsanto Co.*, 997 F.3d 941, 954-960 (9th Cir. 2021), and the Supreme Court has granted review to decide the question. See *Monsanto Co.* v. *Durnell*, cert. granted, No. 24-1068 (argued Apr. 27, 2026).

The state court's March 4 preliminary-approval order set in motion a process for receiving and considering objections. The court directed a comprehensive nationwide notice program to ensure "the 'best practicable' notice be provided" to class members, Prelim. Appr. Order at 8-10, *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. Mar. 4, 2026) (quoting *Phillips Petroleum Co.* v. *Shutts*, 472 U.S. 797, 812 (1985)), and it approved opt-out and objection procedures plaintiffs and Monsanto proposed. *Id.* at 10-16. Under those procedures, class members were required to opt out of or object to the settlement by June 4. *Id.* at 20.

3.   Although the vast majority of plaintiffs support the settlement, a small handful have repeatedly sought to obstruct it.[1] Objectors

---

[1] Part of their strategy has been to try to force settlement proceedings to what they perceive as a more favorable forum. After the state-court action underlying this appeal was filed, two absent class members and the law firms representing them moved the MDL court to issue injunctive relief interfering with the state-court settlement proceedings. The MDL
*(Cont'd on next page)*

are one group of absent class members who oppose the settlement. They are 10 putative claimants who filed objections in the Missouri state court pursuant to the objection procedures. Objs. to Class Action Sett. Agreement and Prelim. Appr. Order, *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. May 21, 2026). Objectors can be heard at the final fairness hearing.

Objectors, however, are not content to litigate their arguments in state court and have sought to short-circuit those proceedings by bringing the case to federal court. The day after filing their objections in state court—and over 11 weeks after the state court preliminarily approved the settlement—Objectors filed a notice of removal, purporting to remove the case to the Eastern District of Missouri under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Ex. 1. Sections 1441 and 1446 govern removal by defendants generally, and Sections 1332(d) and 1453(b) address removal of class actions specifically and authorize a defendant in a state-court class action to remove in certain circumstances. Objectors are not de-

---

court denied that motion as exceeding its authority. *In re Roundup Products Liability Litigation*, No. 3:16-md-2741, ECF 22031 (N.D. Cal. May 6, 2026).

fendants in the state-court action whom any plaintiffs seek to hold liable; they are themselves potential claimants. Their notice of removal nevertheless asserted that they should be "realigned as the true defendants" because they "oppose" the *settlement*. *Id.* ¶ 1.[2]

Monsanto promptly moved to remand. Exs. 2-3. It explained that Objectors were not defendants and so could not remove under the cited statutes at all. Ex. 3 at 7-9. The named plaintiffs who support the settlement (appellees in this court) also moved to remand. Ex. 4.

Objectors opposed remand. Ex. 5. In addition, weeks after removing the case to federal court, they also moved to intervene in the case, asking to be "formally added as defendants through intervention." Ex. 6 at 2.

4. On June 17, the district court granted the motion to remand. Ex. 7. It held that "removal of an action by people who are not defendants

---

[2] On the same day that Objectors removed the state-court action, they tagged the case for transfer to the MDL. See *In re Roundup Products Liability Litigation*, MDL No. 2741, ECF 4168 (JPML May 22, 2026). The Judicial Panel on Multidistrict Litigation vacated its conditional transfer order after being informed that the case had been remanded to state court. *In re Roundup Products Liability Litigation*, MDL No. 2741, ECF 4201 (JPML June 18, 2026).

in the action is not authorized." *Id.* at 2.  Section 1441(a), it explained, "specifically limits the ability to remove to the defendant or the defendants, and contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court." *Id.* at 2-3 (citation omitted).  "Objectors," the court held, "are not defendants in the action and have no basis upon which to remove it." *Id.* at 3.  The court concluded that it "therefore lacks jurisdiction and the case must be remanded." *Id.* at 3.  It did not address Objectors' motion to intervene.

That same day, immediately after issuing its remand order, the district court issued a further order stating that "the Clerk of the Court is directed to remand this case to the 22nd Judicial Circuit, State of Missouri." Ex. 8 at 1.  A notation on the district court's docket ("cc: St. Louis City Circuit Court") indicates that the court contemporaneously mailed its remand order to the state trial court, restoring jurisdiction to the state court.  See *King* v. *Monsanto Co.*, No. 4:26-cv-813, ECF 94 (E.D. Mo. June 17, 2026); 28 U.S.C. § 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.").

