**No. 26-2217**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

SARAH JANE HUNT,

*Interested Party*,

RANDALL KING; SCOTT BUTTERFIELD; ROBERT KOEHLER; MICHAEL MERX; BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,

*Plaintiffs-Appellees*,

*v.*

MONSANTO COMPANY,

*Defendant-Appellee*,

*v.*

CRAIG BOYLAN; DAVID CHILDRESS; XAVIER ESTRADA; LORI ANN FAIN; DONNA MASON; FREDERICK O'NEILL; EDWARD PETER RANKIN; WILLIAM ROBBINS; WILLIAM SZABO; PATRICIA VEAL,

*Objectors-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Missouri
Case No. 4:26-cv-813 (Hon. Henry Edward Autrey)

# MOTION TO EXPEDITE CONSIDERATION OF
# MOTION TO DISMISS, OR IN THE ALTERNATIVE
# FOR SUMMARY AFFIRMANCE

Elaine P. Golin
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, NY 10019
(212) 403-1000

Miguel A. Estrada
Daniel W. Nelson
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC 20036
(202) 955-8500

*Counsel for Monsanto Company*
*[Additional Counsel Listed in Signature Block]*

## MOTION TO EXPEDITE CONSIDERATION OF MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY AFFIRMANCE

Pursuant to 28 U.S.C. § 1657(a) and Federal Rules of Appellate Procedure 2 and 27, appellee Monsanto Company respectfully requests that the Court expedite consideration of Monsanto's concurrently filed motion to dismiss, or in the alternative for summary affirmance. Because the appeal is not brought in good faith, but solely in an effort to disrupt ongoing state court proceedings, Monsanto will sustain substantial ongoing harm without prompt judicial intervention. Monsanto therefore respectfully asks the Court to decide this motion to expedite by **June 24**; to require appellants (Objectors) to file any response to the motion to dismiss, or in the alternative summarily affirm, by **June 30**; to permit Monsanto to file any reply in support of the motion to dismiss, or in the alternative summarily affirm, by **July 6;** and to resolve the motion to dismiss, or in the alternative summarily affirm, by **July 13**.

## BACKGROUND

Objectors' appeal is a transparent attempt to obstruct an up-to-$7.25 billion class settlement that is the product of months of careful negotiation with tens of thousands of willing plaintiffs. See D.Ct. ECF 1-7

1

Appellate Case: 26-2217     Page: 2     Date Filed: 06/22/2026 Entry ID: 5653323

at 1. In *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo.), a Missouri state trial court preliminarily approved the class settlement, noting that the plaintiffs and Monsanto "worked for eighteen months with a neutral, respected mediator at arm's length" and reached a resolution that "envision[s] the payment of a significant amount of money over an extended period." Memorandum at 2, *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. Mar. 4, 2026).

Final consideration of the settlement is fast approaching. This Court's expedited consideration is needed to end Objectors' ongoing baseless efforts to use the federal courts to further disrupt the state proceedings.

Objectors are a group of 10 putative plaintiffs who objected to the settlement. Objs. to Class Action Sett. Agreement and Prelim. Appr. Order, *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. May 21, 2026). In a last-ditch effort to derail the settlement-approval process, Objectors removed the state-court action to the Eastern District of Missouri under the bizarre theory that they—putative class members seeking damages from Monsanto—are really defendants, and therefore able to remove a case under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

2

Appellate Case: 26-2217    Page: 3    Date Filed: 06/22/2026 Entry ID: 5653323

The district court rightly rejected that argument and remanded the action to state court. Mot. to Dismiss Ex. 7.[1] That same day, immediately after issuing that decision, the district court issued a further order stating that "the Clerk of the Court is directed to remand this case to the 22nd Judicial Circuit, State of Missouri." Mot. to Dismiss Ex. 8 at 1. A notation on the district court's docket ("cc: St. Louis City Circuit Court") indicates that the court contemporaneously mailed its remand order to the state trial court, restoring jurisdiction to the state court. See *King* v. *Monsanto Co.*, No. 4:26-cv-813, ECF 94 (E.D. Mo. June 17, 2026); 28 U.S.C. § 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.").

Objectors then doubled down on their gambit and filed a notice of appeal purporting to appeal the remand order as a matter of right, even though "an order remanding a case to the State court from which it was removed is not reviewable on appeal," 28 U.S.C. § 1447(d), and even

---

[1] This motion to expedite cites the exhibits filed in support of Monsanto's contemporaneously filed motion to dismiss, or in the alternative for summary affirmance.

Appellate Case: 26-2217    Page: 4    Date Filed: 06/22/2026 Entry ID: 5653323

though they concededly did not attempt to pursue the discretionary-appeal process for cases removed under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1453(c); Mot. to Dismiss Ex. 11 at 3.

