# HOLLAND LAW FIRM

TRIAL PRACTICE
www. hollandtriallawyers.com

June 24, 2026

**VIA ECF**

Hon. Susan E. Bindler
Clerk of the Court
United States Court of Appeals
  for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

Re:  ***King, et al. v. Monsanto Company, et al.* No. 26-2217**

Dear Ms. Bindler:

As Class Counsel for the Plaintiffs-Appellees, I respectfully submit this letter pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure.

Plaintiffs-Appellees Randall King, Scott Butterfield, Robert Koehler, Michael Merx, and Bruce Waldman—the named plaintiffs and proposed class representatives—join in and adopt in full Monsanto's June 22, 2026, Motion to Dismiss, or in the Alternative for Summary Affirmance. Plaintiffs-Appellees agree with each argument in that motion and likewise ask the Court to dismiss for lack of jurisdiction or, alternatively, summarily affirm, on the expedited schedule Monsanto requests.

This class settlement resolves tens of thousands of Roundup claims and is the product of 18 months of arm's-length mediation. The Circuit Court of the City of St. Louis preliminarily approved it on March 4, 2026, as likely fair, reasonable, and adequate, ordered best-practicable nationwide notice, and established opt-out and objection procedures that give every class member—Objectors included—a full opportunity to be heard. Objectors have every right to oppose the settlement. Their forum for doing so is the final fairness hearing, where the merits of their objections belong, not a federal appeal engineered to delay proceedings the state court has properly resumed.

There is no jurisdiction to review the remand order. Objectors' notice of appeal challenges the district court's June 17, 2026, order remanding this case for lack of jurisdiction. Section 1447(d) makes such an order "not reviewable on appeal or otherwise," and the lone exception—CAFA's discretionary review under § 1453(c)—requires a timely application for permission. Objectors have not filed such an application, and a bare § 1291 notice cannot supply what CAFA demands.

Recognizing that bar, Objectors recast their appeal as one from the purported denial of their intervention motion. But no such denial exists. Objectors' intervention motion was filed more than two weeks after their removal, in connection with Objectors' opposition to the separate remand motions filed by Plaintiffs and Monsanto, and the district court never decided it. Rather, having found that it lacked jurisdiction over a case improperly removed by non-defendants, the court did not reach intervention at all, and that request travels with the case back to state court. There is no intervention order to review, and no federal action remains in which Objectors could intervene.

Even treating the remand as a constructive denial of intervention, the result is summary affirmance, not reversal. Only a "defendant" may remove under §§ 1441(a), 1446, and 1453(b), and "defendant" means "the party sued by the original plaintiff." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). Objectors were never named, served, or sued; they are absent members of a putative settlement class seeking recovery from Monsanto. A pre-certification objector is not even a party. *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011). The theory that post-removal intervention would somehow retroactively transform Objectors into removing defendants does not withstand scrutiny: an intervenor is not a party "sued by the original plaintiff," and intervention cannot create jurisdiction that never existed.

Objectors' removal was baseless, and this appeal is no different. Each day it lingers casts a shadow over a settlement the overwhelming majority of class members support, and over the relief tens of thousands of them are waiting to receive. For the reasons in Monsanto's motion, which Plaintiffs-Appellees adopt in full, the Court should dismiss for lack of jurisdiction or summarily affirm, and should rule by July 13, 2026, as Monsanto has requested.

Respectfully,

s/ Eric D. Holland
Eric D. Holland
HOLLAND LAW FIRM
211 North Broadway, Suite 2625
St. Louis, MO 63102
eholland@hollandtriallawyers.com

*Attorneys for Plaintiffs Robert Koehler,*
*Michael Merx, and Lead Counsel for the*
*Putative Missouri Class*

Michael Ketchmark
KETCHMARK & MCCREIGHT, P.C.
11161 Overbrook Rd. #210
Leawood, KS 66211
mike@ketchmclaw.com

*Attorneys for Plaintiffs Robert Koehler,*
*Michael Merx, and Counsel for the Putative*
*Missouri Class*

Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
973-639-9100
cseeger@seegerweiss.com

*Attorneys for Plaintiffs Randall King, Scott*
*Butterfield, and Bruce Waldman and*
*Lead Counsel for the Putative Missouri Class*

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843.216.9000
jrice@motleyrice.com

John Eddie Williams, Jr.
WILLIAMS HART BOUNDAS, LLP
8441 Gulf Freeway #600
Houston, TX 77017
713-497-1729
jwilliams@whlaw.com

Peter A. Kraus
WATERS KRAUS PAUL & SIEGEL
3141 Hood Street, Suite 700
Dallas, TX 75219
(214) 357-6244
kraus@waterskraus.com

*Attorneys for Plaintiffs Randall King, Scott Butterfield, and Bruce Waldman and Counsel for the Putative Missouri Class*

CC: Counsel of record (via ECF)
EDH/tlb

Appellate Case: 26-2217   Page: 4   Date Filed: 06/24/2026 Entry ID: 5654035