# GIBSON DUNN

Miguel A. Estrada
T: +1 202.955.8257
mestrada@gibsondunn.com

June 29, 2026

VIA CM/ECF

Susan E. Bindler
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
111 South 10th Street
St. Louis, MO 63102

Re: *King, et al.* v. *Boylan, et al.*, No. 26-2217
Notice of Supplemental Authority Under Fed. R. App. P. 28(j)

Dear Ms. Bindler:

Appellee Monsanto Company writes to advise the Court of developments in the state-court action from which the case below was wrongly removed that support Monsanto's motion to expedite consideration of its motion to dismiss, or in the alternative for summary affirmance.

The final fairness hearing in *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo.), was previously set for July 9, 2026. On June 23, however, the state court called for briefing on whether the hearing should be continued to "account for the delay caused by the federal proceedings." Ex. 1 at 1, Mem., *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. June 23, 2026).

On June 26, Appellants-Objectors responded, doubling down on their spurious assertion that their notice of appeal prevented the federal district court from remanding the action to state court. Ex. 2, Objectors' Mem., *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. June 26, 2026). They also insisted that all state-court proceedings during the pendency of this appeal are a "nullity." *Id.* at 3 (citation omitted).

Appellants-Objectors are wrong to contend that the state-court proceedings may not proceed during this appeal. As explained in Monsanto's motion to dismiss (at 8-9), jurisdiction was restored to the state court when the district court sent it the remand order, as indicated on the district court's docket. Indeed, Appellants-Objectors have all but admitted that their notice of appeal is invalid by filing this evening a motion for permission to appeal pursuant to 28 U.S.C. § 1453(c).

**Gibson, Dunn & Crutcher LLP**
1700 M Street, N.W.  |  Washington, D.C. 20036-4504  |  T: 202.955.8500  |  F: 202.467.0539  |  gibsondunn.com

# GIBSON DUNN

Susan E. Bindler, Clerk
June 29, 2026
Page 2

Appellants-Objectors' response nonetheless confirms that their sole purpose in noticing this appeal was to interfere with and delay the state-court proceedings, and they are now actively exploiting the pendency of the appeal to that end. To forestall further gamesmanship, Monsanto respectfully requests that the Court grant its pending motion to expedite consideration of its motion to dismiss, or in the alternative for summary affirmance.

Respectfully submitted,

*/s/ Miguel A. Estrada*

Miguel A. Estrada
GIBSON, DUNN & CRUTCHER LLP
*Counsel for Appellee Monsanto Co.*

Attachment

# EXHIBIT 1

Appellate Case: 26-2217     Page: 3     Date Filed: 06/29/2026 Entry ID: 5656071

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

FILED

JUN 23 2026

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

RANDALL KING, SCOTT )
BUTTERFIELD, ROBERT )
KOEHLER, MICHAEL MERX, )
and BRUCE WALDMAN, )
)
       Plaintiffs, )
) Case No. 2622-CC00325
vs. )
) Division No. 8
MONSANTO COMPANY, )
)
       Defendant. )

## MEMORANDUM

Due to the federal proceedings regarding this case and the filings made by objecting parties, including the filings made in this case and those filed in the Eastern District of Missouri while this case was in removal status, the Court believes it may be in the best interest of the case to delay the final approval hearing, currently scheduled for July 9, 2026. A delay would allow for full briefing of the previously filed objections and would account for the delay caused by the federal proceedings. The Court invites any party that has requested to be heard at the final approval hearing, including class counsel and counsel for Monsanto, to file a memorandum with this court, no later than Friday, June 26, with their position on delaying the final approval hearing. After review of those filings, the Court will

either set a status conference or enter an order regarding the final approval hearing.

Timothy Boyer, Judge

Dated: June 23 , 2026

Appellate Case: 26-2217    Page: 5    Date Filed: 06/29/2026 Entry ID: 5656071

# EXHIBIT 2

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| RANDALL KING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2622-CC00325 |
| | ) | |
| v. | ) | Division 8 |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**OBJECTOR DEFENDANTS' MEMORANDUM CONCERNING DELAY
OF THE FINAL APPROVAL HEARING**

Pursuant to the Court's June 23, 2026 Memorandum, Objector Defendants[1] file this memorandum explaining "their position on delaying the final approval hearing." June 23, 2026 Memorandum at 1.

