# Keller | Postman

June 30, 2026

**VIA ECF**

Ms. Susan E. Bindler
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
111 South 10th Street
St. Louis, MO 63102

> Re: *King, et al. v. Boylan, et al.*, No. 26-2217
> Response to Notice of Supplemental Authority Under Fed. R. App. P. 28(j)

Dear Ms. Bindler:

Monsanto unsubtly tries to manufacture a state-court "development" worthy of a Rule 28(j) letter. But there is no "pertinent and significant authorit[y]" identified in Monsanto's letter at all. Fed. R. App. P. 28(j).

Instead, what has happened in state court is what always happens when a case is removed. State proceedings stop. 28 U.S.C. § 1446(d). The district court then takes jurisdiction. Then, when a party files a notice of appeal, proceedings in the district court stop. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Circuit courts like this one then take jurisdiction. *Id.*

That is standard. There is nothing untoward about the state court acknowledging the impact of the "federal proceedings." Monsanto's Notice of Supplemental Authority ("28j Letter") at 1. In our federal system, a case can be in only one court at once. Right now, this case is in this one.

Nevertheless, Monsanto cries mischief. In Monsanto's view, by telling the state court that any proceedings would constitute a "nullity" so long as this Court has jurisdiction, Objector-Defendants somehow "confirm[ed]" that "their sole purpose in noticing this appeal" was to "delay the state-court proceedings." 28j Letter at 2. No. The "sole purpose" of noticing the appeal was so that this Court can review the District Court's remand order and the denial of the intervention motion. That appeal is Objector-Defendants' *right*, not "gamesmanship." *Id.* at 2.

Monsanto also complains that Objector Defendants "have all but admitted that their notice of appeal is invalid," because Objector Defendants *also* filed "a motion for permission to appeal pursuant to 28 U.S.C. § 1453(c)." 28j Letter at 1. No again. These are arguments in the alternative. Petition for Permission to Appeal, Case No. 26-2217, at 7 (8th Cir. June 29, 2026) (maintaining the Court has jurisdiction under § 1291 but "alternatively" asking the Court to grant permission to appeal). As Objector Defendants will more fully explain in their forthcoming motion-to-dismiss opposition, this Court undoubtedly has jurisdiction over this appeal as a final

Appellate Case: 26-2217    Page: 1    Date Filed: 06/30/2026 Entry ID: 5656573

# Keller | Postman

judgment.  This Court should also grant discretionary review.  *Id.*  Either way, this Court must decide this appeal.

Sincerely,

*/s/ Ashley Keller*
Ashley C. Keller
KELLER POSTMAN LLC
*Counsel for Appellants Objector-Defendants*

2