**No. 26-2217**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

SARAH JANE HUNT,
*Interested Party*

RANDAL KING; SCOTT BUTTERFIELD; ROBERT KOEHLER; MICHAEL MERX;
BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,
*Plaintiffs-Appellees*,

*v.*

MONSANTO COMPANY,
*Defendant-Appellee*,

*v.*

CRAIG BOYLAN; DAVID CHILDRESS; XAVIER ESTRADA, LORI ANN FAIN;
DONNA MASON; FREDERICK O'NEILL; EDWARD PETER RANKIN; WILLIAM ROBBINS;
WILLIAM SZABO; PATRICIA VEAL,
*Objectors-Appellants*.

---

On Appeal from the United States District Court for the
Eastern District of Missouri, Eastern Division
Case No. 4:26-CV-813 (Hon. Henry Edward Autrey)

---

## OPPOSITION TO MONSANTO'S MOTION TO DISMISS,
## OR IN THE ALTERNATIVE FOR SUMMARY AFFIRMANCE

---

T. Roe Frazer, II
R. Prescott Sifton, Jr.
FRAZER PLC
30 Burton Hills Blvd., Ste. 450
Nashville, TN 37215
Ph: (615)647-6464
scott@frazer.law

Ashley C. Keller
John J. Snidow
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Tel.: 312-741-5220
ack@kellerpostman.com

*Counsel for Appellants Objector
Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

INTRODUCTION ..........................................................................................1

STANDARD OF REVIEW ...............................................................................5

ARGUMENT..................................................................................................6

    I.     The Court Has Jurisdiction................................................................6

         A.    The Remand Order Was Not Based On A Lack Of
               Jurisdiction Or A Removal "Defect" ............................................6

         B.    The District Court's Denial Of Objector Defendants' Motion
               To Intervene Supplies Another Avenue For § 1291 Review ....15

    II.    There Is No Basis To Summarily Dispose Of This Appeal................22

CONCLUSION .............................................................................................25

CERTIFICATE OF COMPLIANCE ...................................................................26

i

Appellate Case: 26-2217    Page: 2    Date Filed: 07/01/2026 Entry ID: 5657139

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga,*
138 F.4th 252 (5th Cir. 2025)..................................................................................13

*Am. Motorists Ins. v. Trane Co.,*
657 F.2d 146 (7th Cir. 1981).................................................................................23

*Arnold Crossroads, LLC v. Gander Mountain Co.,*
751 F.3d 935 (8th Cir. 2014)............................................................................5, 14

*Carlson v. Arrowhead Concrete Works, Inc.,*
445 F.3d 1046 (8th Cir. 2006)...........................................................2, 7, 9, 18, 20

*Casola v. Dexcom, Inc.,*
98 F.4th 947 (9th Cir. 2024)...........................................................................13, 14

*Championship Prop. LLC v. Coan,*
No. 20-13728, 2022 WL 4455208 (11th Cir. 2022) .........................................13

*City of Indianapolis v. Chase Nat'l Bank of City of New York,*
314 U.S. 63 (1941)..........................................................................................15, 23

*City of Martinsville v. Express Scripts, Inc.,*
128 F.4th 265 (4th Cir. 2025)................................................................................21

*In re Cotter Corp.,*
22 F.4th 788 (8th Cir. 2022)..................................................................................22

*Dart Cherokee Basin Operating Co. v. Owens,*
574 U.S. 81 (2014)..................................................................................................16

*Devlin v. Scardelletti,*
536 U.S. 1 (2002)....................................................................................................23

*G.T. v. Liberty Mut. Fire Ins.,*
No. 25-2377, Entry ID 5547071 (8th Cir. Aug. 12, 2025) ..............................6

ii

Appellate Case: 26-2217    Page: 3    Date Filed: 07/01/2026 Entry ID: 5657139

*Glorvigen v. Cirrus Design Corp.,*
   581 F.3d 737 (8th Cir. 2009)...................................................................19

*Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.,*
   636 F.3d 971 (8th Cir. 2011)...................................................................12

*Griggs v. Provident Consumer Disc. Co.,*
   459 U.S. 56 (1982)...................................................................................21

*Heaton v. Monogram Credit Card Bank of Ga.,*
   297 F.3d 416 (5th Cir. 2002)...................................................................19

*Heniford v. Am. Motors Sales Corp.,*
   471 F. Supp. 328 (D.S.C. 1979) ..............................................................23

*Holbein v. TAW Enters., Inc.,*
   983 F.3d 1049 (8th Cir. 2020)...............................................2, 8, 9, 10, 20, 22

*Home Depot U.S.A., Inc. v. Jackson,*
   587 U.S. 435 (2018)........................................................................11, 15, 24

*Jacks v. Meridian Res. Co., LLC,*
   701 F.3d 1224 (8th Cir. 2012)...................................................................7

*King v. Space Carriers, Inc.,*
   591 F.2d 63 (8th Cir. 1979).............................................................4, 5, 22, 25

*Lott v. Scottsdale Ins.,*
   811 F. Supp. 2d 1220 (E.D. Va. 2011) .....................................................23

*Margolin v. Nat'l Ass'n of Immigration Judges,*
   608 U.S. ___, 146 S. Ct. 1285 (2026) .......................................................9

*Mullaney v. Anderson,*
   342 U.S. 415 (1952)..................................................................................17

