**No. 26-2217**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

SARAH JANE HUNT,

*Interested Party*,

RANDALL KING; SCOTT BUTTERFIELD; ROBERT KOEHLER; MICHAEL MERX;
BRUCE WALDMAN, *on behalf of themselves
and others similarly situated*,

*Plaintiffs-Appellees*,

*v.*

MONSANTO COMPANY,

*Defendant-Appellee*,

*v.*

CRAIG BOYLAN; DAVID CHILDRESS; XAVIER ESTRADA; LORI ANN FAIN;
DONNA MASON; FREDERICK O'NEILL; EDWARD PETER RANKIN;
WILLIAM ROBBINS; WILLIAM SZABO; PATRICIA VEAL,

*Objectors-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Missouri
Case No. 4:26-cv-813 (Hon. Henry Edward Autrey)

# MONSANTO COMPANY'S ANSWER IN OPPOSITION TO
# PETITION FOR PERMISSION TO APPEAL

Elaine P. Golin
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, NY 10019
(212) 403-1000

Miguel A. Estrada
Daniel W. Nelson
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC 20036
(202) 955-8500

*Counsel for Monsanto Company*
*[Additional Counsel Listed in Signature Block]*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................... 1

STANDARD OF REVIEW ............................................................ 3

ARGUMENT ............................................................................... 4

    I.     Objectors' Petition Confirms Their Intent To Obstruct
The State-Court Proceedings ...................................... 4

    II.    Removal Was Clearly Improper ............................... 9

CONCLUSION ........................................................................ 16

CERTIFICATE OF COMPLIANCE ........................................ 18

CERTIFICATE OF SERVICE ................................................. 19

i

Appellate Case: 26-2217    Page: 2    Date Filed: 07/06/2026 Entry ID: 5657858

# TABLE OF AUTHORITIES

Page(s)

## Cases

*City of Indianapolis* v. *Chase National Bank*,
514 U.S. 63 (1941)......................................................................14

*College of Dental Surgeons* v. *Connecticut General Life Insurance Co.*,
585 F.3d 33 (1st Cir. 2009) ......................................3, 8, 9, 16

*Devlin* v. *Scardelletti*,
536 U.S. 1 (2002)............................................................11, 12, 13

*Gurney's Inn Resort & Spa Ltd.* v. *Benjamin*,
743 F. Supp. 2d 117 (E.D.N.Y. 2010) ...................................14

*Hargett* v. *RevClaims, LLC*,
854 F.3d 962 (8th Cir. 2017)...................................................3, 4

*Home Depot U.S.A., Inc.* v. *Jackson*,
587 U.S. 435 (2019)............................................................*passim*

*Lott* v. *Scottsdale Insurance*,
811 F. Supp. 2d 1220 (E.D. Va. 2011) ..................................14

*Monsanto Co.* v. *Durnell*,
No. 24-1068 (U.S. June 25, 2026)............................................9

*Rothrock* v. *Capital Logistics, LLC*,
2020 WL 5536485 (W.D. Mo. Sep. 15, 2020).......................16

*Smith* v. *Bayer Corp.*,
564 U.S. 299 (2011).....................................................4, 12, 15

*Smith* v. *SEECO, Inc.*,
922 F.3d 398 (8th Cir. 2019)..................................................13

*Thermtron Products, Inc.* v. *Hermansdorfer*,
423 U.S. 336 (1976).....................................................................7

*Things Remembered, Inc.* v. *Petrarca*,
516 U.S. 124 (1995).....................................................................6

ii

*United States* v. *Rice,*
327 U.S. 742 (1946)................................................................6

*Universal Underwriters Insurance Co.* v. *Wagner,*
367 F.2d 866 (8th Cir. 1966)................................................14

## **Statutes**

28 U.S.C. § 1291...................................................................6

28 U.S.C. § 1332.................................................................10

28 U.S.C. § 1441...................................................2, 6, 10, 11

28 U.S.C. § 1446.......................................................2, 10, 11

28 U.S.C. § 1447...................................................................6

28 U.S.C. § 1453...........................................................*passim*

28 U.S.C. § 1712.................................................................10

28 U.S.C. § 1713.................................................................10

28 U.S.C. § 1714.................................................................10

## **Rules**

Fed. R. App. P. 5 .................................................................7