9

5. Later on June 17, Objectors filed a notice of appeal, stating that Objectors "appeal to [this Court] from the Order of Remand." Ex. 9. Their notice of appeal invoked the general civil-appeal statute, 28 U.S.C. § 1291. *Id.* at 2. Although the notice expressly purported to "appeal * * * from the Order of Remand," it also discussed their failed attempt to intervene in the district court. *Id.* at 1-2. The notice recounted that the district court held the case not removable on the ground that Objectors were not defendants. It then asserted that Objectors "would have been" defendants had the district court granted their motion to intervene and that the denial of a motion to intervene is "immediately appealable." *Id.* at 2 (citation omitted).

Objectors then filed a motion asking the district court "for a briefing schedule" and urging it not to mail the remand order to the state trial court, despite the notice on the docket indicating that the district court had already done so. Ex. 10. Objectors argued that their notice of appeal divested the district court of jurisdiction to take any further action in the case, including to mail the remand order to the state court. *Id.* at 2. As of this filing, the district court has not yet ruled on Objectors' motion (nor,

10

since the case has been remanded, is there any obvious reason for the court to do so).

## STANDARD OF REVIEW

This Court determines its own jurisdiction de novo. *Akpovi* v. *Douglas*, 43 F.4th 832, 835 (8th Cir. 2022). Where a district court remands for lack of jurisdiction, "review of that remand order is prohibited whether erroneous or not and whether review is sought by appeal or by extraordinary writ" absent certain exceptions. *Transit Casualty Co.* v. *Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 623 (8th Cir. 1997) (citation omitted).

This Court reviews the denial of a motion to intervene de novo. *United States* v. *Metropolitan St. Louis Sewer District*, 569 F.3d 829, 833 (8th Cir. 2009).

## ARGUMENT

### I. THE COURT SHOULD DISMISS THE APPEAL FOR LACK OF JURISDICTION

This Court lacks jurisdiction over Objectors' putative appeal. The order that Objectors actually sought to appeal—the remand ruling—is expressly made "not reviewable on appeal or otherwise" by 28 U.S.C. § 1447(d), absent a statutory exception. The only potentially relevant ex-

ception is CAFA's authorization for discretionary appeals, which can proceed only with advance permission from this Court. *Id.* § 1453(c). Objectors admittedly never sought nor obtained such permission.

Objectors' backup argument below—that they are entitled to appeal the denial of their intervention request—fails for the simple reason that the district court never issued any such order. It remanded without needing to address intervention. And any arguable dispute over whether Objectors should be allowed to intervene in federal court is now moot. Either way, this Court lacks jurisdiction over any appeal on intervention.

### A. The Court Lacks Jurisdiction To Review The Order Remanding The Action To State Court

This Court should dismiss because it lacks jurisdiction to review the district court's remand order. There is no doubt that Objectors seek substantive review of that order. Their notice of appeal states that the Objectors "appeal * * * from the Order of Remand." Ex. 9 at 1; see Fed. R. App. P. 3(c)(1)(B) (notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"). And their subsequent district-court motion asking that court to suspend proceedings while Objectors pursue their appeal concedes that "there is no question

that matters related to remand are aspects of the case involved in the appeal." Ex. 10 at 2 (citation omitted).

This Court lacks jurisdiction to review the remand order. The district court remanded this case due to lack of jurisdiction. Ex. 7 at 3; see 28 U.S.C. § 1447(c). Section 1447(d) prohibits appellate jurisdiction over "an order remanding a case to the State court from which it was removed" on the basis of a lack of jurisdiction, unless a statutory exception applies. See *Things Remembered, Inc.* v. *Petrarca*, 516 U.S. 124, 127-128 (1995). None does.

The only potentially relevant exception is 28 U.S.C. § 1453(c), a provision of CAFA. Section 1453(c) permits discretionary review of an order granting or denying a motion to remand in cases removed under CAFA, and it establishes a specialized procedure. To seek discretionary review, a party must file an application for review in the court of appeals within 10 days of the order granting or denying remand. *Id.* § 1453(c)(1). That discretionary review is governed by the requirements for permissive appeals found in Federal Rule of Appellate Procedure 5. See *Froud* v. *Anadarko E&P Co. Ltd. Partnership*, 607 F.3d 520, 522-523 (8th Cir. 2010) (per curiam). Under Rule 5(d), no notice of appeal is filed; if this Court

grants permission, the date of its order serves as the date of such a notice. *Ibid.*

Objectors concede that they have not sought (much less obtained) discretionary review under Section 1453. Ex. 11 at 3. Section 1453(c) is therefore inapplicable. And no other exception to Section 1447(d)'s bar applies. See *Saab* v. *Home Depot U.S.A., Inc.*, 469 F.3d 758, 759 (8th Cir. 2006). The remand order "must stand." *Vincent* v. *Dakota, Minnesota & Eastern Railroad Corp.*, 200 F.3d 580, 581 (8th Cir. 2000) (citation omitted). This Court accordingly lacks jurisdiction to review the remand order.