Objectors then filed a motion asking the district court "for a briefing schedule" and urging it not to mail the remand order to the state trial court, despite the notice on the docket indicating that the district court already did so. Mot. to Dismiss Ex. 10. Objectors asserted that their notice of appeal divested the district court of jurisdiction to take any further action, including to mail the remand order to the state court. *Id.* at 2. As of this filing, the district court has not ruled on Objectors' motion, though there is no reason for it to do so since the case has already been remanded.

## LEGAL STANDARD

This Court has authority to expedite consideration of any action before it for good cause. 28 U.S.C. § 1657(a); Fed. R. App. P. 2(a); see 8th Cir. I.O.P. § III(D) (authorizing court to request briefs on an accelerated schedule on a party's motion).

4

# ARGUMENT

As explained in Monsanto's concurrently filed motion, the Court should dismiss Objectors' improper and legally unauthorized appeal for lack of jurisdiction, or in the alternative summarily affirm. Good cause exists to expedite consideration of that motion because Objectors are attempting to use their sham appeal to further disrupt the state-court settlement proceedings, which would risk causing Monsanto and thousands of plaintiffs who want the settlement substantial harm.

Objectors have argued in the district court that their purported notice of appeal prevents the state court from reassuming jurisdiction over the settlement proceedings, notwithstanding the district court's remand order. Mot. to Dismiss Ex. 10; see Mot. to Dismiss Ex. 9. As explained in Monsanto's motion to dismiss, that is wrong because (1) Objectors concededly did not avail themselves of the discretionary review procedure for remand orders for cases removed under CAFA, see Mot. to Dismiss Ex. 11 at 3, and (2) even if they had, the district court effected the remand by mailing its remand order to the state court before Objectors filed their notice of appeal, see *King* v. *Monsanto Co.*, No. 4:26-cv-813, ECF 94 (E.D. Mo. June 17, 2026); 28 U.S.C. § 1447(c). But Objectors will nevertheless

5

attempt to argue that their filing of a notice of appeal prevents the settlement proceedings from going forward in state court while this supposed appeal lingers.

The Court should expedite its consideration of Monsanto's motion to dismiss the appeal because the delay that the Objectors are attempting to cause by pursuing the statutorily unauthorized appeal could undermine the settlement proceedings. It is beyond any doubt that this appeal has been noticed solely in an effort to further disrupt the state proceedings. The Court should not tolerate this flagrant abuse of its processes. If Objectors wish to object to the settlement, they must do so through the state-court process, not by prosecuting this improper appeal of the district court's order rejecting their meritless attempt to shift the litigation to federal court.

To avoid further disruption in the state-court process, and to ensure that all objections on this important class settlement are heard in an orderly manner, Monsanto respectfully requests that the Court expedite consideration of the motion to dismiss, or in the alternative for summary affirmance.

6

Appellate Case: 26-2217     Page: 7     Date Filed: 06/22/2026 Entry ID: 5653323

## CONCLUSION

For the foregoing reasons, Monsanto requests that the Court rule on this motion to expedite by **June 24**.  Monsanto further requests that this Court require Objectors to file any response to the motion to dismiss, or in the alternative summarily affirm, by **June 30**; permit Monsanto to file any reply in support of the motion to dismiss, or in the alternative summarily affirm, by **July 6**; and that the Court resolve the motion to dismiss, or in the alternative summarily affirm, by **July 13**.

Appellate Case: 26-2217    Page: 8    Date Filed: 06/22/2026 Entry ID: 5653323

Dated: June 22, 2026

Respectfully submitted,

/s/ *Elaine P. Golin*

Elaine P. Golin
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, NY  10019
(212) 403-1000
epgolin@wlrk.com
cmreilly@wlrk.com

James F. Bennett
DOWD BENNETT LLP
7676 Forsyth Blvd., Suite 1900
St. Louis, MO  63105
(314) 889-7300
jbennett@dowdbennett.com

Miguel A. Estrada
Daniel W. Nelson
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC  20036
(202) 955-8500
mestrada@gibsondunn.com
dnelson@gibsondunn.com
jbond@gibsondunn.com

Stephen J. Hammer
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201
(214) 698-3100
shammer@gibsondunn.com

*Counsel for Monsanto Company*

Appellate Case: 26-2217    Page: 9    Date Filed: 06/22/2026 Entry ID: 5653323

# CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Eighth Circuit Internal Operating Procedure III.I and Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,257 words, excluding the portions exempted by Eighth Circuit Internal Operating Procedure III.I and Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).  This motion complies with the type-face and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New Century Schoolbook font.  I certify that this motion has been scanned for viruses and is virus-free.

Dated: June 22, 2026

*/s/ Elaine P. Golin*
Elaine P. Golin

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


Dated: June 22, 2026                    /s/ *Elaine P. Golin*
                                        Elaine P. Golin