1. This Court was divested of jurisdiction over this case on May 22, 2026, when Objector Defendants removed the case to the Federal District Court for the Eastern District of Missouri. *Turner v. Healthcare Servs. Group, Inc.*, 156 S.W.3d 431, 433 (Mo. App. 2005) ("[T]he state court loses jurisdiction while the federal court determines the propriety of removal and until the federal court remands the case."). When Objector Defendants "file[d] a copy of the notice [of removal] with the clerk of [this] court," the removal was "effect[ed]" and this Court was directed to "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

2. The federal district court's Order of Remand did not of its own force return jurisdiction to this Court. *See, e.g., State ex rel. Nixon v. Moore,* 108 S.W.3d 813, 817 (Mo. App. 2003) ("§ 1446(d) says that the state court shall not proceed 'until the *case* is remanded.' It does

---

[1] Objector Defendants are Craig Boylan, David Childress, Xavier Estrada, Lori Ann Fain, Donna Mason, Frederick O'Neill, Edward Rankin, William Robbins, William Szabo, and Patricia Veal.

1

Appellate Case: 26-2217     Page: 7     Date Filed: 06/29/2026 Entry ID: 5656071

not say 'unless and until *an order of remand* is entered.'" (emphases in original)); *Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217, 225 (3d Cir. 1995) (noting a remand order "is not self-executing"). Instead, this Court is allowed to "proceed with [the] case" only after "[a] certified copy of the order of remand [is] mailed by the clerk [of the Eastern District of Missouri] to the clerk of [this] court." 28 U.S.C. § 1447(c). Missouri courts recognize that § 1447(c) creates a bright-line rule: "before jurisdiction re-attaches in the state court, the federal court must mail a certified copy of the remand order to the state court." *State v. Cox*, 563 S.W.3d 801, 809 (Mo. App. 2018). Any action taken in this Court after removal but before a copy of the remand order is mailed is nothing more than "a legal nullity," because "[t]he Missouri court ha[s] no power to proceed at all." *Nixon*, 108 S.W.3d at 819-20.

  3.  There is nothing in the federal or state court record suggesting that the clerk of the Eastern District of Missouri mailed a certified copy of the order of remand to this Court. In fact, the lack of a federal docket entry indicating the remand order was sent through certified mail strongly suggests that "jurisdictional event," *Trans Penn,* 50 F.3d at 225, never occurred.[2] So state-court jurisdiction has not "re-attache[d]," *Cox*, 563 S.W.3d at 809, and the Court "ha[s] no power

---

[2] When courts in the Eastern District of Missouri remand a case to state court, the clerk ordinarily creates a docket entry indicating a mailed copy of the order was sent to the state court. *See, e.g., Degenhardt v. City of St. Louis, et al.*, Case No. 26-cv-00155 (E.D. Mo. Apr. 30, 2026) (docket entry showing "Certified copies of Orders 20 & 21 and a copy of the docket sheet were mailed to the Circuit Court of the Twenty-Second Judicial Circuit, St. Louis, Missouri"); *Est. of Lamberson v. Lamberson*, Case No. 2:25-cv-00076-HEA (E.D. Mo. Dec. 30, 2025) (docket entry showing "Certified Copy of docket sheet and entries 14 and 15 mailed to Judicial Circuit Court of Pike County, Missouri Probate Division 115 W Main St. Bowling Green MO 63334 as of this date."); *McKuin Property v. Dye*, Case No. 1:26-cv-00099-SNLJ (E.D. Mo. May 13, 2026) (docket entry showing "Certified copy of Memorandum and Order of Remand and Docket Sheet Mailed to Ripley County Circuit Clerk, 36th Judicial Circuit, 100 Courthouse Square, Suite #4, Doniphan, MO 63935."). No such docket entry was made in this case.