*Newman-Green, Inc. v. Alfonzo Larrain,*
   490 U.S. 826 (1989)..................................................................................17

Appellate Case: 26-2217    Page: 4    Date Filed: 07/01/2026 Entry ID: 5657139

*State ex rel. Nixon v. Coeur D'Alene Tribe*,
    164 F.3d 1102 (8th Cir. 1999)............................................................21

*Powerex Corp. v. Reliant Energy Servs., Inc.*,
    551 U.S. 224 (2007)........................................................................5, 8

*Shives v. CSX Transp., Inc.*,
    151 F.3d 164 (4th Cir. 1998)..............................................................19

*Smith v. SEECO, Inc.*,
    865 F.3d 1021 (8th Cir. 2017)...........................................................4, 18

*Standard Fire Ins. v. Knowles*,
    568 U.S. 588 (2013)...........................................................................7

*Stone v. J & M Sec., LLC*,
    55 F.4th 1150 (8th Cir. 2022)...........................................................6, 14

*Stringfellow v. Concerned Neighbors in Action*,
    480 U.S. 370 (1987)..........................................................................17

*Telekenex, Inc. v. Axis Reinsurance Co.*,
    No. C12-1617, 2012 WL 13028156 (W.D. Wash. Nov. 27, 2012) ................15

*Thermtron Prods., Inc. v. Hermansdorfer*,
    423 U.S. 336 (1976).......................................................................6, 10

*Things Remembered, Inc. v. Petrarca*,
    516 U.S. 124 (1995).......................................................................7, 10

*Toronto-Dominion Bank v. Cent. Nat'l Bank & Tr. Co.*,
    753 F.2d 66 (8th Cir. 1985)..............................................................3, 18

*United States v. Craig*,
    94 F.4th 752 (8th Cir. 2024)............................................................4, 18

*Vasseur v. Sowell*,
    930 F.3d 994 (8th Cir. 2019)...........................................................1, 5, 8

*Vill. of Oakwood v. State Bank & Tr. Co.*,
    481 F.3d 364 (6th Cir. 2007)..............................................................20

iv

Appellate Case: 26-2217    Page: 5    Date Filed: 07/01/2026 Entry ID: 5657139

*Vincent v. Dakota, Minn. & E. R.R. Corp.,*
 200 F.3d 580 (2000) ......................................................................8

*Wilson v. Hearos, LLC,*
 128 F.4th 1254 (11th Cir. 2025)...........................................13

*Wis. Dep't of Corr. v. Schacht,*
 524 U.S. 381 (1998).......................................................................24

**Statutes**

28 U.S.C.
 § 1332(d) ....................................................................................1, 7
 § 1441(a) .........................................................................................13
 § 1446..............................................................................................11
 § 1446(a) .........................................................................................11
 § 1446(b)(1) ...................................................................................11
 § 1446(b)(2) ...................................................................................11
 § 1446(c) .........................................................................................11
 § 1446(d) .........................................................................................11
 § 1447(a) ...................................................................................16, 17
 § 1447(c) ....................................................................2, 3, 10, 14
 § 1447(d) .............................................................10, 14, 20, 21
 § 1447(e) .........................................................................................17
 § 1453(b)..........................................................................................11

**Other Authorities**

8th Cir. R. 47A(b)............................................................................5, 22

Fed. R. Civ. P. 21...............................................................................16

Appellate Case: 26-2217    Page: 6    Date Filed: 07/01/2026 Entry ID: 5657139

# INTRODUCTION

This case belongs in federal court. At a minimum, it presents important questions of first impression that this Court should review. Monsanto's motion to dismiss requests speed over accuracy, asking this Court to abjectly accept the district court's declaration that it remanded because it "lack[ed] jurisdiction." Mot. 2. But the district court's say so does not determine *this* Court's answer to the jurisdictional question, particularly not at this preliminary stage. *Vasseur v. Sowell*, 930 F.3d 994, 996 (8th Cir. 2019) (this Court must "determine by independent review the actual grounds for the district court's remand order" (citation omitted)).

It is blackletter law that § 1447(d) bars review only of remand orders that truly (or at least colorably) rest on § 1447(c). It does not bar review of orders that merely borrow jurisdictional vocabulary. CAFA *unquestionably* supplied jurisdiction here. *See* 28 U.S.C. § 1332(d). There are many difficult issues in this case, but this first one is easy: the district court's remand order was not based on a lack of jurisdiction.

Instead, the district court held that Objector Defendants lacked statutory authority *to remove* because they were not "defendants" under

1

§ 1441(a).  Dkt. No. 93, Order, at 3.[1]  But § 1441(a) is not a jurisdictional statute.  *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1054 (8th Cir. 2020) (en banc).  It grants certain litigants access to a federal forum that *already possesses* jurisdiction.  Conflating those distinct questions cannot transform a statutory interpretation of who may remove into an unreviewable jurisdictional remand.

Sections 1441(a) and 1453(b) similarly do not create unreviewable "defects" under § 1447(c).  Monsanto does not actually argue that they do, so the Court need not address the question.  *See Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1051 (8th Cir. 2006) ("[T]he scope of [this Court's] review is limited to verifying that the actual basis for remand was lack of subject matter jurisdiction.").  Regardless, § 1441(a)'s limitation on who may remove—just like other provisions of § 1441(a)—is not a "defect" under § 1447(c), and is therefore not subject to § 1447(d).