Appellate Case: 26-2217     Page: 4     Date Filed: 07/06/2026 Entry ID: 5657858

# INTRODUCTION

Appellants continue their bad-faith efforts to exploit the federal courts to disrupt the ordinary functioning of the Missouri state-court judicial process. A Missouri court is actively reviewing an arm's-length settlement agreement negotiated between Monsanto and class counsel. Appellants (Objectors) have challenged that settlement in Missouri state court. They will have every opportunity to air their objections before the Missouri trial court and on appeal through the ordinary channels, up to and potentially including the Supreme Court of the United States.

Rather than follow these available procedures, however, Objectors elected to engage in unavailable and improper procedural maneuvers solely to disrupt the state-court proceedings: They first removed a case to which they were not even parties, much less defendants (the only parties who may remove under the removal statutes Objectors invoke). Then, when the case was predictably remanded for want of jurisdiction, Objectors immediately filed a legally baseless "notice of appeal," which the governing federal statute does not allow. Objectors have since used that supposed notice of appeal to harangue the district court (and the state court on remand) with claims that the settlement cannot proceed

1

while the case supposedly is in this Court. And now, Objectors attempt to backfill their invalid notice of appeal by filing a "supplemental" petition for permission to appeal under 28 U.S.C. § 1453(c). They did so just three days after insisting to the state court that their purported notice of appeal bars that court from doing anything and renders any action it takes while this appeal is pending a "nullity."

Objectors' antics are an abuse of the judicial process, plain and simple. The Court can and should deny their vexatious petition on that ground alone.

Objectors' petition should also be denied on the independent ground that their appeal is legally meritless. Under 28 U.S.C. §§ 1441(a), 1446, and 1453(b), only a "defendant" is permitted to remove. Objectors are not even parties, let alone defendants. They are absent class members— would-be *plaintiffs*—of a not-yet-certified class that seeks damages from Monsanto. If the class is certified, they will be the opposite of defendants, *i.e.*, "the part[ies] sued by the original plaintiff." *Home Depot U.S.A., Inc.* v. *Jackson*, 587 U.S. 435, 437 (2019). And until the class is certified, they are not parties at all to the case they improperly removed. Removal was clearly improper, and the district court's order rejecting Objectors' gam-

2

bit for lack of jurisdiction was plainly right. There is neither need nor warrant to permit a full-blown appeal to reach that conclusion.

Enough is enough. This Court should not tolerate further attempted frustration of the state-court settlement proceedings and abuse of federal courts' processes. Permission to appeal should be denied swiftly.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1453(c), a court of appeals "may accept an appeal from an order of a district court granting or denying a motion to remand" of a case removed under the Class Action Fairness Act (CAFA). Whether to accept such an appeal is committed to this Court's "informed discretion." *Hargett* v. *RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (quoting *College of Dental Surgeons* v. *Connecticut General Life Insurance Co.*, 585 F.3d 33, 39 (1st Cir. 2009)). In exercising that discretion, the Court should consider the "balance of relevant harms." *College of Dental Surgeons*, 585 F.3d at 39. And if, "on the face of the materials presented, it seems likely that the district court decided the question correctly, the need for immediate review is lessened." *Id.* at 38.

3

## ARGUMENT

Objectors are engaged in an ongoing campaign to abuse the federal judicial system solely to obstruct the state-court settlement proceedings. That is reason enough for this Court to deny permission to appeal. If more were needed, Objectors' theory of removal is beyond meritless. Only a "defendant" has the right to remove an action under CAFA, and Objectors—absent class members who seek damages from Monsanto—are not "defendants." Indeed, until class certification, they are not even parties under controlling Supreme Court authority. See *Smith* v. *Bayer Corp.*, 564 U.S. 299, 313 (2011). The petition should be denied.