### B. The Court Lacks Jurisdiction Based On Any Purported Resolution Of Objectors' Motion To Intervene

Objectors asserted in the district court that they can also or alternatively pursue an immediate appeal under 28 U.S.C. § 1291 of the supposed denial of their motion to intervene. But the district court *never ruled* on that motion. And any dispute over intervention in federal court is now moot. Objectors' intervention theory cannot stave off dismissal.

1.    The crucial premise of Objectors' argument that they may appeal because the denial of intervention is immediately appealable is false: The district court did *not* rule on their motion to intervene at all.

The district court did not rule on intervention because it *could* not, having already granted a motion to remand for lack of jurisdiction. If a district court lacks jurisdiction over a removed case, it "simply has no power to decide a motion to intervene." *Village of Oakwood* v. *State Bank & Trust Co.*, 481 F.3d 364, 367 (6th Cir. 2007). "Intervention * * * cannot create jurisdiction if none existed before." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1917 (3d ed. 2026). Instead, if a district court has granted a motion to remand while a motion to intervene is pending, the motion to intervene is routed to the state court. See, *e.g.*, *Norwood* v. *Grocers Supply Co.*, 2013 WL 686410, at *1 (W.D. La. Feb. 25, 2013); *Carolina Care Plan, Inc.* v. *Auddie Brown Auto Sales of Florence, Inc.*, 2007 WL 1034989, at *5 (D.S.C. Mar. 31, 2007).

Because the district court concluded that it lacked jurisdiction over the case, it never denied or otherwise ruled on Objectors' motion to intervene. If Objectors wish to pursue their request for intervention in this

litigation, they must do so in state court.  In all events, *this* Court lacks jurisdiction to review an intervention ruling that does not exist.

2.  Even if the district court's remand ruling could be properly viewed as somehow constructively resolving the Objectors' intervention request, that still would not create appellate jurisdiction because that dispute over intervention in federal court is now moot.  "A case becomes moot when it becomes impossible for the court to grant any effectual relief." *Robinson* v. *Pfizer, Inc.*, 855 F.3d 893, 897 (8th Cir. 2017) (citation omitted).  This Court cannot grant effectual relief with respect to the intervention issue because the case has already been remanded.  Nor could a ruling reversing an imagined denial of intervention unwind the remand order:  Even if Objectors *could* intervene today, that would not retroactively make them state-court defendants who were entitled to remove.

Simply put, there is no case in the district court in which Objectors could intervene.  Any decision as to the intervention issue would be to no effect.  The Court should dismiss the appeal for this reason as well.

## II. IN THE ALTERNATIVE, THE COURT SHOULD SUMMARILY AFFIRM BECAUSE INTERVENTION WOULD HAVE BEEN IMPROPER

Objectors' effort to recast their appeal as challenging the imagined denial of their intervention motion fails in any event. Even assuming (*dubitante*) that Objectors' motion were denied and the issue were not moot, that would alter only the appropriate formal disposition: summary affirmance in lieu of dismissal. The bottom line would remain the same.

Summary affirmance is appropriate where "the questions presented do not require further consideration." 8th Cir. R. 47A(a). This is a textbook case for that disposition. If the district court did deny intervention, the Court should summarily affirm because intervention "presupposes the pendency of an action in a court of competent jurisdiction," 7C Wright & Miller, *supra*, § 1917, and the district court rightly concluded that it lacked jurisdiction over the case. Intervention would therefore be proper *only if* the district court erred in granting the motion to remand. But the court's ruling on that motion is not reviewable at all, and the hypothetical denial of intervention could not serve as a backdoor means to make it so. Even if it could, that ruling was manifestly correct.

Objectors attempted to remove the case under 28 U.S.C. §§ 1441(a), 1446, and 1453(b) (and CAFA's standard for diversity, § 1332(d)), Ex. 1, but that attempt was baseless. Sections 1441(a) and 1453(b) expressly authorize removal only by a "defendant" or "defendants." So does Section 1446(a), which Section 1453(b) incorporates. The Supreme Court has unequivocally held that the "defendant" in these provisions "refers only to the party sued by the original plaintiff." *Home Depot U.S.A., Inc.* v. *Jackson*, 587 U.S. 435, 437 (2019). The relevant "'civil action' * * * is the action as defined by the plaintiff's complaint," and "'the defendant' to that action is the defendant to that complaint." *Id.* at 442 (quoting 28 U.S.C. § 1441(a)).