2

to proceed at all," *Nixon*, 108 S.W.3d at 820.  Any court-action taken here would be "void and [would] be vacated." *Id.*

4.    There is a good reason the federal-court clerk would not have mailed a certified copy of the remand order. Objector Defendants appealed the order of remand a mere 94 minutes after the order was entered. *See King, et al. v. Monsanto Co.*, No. 4:26-cv-00813-HEA, Dkt. No. 94 (E.D. Mo. June 17, 2026) (Order of Remand); *Id.* Dkt. No. 95 (Notice of Appeal).  That notice of appeal was "an event of jurisdictional significance" because it "confer[red] jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). That means the district-court clerk lacked authority to mail a certified copy back to this court. And even if such a copy was inadvertently sent, it would have no effect if it was dropped in the mail after the notice of appeal took the entire case to the federal Court of Appeals. *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025).

5.    Whether no certified copy has been mailed or one was mailed inadvertently after appellate jurisdiction was created, state-court jurisdiction still has not "re-attache[d]," *Cox*, 563 S.W.3d at 809, and the Court still "ha[s] no power to proceed at all," *Nixon*, 108 S.W.3d at 820. *See Flath v. Barnes Jewish Hosp.*, No. 4:12-cv-00721-ERW, 2012 WL 4809179, at *2 (E.D. Mo. Oct. 10, 2012) ("[I]f a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity."); *Hightower v. Myers*, 304 S.W. 3d 727, 733 (Mo. banc 2010) ("When a court lacks subject matter jurisdiction, any action it takes is null and void."). Monsanto and the Named Plaintiffs know this Court lacks jurisdiction while the Eighth Circuit appeals are pending. That is why they have filed motions to dismiss the Objector Defendants' appeals on an expedited basis.

3

6. If the Eighth Circuit determines that the Order of Remand was proper, it is then "and only then [that] the district court may mail its remand order" and this Court may regain jurisdiction over the case. *City of Martinsville*, 128 F.4th at 272. But unless and until that occurs, this Court "ha[s] no power to proceed at all." *Nixon*, 108 S.W.3d at 820.

7. If this case ever does return from federal court to this Court, Objector Defendants propose that all objectors be allowed to file briefs in support of their objections within 14 days of jurisdiction "re-attach[ing]." *Cox*, 563 S.W.3d at 809; *see* June 23, 2026 Memorandum at 1 (noting a delay "may be in the best interest of the case" to "allow for full briefing of the previously filed objections"). Monsanto and Named Plaintiffs should then have 14 days to respond, and objectors should have another 7 days to file replies, followed by a hearing to be scheduled at the Court's convenience.

8. Objector Defendants also propose that, because the case has been proceeding in federal court, the deadline to opt out of the proposed class should be extended to 21 days after objectors file briefs on their objections. This will ensure that the tens of thousands of unrepresented putative class members considering whether to opt out have a fair window of time to review fully-briefed reasons why they may wish to do so from parties who actually oppose the settlement, rather than a company and Named Plaintiffs who wholeheartedly endorse it. If this Court regains jurisdiction over the case, it should order that opt-outs may be filed by the deadline the Court sets for any replies in support of objections.

4

Date:  June 26, 2026

Respectfully submitted,

 /s/  R. Prescott Sifton, Jr.
R. Prescott Sifton, Jr. #50550
T. Roe Frazer II (*pro hac vice* forthcoming)
**Frazer PLC**
30 Burton Hills Blvd., Ste. 450
Nashville, TN  37215
Office:  (615) 647-0989
Facsimile:  (615) 307-4902
scott@frazer.law
roe@frazer.law

Ashley Keller (*pro hac vice*)
KELLER POSTMAN LLC
150 N. Riverside Plaza
Suite 4100
Chicago, Illinois 60606
Ph: 312-741-5220
ack@kellerpostman.com

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was filed and served using the Court's electronic filing system this 26th day of June, 2026.

/s/ R. Prescott Sifton, Jr.

Attorney

6