Put another way, it is of course true that a district court must remand a case removed by a non-defendant.  But that is not because the district court lacks jurisdiction.  Nor is that because if a non-defendant removes, his status

---

[1] All "Dkt. No." citations refer to the docket below, Case No. 4:26-CV-813-HEA (E.D. Mo.).

2

as a non-defendant is a "defect" in removal procedure. It is instead because Congress has directed courts to *refuse* to entertain such a case. A removal by someone other than a "defendant" may be unauthorized, but it is not "defective." 28 U.S.C. § 1447(c). It follows that determining *whether* the removing party really was a "defendant" is reviewable on appeal under § 1291. Section 1447(d) does not prevent review.

Even if it prevented review of who counts as a "defendant," this Court still has jurisdiction over the appeal. Whether Objector Defendants were "defendants" necessarily depended on an antecedent question: whether Objector Defendants were entitled to intervene as of right. Rule 24(a) does not confer *any* discretion to exclude a litigant who satisfies its requirements. Because intervention was required, Objector Defendants should have become parties *before* the court determined who "the defendants" were for removal purposes. Indeed, the stated basis for remand—that Objector Defendants "are not defendants in the action"—could only follow from an implicit denial of intervention. *Toronto-Dominion Bank v. Cent. Nat'l Bank & Tr. Co.*, 753 F.2d 66, 68 (8th Cir. 1985) ("[F]ailure to rule on a motion to intervene can be interpreted as an implicit denial, thus giving [the moving party] standing to appeal."). If intervention had been granted, Objector

3

Defendants unquestionably *would have been* defendants, which would have undermined the *sole basis* for the remand order. And when a court does not expressly deny a motion but "issue[s] a final judgment inconsistent with a grant" of that motion, this Court "consider[s] [that] an implicit denial of the motion and proceed[s] to the merits . . . on appeal." *United States v. Craig*, 94 F.4th 752, 755 n.4 (8th Cir.), *cert. denied* 145 S. Ct. 238 (2024). Hence that intervention-denial independently supports appellate jurisdiction under § 1291. *Smith v. SEECO, Inc.*, 865 F.3d 1021, 1023 (8th Cir. 2017) (per curiam) ("[W]e have repeatedly stated the well-settled rule that the denial of a motion to intervene of right is immediately appealable as a final judgment." (cleaned up)). It cannot be unreviewable merely because it was folded into the order of remand.

Monsanto ends with an absurd request for summary affirmance. That request is not allowed. *King v. Space Carriers, Inc.*, 591 F.2d 63, 64 (8th Cir. 1979) (appellees may not file "'requests' or 'suggestions' that this court exercise its power under Rule [47A(a)] to dismiss an appeal" on non-jurisdictional grounds). But even if it were, Monsanto gets the case and the law exactly backward. The questions presented are substantial, were entirely unanswered by the district court, and require careful attention to the

4

interplay between CAFA, §§ 1441 and 1447, Rule 24, and principles governing party alignment, removal authority, and appellate review. This appeal calls for full briefing and argument—not summary disposition.

## STANDARD OF REVIEW

This Court will grant a motion to dismiss only if it lacks jurisdiction. *See* 8th Cir. R. 47A(b) (appellees may move to dismiss *only* "on the ground the appeal is not within the court's jurisdiction"); *King*, 591 F.2d at 64. "To verify whether [this Court has] appellate jurisdiction under § 1447(d), [it is] required to determine by independent review the actual grounds for the district court's remand order." *Vasseur*, 930 F.3d at 996 (cleaned up). "[T]he district court's own characterization of its remand as based on a lack of subject-matter jurisdiction 'is not dispositive.'" *Id.* (quoting *Arnold Crossroads, LLC v. Gander Mountain Co.*, 751 F.3d 935, 939 (8th Cir. 2014)). "After all, a district court's remand order may 'dress[] in jurisdictional clothing a patently nonjurisdictional ground.'" *Id.* (alteration in original) (quoting *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007)). Only "colorable" "characterization[s] of its remand as resting upon lack of subject matter jurisdiction" will be accepted. *Id.* (quoting *Powerex*, 551 U.S. at 234). When a motion to dismiss turns on a complex interpretation of 28

5

U.S.C. § 1447(d), this Court should carry the motion with the case. *See, e.g.,* *G.T. v. Liberty Mut. Fire Ins.*, No. 25-2377, Entry ID 5547071 (8th Cir. Aug. 12, 2025) (§ 1447(d)-based dismissal bid "taken with the case for consideration by the panel").

## ARGUMENT

### I. The Court Has Jurisdiction

#### A. The Remand Order Was Not Based On A Lack Of Jurisdiction Or A Removal "Defect"

Monsanto's argument rests on the mistaken premise that 28 U.S.C. § 1447(d) renders unreviewable *all* orders remanding class actions—except through § 1453(c)'s discretionary review. Mot. 2-3, 12-14.[2] But "only remand orders issued under § 1447(c) and *invoking the grounds specified therein* that removal was improvident and without jurisdiction are immune from review under § 1447(d)." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976) (emphasis added), *abrogated in part on other grounds by Quakenbush v. Allstate Ins.*, 517 U.S. 706 (1996); *Stone v. J & M Sec., LLC*, 55 F.4th 1150, 1152 (8th Cir. 2022). And "the grounds for remand recognized by § 1447(c)"

---

[2] Objector Defendants *have* moved for leave to appeal under § 1453(c) in the alternative to their appeal as of right under § 1291, which they maintain supplies this Court with jurisdiction.