## I.   OBJECTORS' PETITION CONFIRMS THEIR INTENT TO OBSTRUCT THE STATE-COURT PROCEEDINGS

This Court can and should deny Objectors' petition because it is merely their latest stratagem in a transparent campaign to obstruct state-court class-settlement proceedings and thereby harm Monsanto and thousands of plaintiffs who want to participate in the settlement. CAFA appeals of remand orders are not a right; they are reserved to the Court's "informed discretion." *Hargett*, 854 F.3d at 965. Objectors' ongo-

4

ing abuse of federal-court processes shows decisively that they are undeserving of discretionary review.

Even before Objectors launched their assault on the state-court proceedings, two other absent class members tried and failed to derail the case. After the state-court action was filed, two absent class members and the law firms representing them (one of which is also listed on the "supplemental" petition) moved the MDL court to issue injunctive relief interfering with the state-court settlement proceedings.[1] Mot. to Dismiss 6 n.1. The MDL judge rejected that extraordinary request out of hand, explaining that it lacked "authority to enjoin the state court proceedings or to issue declaratory relief" and that challenges to the settlement agreement were "for the appellate courts in Missouri to address and possibly the United States Supreme Court to address." *In re Roundup Products*

---

[1] This firm is Weitz & Luxenberg, P.C., which represents "Forty-Eight Objectors" on the "supplemental" petition for permission to appeal. Supp. Pet. 25. Like Objectors-Appellants, the "Forty-Eight Objectors" are not parties and have no basis to file this petition, but they at least had the good sense not to join the notice of removal, see Mot. to Dismiss Ex. 1, or the frivolous attempt to directly appeal the remand order, see Mot. to Dismiss Ex. 9.

Appellate Case: 26-2217    Page: 9    Date Filed: 07/06/2026 Entry ID: 5657858

*Liability Litigation*, No. 3:16-md-2741, ECF 22031 (N.D. Cal. May 6, 2026); Supp. Pet. Ex. 3, at 6.

Instead of heeding that lesson, Objectors ignored it and commenced their own campaign. They removed the state-court action on the specious theory that they—absent members of an uncertified class, *i.e.*, would-be *plaintiffs*—were "defendants" under 28 U.S.C. § 1441(a) and so entitled to remove. Mot. to Dismiss Ex. 1. The district court rightly rejected that theory and remanded to state court. Mot. to Dismiss Exs. 7-8. The court clearly and unambiguously expressed its conclusion that "it lacks jurisdiction and the case must be remanded," because "Objectors are not defendants in the action and have no basis upon which to remove it." Mot. to Dismiss Ex. 7 at 3.

Objectors then purported to appeal the "Order of Remand" under 28 U.S.C. § 1291 by filing an unauthorized "notice of appeal." Mot. to Dismiss Ex. 9. Federal law flatly forecloses *all* review of remand orders "on appeal or otherwise," 28 U.S.C. § 1447(d), in cases removed under *any* federal statute unless a specific exception applies. See *Things Remembered, Inc.* v. *Petrarca*, 516 U.S. 124, 128 (1995) (citing *United States* v. *Rice*, 327 U.S. 742, 752 (1946)). This absolute bar "prohibits review of all

6

remand orders" issued on the stated ground that the court lacks jurisdiction "whether erroneous or not and whether review is sought by appeal or by extraordinary writ." *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U.S. 336, 343 (1976). "This has been the established rule * * * stretching back to 1887," *ibid.*, and counsel for Objectors could not possibly have been ignorant of it when they filed their purported notice of appeal.

CAFA provides a limited exception to this absolute appellate bar, but only with this Court's advance permission, 28 U.S.C. § 1453(c). That process requires the filing of a petition under Federal Rule of Appellate Procedure 5, which expressly provides that no notice of appeal need be filed if the Court grants the petition. Fed. R. App. P. 5(d). Despite the utter clarity of the law on all this, Objectors still filed a legally baseless notice of appeal solely in a bad-faith attempt to delay the state-court proceedings. They have argued that their notice of appeal divested the district court of jurisdiction and prevented it from remanding the case to state court, Mot. to Dismiss Exs. 10-11, and that all actions taken by the state court during the pendency of this appeal are void. Monsanto Notice of Supp. Auth. Ex. 2. Now, a week after Monsanto moved to dismiss this

7

appeal, Objectors pursue the only path to (discretionary) appellate review federal law allows. Their conduct leaves no doubt that Objectors understand that their purported direct appeal was never permissible and not initiated in good faith.