Objectors were not and are not defendants to the state-court lawsuit they removed. They were never named in the state-court petition, were never served, and face no claim for relief. They are absent members of a putative settlement class seeking damages from Monsanto. See Ex. 1 ¶¶ 17-19. They are not a party "sued by the original plaintiff." *Home Depot*, 587 U.S. at 446.

Far from being a *defendant*, a pre-certification objector is not even a *party*. The Supreme Court has explained that the "argument that a

18

nonnamed class member is a party to the class-action litigation before the class is certified" is "surely erroneous." *Smith* v. *Bayer Corp.*, 564 U.S. 299, 313 (2011) (citation and emphasis omitted). That Objectors have opposed the settlement before certification does not make them parties—much less defendants to the underlying claims for relief.

Objectors suggested in their notice of appeal that granting them intervenor status in federal court after they had removed the case would retroactively cure this jurisdictional problem, but that circular theory is incorrect. Intervention in federal court would not have made Objectors state-court defendants nunc pro tunc who could have removed the case at that time. Under *Home Depot*, only "the party sued by the original plaintiff" counts as a defendant who can remove under Sections 1441(a) or 1453(b). 587 U.S. at 437.

An intervenor is not someone sued by the original plaintiff. Indeed, the Supreme Court has distinguished between a party "against whom a lawsuit is brought" and one who "become[s] a party by intervention, substitution, or third-party practice." *Smith*, 564 U.S. at 313 (citation omitted). Even an insurer who intervenes to indemnify and defend claims against an insured—and thus actually *does* face potential judgment and

liability—cannot remove as a "defendant" because claims were not "brought against [it] by the original plaintiffs." *Rothrock* v. *Capital Logistics, LLC*, 2020 WL 5536485, at \*3 (W.D. Mo. Sep. 15, 2020). So even if Objectors were now permitted to intervene, that would not make them "defendants" authorized to remove the case in the first place.

If this Court concludes that the district court implicitly or constructively denied intervention, it should summarily affirm that denial. The court correctly concluded that the case was never properly before it, so post-removal intervention was improper, and granting leave to intervene would not and could not have altered that result.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the appeal for lack of jurisdiction, or in the alternative should summarily affirm. As explained in the contemporaneously filed motion to expedite, Monsanto respectfully requests that this Court issue its decision on this motion by **July 13**, to prevent further disruption to the settlement proceedings.

Dated: June 22, 2026

Respectfully submitted,

*/s/ Elaine P. Golin*

| | |
|---|---|
| Elaine P. Golin | Miguel A. Estrada |
| Carrie M. Reilly | Daniel W. Nelson |
| WACHTELL, LIPTON, ROSEN & KATZ | Jonathan C. Bond |
| 51 West 52nd St. | GIBSON, DUNN & CRUTCHER LLP |
| New York, NY  10019 | 1700 M St., N.W. |
| (212) 403-1000 | Washington, DC  20036 |
| epgolin@wlrk.com | (202) 955-8500 |
| cmreilly@wlrk.com | mestrada@gibsondunn.com |
| | dnelson@gibsondunn.com |
| James F. Bennett | jbond@gibsondunn.com |
| DOWD BENNETT LLP | |
| 7676 Forsyth Blvd., Suite 1900 | Stephen J. Hammer |
| St. Louis, MO  63105 | GIBSON, DUNN & CRUTCHER LLP |
| (314) 889-7300 | 2001 Ross Avenue, Suite 2100 |
| jbennett@dowdbennett.com | Dallas, TX  75201 |
| | (214) 698-3100 |
| | shammer@gibsondunn.com |

*Counsel for Monsanto Company*

21

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Eighth Circuit Internal Operating Procedure III.I and Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,936 words, excluding the portions exempted by Eighth Circuit Internal Operating Procedure III.I and Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).  This motion complies with the type-face and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New Century Schoolbook font.  I certify that this motion has been scanned for viruses and is virus-free.


Dated: June 22, 2026                    */s/ Elaine P. Golin*
                                                   Elaine P. Golin

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


Dated: June 22, 2026          /s/ *Elaine P. Golin*
                                               Elaine P. Golin