Appellate Case: 26-2217   Page: 12   Date Filed: 07/01/2026 Entry ID: 5657139

include only a "lack of subject-matter jurisdiction" and "timely raised defect[s] in removal procedure." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *Carlson*, 445 F.3d at 1050-51. But if "a remand order . . . is based on some other, non-section 1447(c) ground," then that order *is* "a final decision appealable under 28 U.S.C. § 1291." *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1229 (8th Cir. 2012), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021).

Monsanto argues that the "lack of subject-matter jurisdiction" ground does the work here. Mot. 13-14. The district court, too, claimed its remand was exclusively jurisdictional. *E.g.*, Mot. 13 (arguing the district court "remanded this case due to lack of jurisdiction"). But there is simply *no question* that there has *always been* federal jurisdiction over this case. Under CAFA, district courts have "'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. v. Knowles*, 568 U.S. 588, 592 (2013) (quoting 28 U.S.C. § 1332(d)). Nobody disputes that this case meets those requirements. Thus, even if the removal was "wholly unauthorized" (it was not), that still would "not pose

7

a jurisdictional problem [because] the action could have been filed initially in federal court." *Holbein*, 983 F.3d at 1058 (cleaned up).

Monsanto does not *actually* argue that there was no jurisdiction. Instead, it relies entirely on the district court's *erroneous belief* that it "lack[ed] jurisdiction." Mot. 12-13. But this Court's inquiry does not begin and end with the District Court's muddled *ipse dixit*. Indeed, the district court's characterization "is not dispositive." *Vasseur*, 930 F.3d at 996 (citation omitted). The Court's "independent review [determines] the actual grounds for the district court's remand order." *Vincent v. Dakota, Minn. & E. R.R. Corp.*, 200 F.3d 580, 581 (2000). The district court's "'characterization of its remand as resting upon lack of subject-matter jurisdiction' [must have been] at least 'colorable.'" *Vasseur*, 930 F.3d at 996 (quoting *Powerex*, 551 U.S. at 234).

No "colorable" reading of the district court's order suggests it "rest[ed] upon lack of subject-matter jurisdiction." *Id.* The court held the case "must be remanded" for only one reason: because Objector Defendants "are not defendants" under § 1441(a). Dkt. No. 93 at 2-3. But "§ 1441(a) on its face is not a jurisdiction-granting provision." *Holbein*, 983 F.3d at 1054. Rather than "itself creat[ing] jurisdiction," § 1441(a) "gives certain state-court defendants

8

access to a federal forum that *already possesses* subject-matter jurisdiction over the type of action being removed." *Id.* (emphasis added). The district court "conflate[d] categories to treat [its] separately granted subject-matter jurisdiction as dependent on a defendant's right to remove." *Id.* at 1055. This Court's precedents leave no doubt: the district court's order was not based on a "lack of jurisdiction," and the erroneous statement to the contrary is not even colorable.

That should be the end of the matter. Monsanto's argument that the Court lacks jurisdiction is premised solely on the remand resulting from a "lack of jurisdiction." Mot. 12-13. And "the scope of [this Court's] review is limited to verifying that the *actual* basis for remand was lack of subject matter jurisdiction." *Carlson*, 445 F.3d at 1051 (emphasis added). It clearly was not, so Monsanto's motion must be denied, and the Court must review the propriety of the district court's remand order.

Unlike a lack of subject-matter jurisdiction, any other "defect" in removal referred to by § 1447(c) can be waived. *Holbein*, 983 F.3d at 1053. Monsanto does not even argue in its motion that there is such a non-jurisdictional defect. *Margolin v. Nat'l Ass'n of Immigration Judges*, 608 U.S. ___, 146 S. Ct. 1285, 1288 (2026) (per curiam) ("Federal courts adhere to the

9

principle of party presentation."). No doubt that is because the district court did not *rely* on a non-jurisdictional defect. And it is too late to do so to avoid this Court's review. Because § 1447(d) is read "in *pari materia*" with § 1446(c), *Thermtron Prods.*, 423 U.S. at 345-46, the category of remand orders that are not reviewable "on appeal or otherwise," § 1447(d), are only those "on the basis of" jurisdiction or a removal defect, § 1447(c). The district court's order does not even purport to be "on the basis" of a removal defect. Orders that do not "invok[e] the grounds specified" in § 1447(c) are not "immune from review under § 1447(d)." *Thermtron Prods.*, 423 U.S. at 345-46. But even if Monsanto *had* raised such an argument, that would be no basis to dismiss the appeal.

Sections 1441(a) and 1453(b) are not themselves "removal procedures" that can be defective. *Things Remembered*, 516 U.S. at 127-28. Instead, those provisions "give[] certain state-court defendants *access* to a federal forum that *already* possesses subject-matter jurisdiction over the type of action being removed." *Holbein*, 983 F.3d at 1054. They address who has the "statutory right . . . or privilege" to remove. *Id.* On the other hand, the "removal procedures" (which *can* be plagued by unreviewable "defects") either narrow the categories of removable cases or address *how* removal is

10

accomplished.  For example, § 1446 sets out a host of other "procedure[s] for removal," including requirements concerning proper venue, § 1446(a), filing deadlines, § 1446(b)(1), (c), unanimity of consent to removal, § 1446(b)(2), and notice requirements, § 1446(d).