Unfortunately, Objectors' tactics have partially succeeded to the extent they caused some delay in the state-court proceedings. To "account for the delay caused by the federal proceedings," the state court has continued the final fairness hearing to August 19, 2026. Mem., *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. June 23, 2026); see Order, *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. June 30, 2026). But that is all the more reason for this Court swiftly to bring Objectors' shenanigans to a stop. The Court should not reward Objectors' gamesmanship with further delay by granting discretionary review.

The "balance of relevant harms" and other equitable factors courts consider under Section 1453(c), *College of Dental Surgeons*, 585 F.3d at 38-39, overwhelmingly support declining to permit a discretionary appeal here. Both Monsanto and class members will benefit from expeditious review of the settlement. If approved, the settlement would ensure that

8

absent plaintiffs secure compensation at a time of uncertainty. Indeed, the availability and extent of compensation for plaintiffs asserting claims against Monsanto is all the more uncertain after the Supreme Court held that plaintiffs' principal theory of liability is preempted by the Federal Insecticide, Fungicide, and Rodenticide Act. See *Monsanto Co.* v. *Durnell*, No. 24-1068 (U.S. June 25, 2026), slip op. 14. Conversely, Objectors face no cognizable harm from litigating this case in the ordinary course through established procedures. The Missouri state judicial system is fully capable of considering their objections to the settlement on their merits. And if Objectors are dissatisfied with how the Missouri judicial system resolves their case, they may ask the United States Supreme Court for review.

Objectors' abusive actions and disrespect for both state and federal courts' processes should disqualify them from securing discretionary review. The Court should deny permission to appeal and end this charade.

## II. REMOVAL WAS CLEARLY IMPROPER

The lack of merit in Objectors' theory of removal compels the same conclusion. See *College of Dental Surgeons*, 585 F.3d at 38. The Court should not allow an appeal where Objectors have no credible argument.

9

**A.** Objectors attempted to remove the case under 28 U.S.C. §§ 1441(a), 1446, and 1453(b) (and CAFA's standard for diversity, § 1332(d)), but that attempt was legally baseless. Sections 1441(a) and 1453(b) expressly authorize removal only by a "defendant" or "defendants." So does Section 1446(a), which Section 1453(b) incorporates. The Supreme Court has made clear that "defendant" in these statutory provisions "refers only to the party sued by the original plaintiff." *Home Depot*, 587 U.S. at 437. Any other reading would be irreconcilable with the structure of CAFA—which gives "defendants" and "class members" different sets of rights. See, *e.g.*, 28 U.S.C. §§ 1712-1714 (detailing rights of class members in settlements). Moreover, other removal statutes not at issue here expressly authorize parties other than a defendant to remove, which makes all the more clear that Congress meant to restrict the removal statutes Objectors invoke to original defendants. See *Home Depot*, 587 U.S. at 442-443. Objectors are putative class members—would-be *plaintiffs*—not defendants by any definition. And until the class is certified, Objectors are not parties to the litigation at all. They thus had (and have) no right to remove the case.

10

Appellate Case: 26-2217    Page: 14    Date Filed: 07/06/2026 Entry ID: 5657858

**B.**     Objectors insist (at 19) that they must be parties in the state trial court because *Devlin* v. *Scardelletti*, 536 U.S. 1 (2002), supposedly establishes that they are parties for purposes of appeal.  That assertion is irrelevant to the only question that matters here:  whether Objectors were defendants in the state trial court when they removed.  And in any event Objectors' strained analogy to *Devlin* fails on its own terms.