The Supreme Court in *Home Depot* recognized that §§ 1453(b) and 1441(a) are not themselves removal procedures, but "*rely on* the procedures for removal in § 1446."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 446 (2018) (emphasis added).  Section 1441(a) "permits 'the defendant or the defendants' . . . to remove," but to exercise that right "[t]o remove under this provision, a party must meet the *requirements* for removal *detailed in other provisions*."  *Id.* at 438 (emphasis added).  Failing to meet those requirements can constitute a defect.  Being arguably the wrong party to meet them is not. The text of § 1453(b) reinforces the point: "[a] class action may be removed to a district court of the United States *in accordance with section 1446*." (emphasis added).

A finding that the removing party was not "a defendant" under §§ 1441(a) or 1453(b) is not a "defect" within the meaning of § 1447(c).  When the district court remanded under § 1441(a), it did not address any *procedural* failure by Objector Defendants.  Nor did it address whether the case was

11

unremovable from the outset for want of jurisdiction.  Instead, the district court addressed whether the removal was improper *even though* there was federal jurisdiction and full compliance with the removal procedures.  This is no different than CAFA's "local controversy provision," which is not subject to § 1447(d) because it neither "divest[s] the district court of subject matter jurisdiction" nor is "a 'defect' within the meaning of section 1447(c)." *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973-75 (8th Cir. 2011).  Rather, it is a form of *abstention*, where the district court has jurisdiction and the § 1446 procedures for removal were followed, but district courts nevertheless cannot adjudicate the case upon removal.  *Id.* at 973 ("the local controversy provision operates as an abstention doctrine").

The requirement that only "the defendants" may remove operates the same way.  If a non-defendant follows the procedures to remove a case over which there is federal jurisdiction, Congress directs courts to nonetheless decline to adjudicate the case.  And they must do so even though they unquestionably *could* if "the defendant" followed identical steps to effect removal.  So the district court did not find that the removal was "defective." It found instead that it was required to abstain from hearing a case removed

12

by non-defendants.  Whether those parties actually were non-defendants is reviewable on appeal.[3]

Other examples drive the point home.  Removals that violate other parts of § 1441(a) are unauthorized but *not* "defective" under § 1447(c).  Consider, for example, § 1441(a)'s requirement that only a case "brought in a State court . . . may be removed."  If a defendant removes the case before it is filed in state court, that plainly violates § 1441(a).  But it is still not "defective" under § 1447(c).  Rather, it is a "legal nullit[y] that do[es] not start the 30-day remand clock under § 1447(c)."  *Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024).  To be sure, such a removal suffers from "a foundational defect . . . that render[s] [it] not just defective but legally null and void."  *Id.* at 963.  But that neither undermines a district court's jurisdiction nor renders the removal "defective" to trigger § 1447(c).  *Id.* Instead, it simply means the removal was *unauthorized*.  That unauthorized

---

[3] Some of the other Courts of Appeal have, admittedly, determined that removal by a non-defendant is subject to § 1447(c). *See Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260-61 (11th Cir. 2025) (waivable defect); *Championship Prop. LLC v. Coan*, No. 20-13728, 2022 WL 4455208, at *3-4 (11th Cir. 2022) (same); *see Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252, 262 (5th Cir. 2025) (1447(c) "covers all statutory defects").  Their analysis is not compelling or controlling.

Appellate Case: 26-2217    Page: 19    Date Filed: 07/01/2026 Entry ID: 5657139

removal can be "cured . . . after the respective complaints had been officially filed." *Id.* But a remand order based on that kind of "defect" does not trigger § 1447(d)'s bar on appellate review. *Id.* at 954; *cf. Stone*, 55 F.4th at 1152 (§ 1447(d) "applies only to remands based on grounds specified in § 1447(c)").

Consider also § 1441(a)'s requirement that only "civil actions" (and not *part of* a civil action) may be removed. A remand premised on "a defendant's [in]ability to remove 'less than the entire case'" "does not involve 'a procedural defect or lack of subject matter jurisdiction,' [so] it is a reviewable final decision under 28 U.S.C. § 1291." *Arnold Crossroads*, 751 F.3d at 942 (Smith, J., dissenting).[4] That removal is similarly *unauthorized*, but it is not a "defect" under § 1447(c). So if remand orders based on noncompliance with *those* requirements of § 1441(a) are not subject to § 1447(d), it follows that the district court's order here—grounded on lack of "basis upon which to remove" under § 1441(a)—does not either.

---

[4] The majority in *Arnold Crossroads* did not hold otherwise. It declined to weigh in on the issue. *See id.* at 940.

Appellate Case: 26-2217     Page: 20     Date Filed: 07/01/2026 Entry ID: 5657139

## B. The District Court's Denial Of Objector Defendants' Motion To Intervene Supplies Another Avenue For § 1291 Review

The remand order is itself appealable under § 1291. But an independent ground supports this Court's jurisdiction. By finding that Objector Defendants "are not defendants in the action," the district court necessarily denied Objector Defendants' alternative Rule 24(a) motion. That mandatory intervention preceded remand in logic and fact, so the district court could only remand by first denying intervention.