**1.**     Whether Objectors would be parties to a hypothetical appeal from a ruling by the state court is immaterial because the governing statutes and Supreme Court precedent confine removal here to *defendants*. That means "the party sued by the original plaintiff."  *Home Depot*, 587 U.S. at 437; see 28 U.S.C. §§ 1441(a), 1446, 1453(b).  Under the removal statutes Objectors invoked, the relevant "'civil action['] * * * is the action as defined by the plaintiff's complaint," and "'the defendant' to that action is the defendant to that complaint."  *Home Depot*, 587 U.S. at 442 (quoting 28 U.S.C. § 1441(a)).  *Devlin* itself distinguished parties to an appeal, *i.e.*, who may seek appellate review, from persons "named as a party to [the] action."  536 U.S. at 8 (citation omitted).  And here only the latter is relevant:  Only persons named as defendants in the complaint can remove.  So even if Objectors *could* be "parties" for purposes of

11

an appeal from the state court despite being "not named in the action," *ibid.*, that would have no bearing here.  It would not change that Objectors are not "defendant[s] to th[e] complaint" that commenced this case, *Home Depot*, 587 U.S. at 442, and so they cannot remove the case at all.

2. Objectors' argument fails anyway because their reading of *Devlin* is wrong.  *Devlin* holds that members of a certified class who object to a proposed settlement can become parties for purposes of an appeal of an order approving the settlement over their objections.  536 U.S. at 8-9.  That has no application to Objectors because none of that is true here.

Objectors are not members of a certified class, and that is critical.  As the Supreme Court recognized in *Smith* v. *Bayer Corp.*, 564 U.S. 299, 313 (2011), *Devlin*'s holding turned on the fact that the class had already *been certified*, meaning that previously absent class members had become present parties.  As *Smith* explained, "an unnamed member of a *certified* class may be 'considered a "party" for the [particular] purpos[e] of appealing' an adverse judgment." *Ibid.* (quoting *Devlin*, 536 U.S. at 7) (emphasis and alterations in original).  But *Smith* stressed that the "argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*" is "surely erroneous." *Ibid.* (quoting *Devlin*,

12

536 U.S. at 16 n.1 (Scalia, J., dissenting)) (emphasis in original). This Court has even "suggested that *Devlin*'s rule is limited to the circumstances at issue in that case." *Smith* v. *SEECO, Inc.*, 922 F.3d 398, 405 (8th Cir. 2019).

Objectors also are not seeking review of any order that adjudicates their rights, which sets them still further apart from the objector in *Devlin*. *Devlin* explained that a person who is *not* a party in the trial court may nevertheless sometimes appeal a trial-court ruling that binds him. See 536 U.S. at 9-10. Any right to appeal in that context turns on "the binding nature of th[e] adjudication upon the interested nonparty." *Id.* at 8. In *Devlin*, the trial court approved a settlement over the objector's objections, and its "approval of the settlement * * * b[ound] [him] as a member of the class" that the court certified. *Id.* at 9. Objectors here, by contrast, are not challenging any trial-court ruling that binds them. The state court has not yet ruled on whether to certify the class and approve the settlement.[2] Objectors are not seeking to appeal an ad-

---

[2] The state court entered a preliminary certification of the class along with its preliminary approval of the settlement. D. Ct. Dkt. 1-8 ¶ 9 (state-court preliminary approval order). A preliminary certification does not

*(Cont'd on next page)*

Appellate Case: 26-2217     Page: 17     Date Filed: 07/06/2026 Entry ID: 5657858

verse state-court decision that binds them.  They are nonparties trying to obstruct the case and *prevent* the state court from rendering a decision on the settlement.

**C.**    Finally, Objectors assert that the district court could transform them *into* "defendants" through "realignment" of the parties.  Once again, their contention is both wrong and irrelevant.

Realignment is a tool for realigning the adversity of parties to the complaint, which Objectors are not.  See, *e.g.*, *City of Indianapolis* v. *Chase National Bank*, 314 U.S. 63, 69-70 (1941) (describing realignment of named parties); *Universal Underwriters Insurance Co.* v. *Wagner*, 367 F.2d 866, 871 (8th Cir. 1966) (same).  In each of the cases Objectors cite (at 19-20), the court realigned parties named in the complaint.  See *Lott* v. *Scottsdale Insurance*, 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011); *Gurney's Inn Resort & Spa Ltd.* v. *Benjamin*, 743 F. Supp. 2d 117, 126 (E.D.N.Y. 2010).