This removal was based on the lack of adversity between Monsanto and Named Plaintiffs, which meant the district court was duty-bound to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941). Realignment *had* to occur "before determining whether the requirements of the removal statute . . . [are] satisfied." *Telekenex, Inc. v. Axis Reinsurance Co.*, No. C12-1617, 2012 WL 13028156, at *3 (W.D. Wash. Nov. 27, 2012). And because Monsanto and Named Plaintiffs never contested their perfect alignment against Objector Defendants, the district court should have aligned Objector Defendants as "defendants" with removal rights. *Cf. Home Depot*, 587 U.S. at 442 (defendants, but not third-

Appellate Case: 26-2217     Page: 21     Date Filed: 07/01/2026 Entry ID: 5657139

party defendants, may remove); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (courts must accept allegations in a notice of removal).

But Objector Defendants added that if the Court was hesitant to carry out its realignment *duty*, Rule 24(a) meant the Court "must allow intervention." *See* Dkt. No. 84, Mot. to Intervene, at 3. Even if Objector Defendants were not initially "defendants in the action" (as will be explained in the merits briefing, they were), they had a *right* to remove that nonjurisdictional impediment through intervention. Intervention would have formed the very "basis upon which to remove" the district court found lacking. Dkt. No. 93 at 3. And the district court unquestionably had the power to "issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise." 28 U.S.C. § 1447(a); Fed. R. Civ. P. 21 (courts may "add or drop a party"). The district court had an obligation to grant the motion to intervene if Objector Defendants were not already parties.

If the district court did not deny Objector Defendants' motion to intervene, the order of remand could not have issued in the first instance. Rule 24(a) makes intervention *mandatory*; the court has no discretion to exclude someone who meets those requirements. That is because

16

intervention determines who becomes a participant with the ability to protect their rights. *See, e.g.*, *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 376-78 (1987).

The district court's reasoning—that "Objectors are not defendants in the action," Dkt. No. 93 at 3—shows the party status question must come first. Courts may "drop" a party to maintain jurisdiction where that party would otherwise destroy diversity, *Newman-Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826, 828 (1989), *add* parties to cure a jurisdictional defect and maintain the federal action, *see Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952), and "permit joinder and remand the action" following post-removal joinder of a nondiverse defendant, 28 U.S.C. § 1447(e).

Since courts may add or drop parties to keep or destroy *jurisdiction*, surely they can add defendants (who they *must* add) to maintain adjudicatory authority over a case *unquestionably* within their jurisdiction. Especially so considering courts may "issue all necessary orders and process to bring before [them] all proper parties" *before* deciding remand. 28 U.S.C. § 1447(a). Because Objector Defendants were entitled to intervene, the district court had to determine intervention before deciding remand. Any remand decision necessarily depends on who the parties are. If the district

17

court had decided remand *first*, it would have assumed away the issue Rule 24 *required* it to resolve.

That the district court did not *expressly* deny intervention is of no moment. "[F]ailure to rule on a motion to intervene can be interpreted as an implicit denial, thus giving [the moving party] standing to appeal." *Toronto-Dominion Bank*, 753 F.2d at 68. When a court does not expressly deny a motion but "issue[s] a final judgment inconsistent with a grant" of that motion, this Court "consider[s] [that] an implicit denial of the motion and proceed[s] to the merits . . . on appeal." *Craig*, 94 F.4th at 755 n.4.

Such an implicit denial conclusively establishes appellate jurisdiction. It is "well-settled" that "denial of a motion to intervene of right is immediately appealable." *Smith*, 865 F.3d at 1023 (collecting cases). Especially here, where these "member[s] of a class should have the right to intervene [because they] show[ed] the inadequacy of the representation of [their] interest by the representative parties before the court." *Id.* at 1025.

That the district court denied intervention as part of its remand order does not change the analysis. An intervention denial that attends an order of remand is appealable if (1) "it precedes the order of remand in logic and in fact" and (2) "is conclusive." *Carlson*, 445 F.3d at 1052 (cleaned up). If a

18

"remand decision was necessarily predicated on the court's refusal to consider the . . . significance of the motion to intervene," the "denial of intervention precede[s] the district court's remand decision in logic and in fact." *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 421 (5th Cir. 2002). Indeed, a question that is a "conceptual antecedent for the" remand determination authorizes § 1291 review even where § 1447(d) would otherwise apply. *Shives v. CSX Transp., Inc.*, 151 F.3d 164, 167 (4th Cir. 1998).

The denial of intervention here fits that bill. The intervention and remand issues are "conceptually intertwined." *Heaton*, 297 F.3d at 421. The removal analysis turned on whether Objector Defendants are "defendants," and intervention would have *made* them so. The "motion[s] to remand would [have] become moot if the court granted [the] intervention motion first." *Id.* So "the court's action effectively denied the motion to intervene in a way that preceded its decision on [remand] both in logic and in fact." *Id.* The intervention denial "in fact precipitated[] the court's order remanding the" case. *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 742 (8th Cir. 2009). This Court has jurisdiction to review the entire order.