---

yet "bin[d]" Objectors as "member[s] of the class," and thus does not "amoun[t] to a '*final* decision of [Objectors'] right[s] or claim[s]' sufficient to trigger [their] right to appeal." *Devlin*, 536 U.S. at 9 (citation omitted) (emphasis added).

14

Appellate Case: 26-2217    Page: 18    Date Filed: 07/06/2026 Entry ID: 5657858

Objectors cite no precedent—and Monsanto is aware of none—supporting the use of realignment to introduce *new* parties by converting absent class members (nonparty would-be *plaintiffs*) into defendants. Indeed, such a maneuver would be inconsistent with *Smith*, which explained that legal determinations in a putative class action do not bind absent members of the uncertified class. 564 U.S. at 313. Because absent class members cannot be *harmed* by adverse rulings prior to certification under *Smith*, it follows that they also cannot *benefit* from the procedural advantages of party status and challenge such determinations before the class is certified.

Even if realignment *could* be applied to import absent class members of an uncertified class into a case as parties going forward, that *still* would not help Objectors here because it could not retrospectively make them parties "sued by the original plaintiff." *Home Depot*, 587 U.S. at 437. Again, a "defendant" for purposes of Sections 1441(a) and 1453(b) includes only "the party sued by the original plaintiff" and named a "defendant to that complaint." *Id.* at 437, 442. That is why third-party defendants cannot remove, *ibid.*, and neither can intervening defendants,

15

see *Rothrock* v. *Capital Logistics, LLC*, 2020 WL 5536485, at \*3 (W.D. Mo. Sep. 15, 2020).

*A fortiori*, realignment cannot enable an absent class member—whom the original plaintiff did not *sue*, but rather seeks to represent—to become a "defendant to th[e] complaint." *Home Depot*, 587 U.S. at 442. No amount of reconfiguring the caption can transform an absent class member on whose behalf the action seeks relief into the *target* of the suit.

\* \* \* \* \*

Objectors' theory of removal is not just wrong; it is indefensible. There is no "need for immediate review" because the district court's decision remanding the case to state court was correct. *College of Dental Surgeons*, 585 F.3d at 38.

## CONCLUSION

For the foregoing reasons, this Court should deny the petition for permission to appeal under 28 U.S.C. § 1453(c).

16

Dated: July 6, 2026

Respectfully submitted,

/s/ *Miguel A. Estrada*

Elaine P. Golin
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, NY  10019
(212) 403-1000
epgolin@wlrk.com
cmreilly@wlrk.com

James F. Bennett
DOWD BENNETT LLP
7676 Forsyth Blvd., Suite 1900
St. Louis, MO  63105
(314) 889-7300
jbennett@dowdbennett.com

Miguel A. Estrada
Daniel W. Nelson
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC  20036
(202) 955-8500
mestrada@gibsondunn.com
dnelson@gibsondunn.com
jbond@gibsondunn.com

Stephen J. Hammer
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201
(214) 698-3100
shammer@gibsondunn.com

*Counsel for Monsanto Company*

17

# CERTIFICATE OF COMPLIANCE

This answer complies with the word limit of Federal Rule of Appellate Procedure 5(c) because it contains 3,151 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f). This answer complies with the type-face and type-style requirements of Federal Rules of Appellate Procedure 5(c), 32(a)(5), 32(a)(6), and 32(c)(2) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New Century Schoolbook font. I certify that this answer has been scanned for viruses and is virus-free.

Dated: July 6, 2026                     */s/ Miguel A. Estrada*
                                        Miguel A. Estrada

Appellate Case: 26-2217     Page: 22     Date Filed: 07/06/2026 Entry ID: 5657858

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I electronically filed the fore-going with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 6, 2026

/s/ *Miguel A. Estrada*
Miguel A. Estrada