Monsanto ignores all that. It instead rests on its favorite fiction—that there was a "lack of jurisdiction"—to argue the district court "simply had no

19

authority to" decide intervention.  Mot. 15.  But, as discussed, § 1441(a) is nonjurisdictional.  *See, e.g.*, *Holbein*, 983 F.3d at 1054.  The lone case Monsanto cites for its position that the district court "could not" rule on intervention stands only for the irrelevant point that intervention cannot "create jurisdiction."  *Vill. of Oakwood v. State Bank & Tr. Co.*, 481 F.3d 364, 367 (6th Cir. 2007).  But Objector Defendants' intervention would not have "create[d] jurisdiction."  Instead, intervention would have cured any obstacle to removal precisely *because* the district court *already had* jurisdiction.  Dkt. No. 84 at 7-8.[5]

Monsanto next argues that even if the district court *did* deny intervention, the intervention issue "is now moot."  Mot. 16.  Monsanto's argument turns exclusively on its mistaken view that "the case has already been remanded."  *Id.*  Though the district court issued an *order* of remand, remand is not effected until "[a] certified copy of the order of remand [is] mailed by the clerk to the clerk of the State court."  28 U.S.C. § 1447(d).  Only

---

[5] If Monsanto were right that the remand was based on a lack of jurisdiction, that would *establish* that the court denied the motion to intervene.  "[A]ny order remanding a matter to state court for lack of subject matter jurisdiction necessarily denies all other pending motions."  *Carlson*, 445 F.3d at 1052-53 (cleaned up).

Appellate Case: 26-2217     Page: 26     Date Filed: 07/01/2026 Entry ID: 5657139

then may the state court "proceed with such case." *Id.* Nothing suggests the district clerk "mailed" a "certified copy of the order of remand" to the state court in the ninety-four minutes intervening between the entry of the order and Objector Defendants' notice of appeal.[6] Indeed, the state court did not post a copy of the remand order until *six days* after the notice of appeal. Exhibit 1, Order docketed June 23, 2026.

The notice of appeal was "an event of jurisdictional significance." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). That filing "divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Id.* The notice of appeal "suspended the district court's power to act." *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025); *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). Upon the notice of appeal, the district court had to "halt all proceedings related to the appeal," so if it "mailed the remand order anyway," "it tried to cook when the kitchen was [this Court's]." *City of Martinsville*, 128 F.4th at 268. That unauthorized action cannot "moot" this appeal.

---

[6] The Order of Remand was entered at 9:45 a.m. CDT and the notice of appeal was filed at 11:19 a.m. CDT on June 17, 2026.

Appellate Case: 26-2217     Page: 27     Date Filed: 07/01/2026 Entry ID: 5657139

Even in the unlikely event the clerk actually mailed the order before jurisdiction transferred here, Monsanto's mootness argument still fails. Monsanto's rule would mean that *any* appeal of an effected order of remand would be "moot." But that is obviously not the rule. *See, e.g.*, *In re Cotter Corp.*, 22 F.4th 788, 792 (8th Cir. 2022) (collecting cases establishing even *effected* remands based on a district court declining supplemental jurisdiction under § 1367(c) are reviewable under § 1291). An erroneous order of remand *based on* denied intervention does not render intervention moot.

## II.    There Is No Basis To Summarily Dispose Of This Appeal

Monsanto's request for summary affirmance is improper. Motions to dismiss are limited to jurisdictional grounds. 8th Cir. R. 47A(b). Monsanto "attempt[s] to circumvent this rule by submitting [a] 'request[]' or 'suggestion[]' that this court exercise its power under Rule 9(a) [now Rule 47A(a)] to dismiss an appeal as frivolous." *King*, 591 F.2d at 64. It should be denied on that ground alone.

On the merits, it is absurd to characterize the decision below as "manifestly correct." Mot. 17. Section 1441(a) is nonjurisdictional "on its face." *Holbein*, 983 F.3d at 1054. The district court premised its order on the opposite conclusion: that it "lack[ed] jurisdiction" because removal "by

22

people who are not defendants . . . is not authorized [by] Section 1441(a)." Dkt. No. 93 at 2-3. Monsanto's argument that this is "a textbook case" for the situation where "the questions presented do not require further consideration," Mot. 17, is preposterous.

The (admittedly complex) questions presented here do not merely need "further" consideration—they need *some* consideration *by at least some court*. Objector Defendants' theory of removal was premised on how the act of objecting made them "parties" to the case. *Devlin v. Scardelletti*, 536 U.S. 1, 7, 9-10 (2002). The Court ignored that issue. The removal was also based on the district court's "duty" to realign the parties. *City of Indianapolis*, 314 U.S. 69. The district court ignored that, too, even though neither Monsanto nor Named Plaintiffs even *contested* that their interests are perfectly aligned against Objector Defendants'. Objector Defendants noted how realignment is regularly applied in the removal context, *e.g.*, *Lott v. Scottsdale Ins.*, 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011), that realignment must occur "before determining removability," *e.g.*, *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980), and that the realignment and removal inquiries require identical analyses, *compare Am. Motorists Ins. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981)

23

(realignment focuses on facts "in existence at the time the action was commenced"), *with Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998) (removal focuses on "the case as of the time it was filed in state court"). Again—ignored. And the district court ignored Objector Defendants' alternative *right* to intervene as defendants, and that their request to do so (filed within § 1446(b)'s 30-day period) unquestionably would have cured any impediment.

Rather than attempt to grapple with those issues, the district court erroneously concluded that its analysis began and ended with the case caption. Dkt. No. 93 at 2-3. But that conclusion ignored (again) the fact that realignment *answers the question* of who *is actually* the defendant to "the action as defined by the plaintiff's complaint." *Home Depot*, 587 U.S. at 442.

If all the above sounds highly technical and complex, that's because it is. The district court did not conduct even a cursory review. Monsanto asks this Court to rubber-stamp that clear error without even allowing plenary briefing. "[C]onsideration of [Monsanto's] 'request' would require nothing short of a thorough examination of the entire record below and the extensive papers already filed on this appeal. Such examination is best deferred until

24

the case is given plenary consideration . . . by a panel of this court." *King*, 591 F.3d at 64.

## CONCLUSION

For these reasons, the Court should deny the Motion to Dismiss.

Dated: July 1, 2026
Respectfully submitted,

*/s/ Ashley C. Keller*
Ashley C. Keller
John J. Snidow
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Tel.: 312-741-5220
ack@kellerpostman.com

T. Roe Frazer, II
R. Prescott Sifton, Jr.
FRAZER PLC
30 Burton Hills Blvd., Ste. 450
Nashville, TN 37215
Ph: (615)647-6464
scott@frazer.law

*Counsel for Objector Defendants*

Appellate Case: 26-2217     Page: 31     Date Filed: 07/01/2026 Entry ID: 5657139

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 5(c)(1) because, excluding parts of the document exempted by Fed. R. App. P. 32(f) and required by Fed. R. App. P. 5(b)(1)(E), this document contains 5,189 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Word in fourteen-point Book Antiqua Font.

Pursuant to Circuit Rule 28A(h), I hereby also certify that electronic files of this Petition and accompanying attachments have been submitted to the Clerk via the Court's CM/ECF system.  The files have been scanned for viruses and are virus-free.

*Ashley C. Keller*
Ashley C. Keller

Appellate Case: 26-2217    Page: 32    Date Filed: 07/01/2026 Entry ID: 5657139

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I electronically filed the foregoing Opposition to Monsanto's Motion to Dismiss with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Ashley C. Keller*
Ashley C. Keller

27

Appellate Case: 26-2217    Page: 33    Date Filed: 07/01/2026 Entry ID: 5657139

# EXHIBIT 1

Appellate Case: 26-2217    Page: 34    Date Filed: 07/01/2026 Entry ID: 5657139

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RANDALL KING, et al., on behalf of )
themselves and others similarly situated )
                               )
        Plaintiffs,         )       No. 4:26-CV-813 HEA
                               )
       v.                        )
                               )
MONSANTO COMPANY       )
                               )
        Defendants.        )

## ORDER OF REMAND

In accordance with the Opinion, Memorandum and Order of this date and incorporated herein,

**IT IS HEREBY ORDERED** that the Clerk of the Court is directed to remand this case to the 22nd Judicial Circuit, State of Missouri.

Dated this 17th day of June, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

NATHAN M. GRAVES, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _____
                 DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

RANDALL KING, et al., on behalf of )
themselves and others similarly situated )
                                 )
        Plaintiffs,            )          No. 4:26-CV-813 HEA
                                   )
        v.                   )
                                     )
MONSANTO COMPANY           )
                                     )
        Defendants.          )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Remand, [Doc. No, 12] and Plaintiff's Motion to Remand, [Doc. No. 25]. For the reasons set forth below, the Motions will be granted.

This matter was removed from the Circuit Court for the City of St. Louis by Craig Boylan, David Childress, Zavier Estrada, Lori Ann Fain, Donna Mason, Frederick O'Neill, Edward Rankin, William Robbins, William Szabo, and Patricia Veal, who are self-styled "Objector Defendants." These "Objectors" claim this Court's jurisdiction is based on 28 U.S.C. § 1332(d). Both Plaintiff and Defendant have moved to remand the action.

On February 17, 2026, Plaintiffs filed a putative class action against Monsanto in the Circuit Court of the City of St. Louis, Missouri, *King v. Monsanto*

*Co.*, No. 2622-CC00325, seeking approval of a proposed nationwide class settlement of Roundup-related claims. The Class Action Petition names five individual Plaintiffs and a single Defendant, Monsanto.

On March 4, 2026, the Missouri court entered a Preliminary Approval Order, directed a nationwide notice program, and set deadlines for opt-outs and objections, with a final approval hearing scheduled for July 9, 2026. The Missouri court expressly stated that it had made no final decision on approval and that objectors could raise their arguments through the objection and final-approval process. See Exhibit 2 to Objectors' Notice of Removal ("NOR") at 3–4.

On May 21, 2026, Objectors filed objections in the Missouri court and, the next day, filed the Notice of Removal in this Court. Objectors have also filed a motion to stay proceedings in this Court pending a ruling on transfer to the MDL.

The Objectors attempt to "realign" themselves as defendants in this case classify themselves as "the true defendants" because according to them, they are the only ones who oppose the relief that the named parties want, that being a settlement of class action Round Up claims.

Removal of an action by people who are not defendants in the action is not authorized. Section 1441(a) of Title 28 states that an action "may be removed by *the defendant or the defendants*." 28 U.S.C. § 1441(a).(emphasis added). The text "specifically limits the ability to remove to the 'defendant or the defendants,' and

2

contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court." *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022). Objectors are not defendants in the action and have no basis upon which to remove it. The Corut, therefore lacks jurisdiction and the case must be remanded

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand, [Doc. No, 12] and Plaintiff's Motion to Remand, [Doc. No. 25] are granted.

**IT IS FURHTER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis, Missouri.

An appropriate Order of Remand will accompany this Opinion, Memorandum and Order.

Dated this 17th day of June, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3