No. 26-2217

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

SARAH JANE HUNT,

*Interested Party*,

RANDALL KING; SCOTT BUTTERFIELD; ROBERT KOEHLER; MICHAEL MERX; BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,

*Plaintiffs-Appellees*,

*v.*

MONSANTO COMPANY,

*Defendant-Appellee*,

*v.*

CRAIG BOYLAN; DAVID CHILDRESS; XAVIER ESTRADA; LORI ANN FAIN; DONNA MASON; FREDERICK O'NEILL; EDWARD PETER RANKIN; WILLIAM ROBBINS; WILLIAM SZABO; PATRICIA VEAL,

*Objectors-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Missouri
Case No. 4:26-cv-813 (Hon. Henry Edward Autrey)

## MONSANTO COMPANY'S RESPONSE TO EXPEDITED MOTION TO STAY THE ORDER OF REMAND OR ENJOIN STATE-COURT PROCEEDINGS PENDING APPEAL

Elaine P. Golin
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, NY 10019
(212) 403-1000

Miguel A. Estrada
Daniel W. Nelson
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC 20036
(202) 955-8500

*Counsel for Monsanto Company*
*[Additional Counsel Listed in Signature Block]*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ii

INTRODUCTION ........................................................................................... 1

ARGUMENT ................................................................................................. 4

    I.    This Court Should Deny The Motion As Moot After Dismissing The Direct Appeal For Lack Of Jurisdiction And Denying The Supplemental Petition ............................. 4

    II.    In The Alternative, The Court Should Deny The Motion Because Relief Against The State-Court Proceedings Is Statutorily Unauthorized And Unwarranted In Any Event ...................................................... 6

        A.    There Is No "Removal Stay" Or Order That This Court Could Stay Because This Case Has Already Been Remanded To The State Court ............................ 7

        B.    Relief Against The State Court Is Not "Authorized By An Act Of Congress" Or "Necessary" In Aid Of This Court's Jurisdiction ......... 15

        C.    The Traditional Factors Do Not Support Emergency Relief From This Court ............................ 19

CONCLUSION ............................................................................................. 23

CERTIFICATE OF COMPLIANCE ....................................................... 25

CERTIFICATE OF SERVICE ................................................................. 26

i

Appellate Case: 26-2217    Page: 2    Date Filed: 07/24/2026 Entry ID: 5664876

# TABLE OF AUTHORITIES

Page(s)

## Cases

*In re BankAmerica Corp. Securities Litigation,*
263 F.3d 795 (8th Cir. 2001) ....................................................................... 18

*Brunts* v. *Walmart Inc.,*
2022 WL 17978413 (E.D. Mo. Dec. 28, 2022) ..................................... 14

*Canady* v. *Allstate Insurance Co.,*
282 F.3d 1005 (8th Cir. 2002) ................................................................... 16

*City of Martinsville* v. *Express Scripts, Inc.,*
128 F.4th 265 (4th Cir. 2025) .................................................................. 11

*Clinton* v. *Goldsmith,*
526 U.S. 529 (1999) ...................................................................................... 16

*Coburn* v. *Kroger Co.,*
2024 WL 4564215 (E.D. Mo. Oct. 24, 2024) ...................................... 14

*Coinbase, Inc.* v. *Bielski,*
599 U.S. 736 (2023) .......................................................................... 7, 11, 13

*Fant* v. *City of Ferguson,*
2019 WL 8194959 (8th Cir. Oct. 10, 2019) ............................................ 6

*Federal Home Loan Mortgage Corp.* v. *Grantz,*
568 F. App'x 482 (8th Cir. 2014) ........................................................... 13

*In re Federal Skywalk Cases,*
680 F.2d 1175 (8th Cir. 1982) ............................................................ 18, 19

*FTC* v. *Standard Oil Co.,*
449 U.S. 232 (1980) ...................................................................................... 21

*G.T.* v. *Liberty Mutual Fire Insurance Co.,*
__ F.4th __, 2026 WL 2068469 (8th Cir. July 17, 2026) ...................... 9

*Griggs* v. *Provident Consumer Discount Co.,*
459 U.S. 56 (1982) ............................................................................ 7, 12, 13

*H&T Fair Hills, Ltd.* v. *Alliance Pipeline L.P.,*
154 F.4th 899 (8th Cir. 2025) .................................................................... 6

ii

Appellate Case: 26-2217    Page: 3    Date Filed: 07/24/2026 Entry ID: 5664876

*Henderson* v. *United States*,
575 U.S. 622 (2015) ............................................................23

*Missouri* v. *Biden*,
112 F.4th 531 (8th Cir. 2024) ...........................................19

*Mitchum* v. *Foster*,
407 U.S. 225 (1972) ......................................................16, 17

*Monsanto Co.* v. *Durnell*,
No. 24-1068 (U.S. June 25, 2026) ....................................21

*Nken* v. *Holder*,
556 U.S. 418 (2009) ...........................................................20

*Pennsylvania Bureau of Corrections* v.
*U.S. Marshals Service*,
474 U.S. 34 (1985) .............................................................16

*Plaquemines Parish* v. *Chevron USA, Inc.*,
84 F.4th 362 (5th Cir. 2023) ............................................13

*Renegotiation Board* v. *Bannercraft Clothing Co.*,
415 U.S. 1 (1974) ...............................................................21

*In re SDDS, Inc.*,
97 F.3d 1030 (8th Cir. 1996) ............................................16

*Smith* v. *Bayer Corp.*,
564 U.S. 299 (2011) ...........................................................17

*Spirit Lake Tribe* v. *Jaeger*,
5 F.4th 849 (8th Cir. 2021) ............................................8, 9

*Syngenta Crop Protection, Inc.* v. *Henson*,
537 U.S. 28 (2002) .............................................................15

*Thermtron Products, Inc.* v. *Hermansdorfer*,
423 U.S. 336 (1976) .........................................................5, 9

*Things Remembered, Inc.* v. *Petrarca*,
516 U.S. 124 (1995) .............................................................8

*U.S. Jaycees* v. *Cedar Rapids Jaycees*,
794 F.2d 379 (8th Cir. 1986) ............................................23

iii

*United States* v. *Parsons*,
No. 18-1043 (8th Cir. Feb. 6, 2018) ......................................................... 6

## Statutes

28 U.S.C. § 1291 ................................................................................... 12

28 U.S.C. § 1446 ................................................................................... 17

28 U.S.C. § 1447 ............................................................................. 2, 8, 9

28 U.S.C. § 1453 ................................................................................... 20

28 U.S.C. § 1651 ................................................................................... 15

28 U.S.C. § 2283 ................................................................................... 16

## Rules

Fed. R. App. P. 8 ................................................................................. 14

Fed. R. Civ. P. 54 ................................................................................... 8

Fed. R. Civ. P. 62 ........................................................................... *passim*

Appellate Case: 26-2217   Page: 5   Date Filed: 07/24/2026 Entry ID: 5664876

## INTRODUCTION

Objectors' stay motion confirms beyond question that obstructing the state-court settlement-approval process was their goal from the start. Objectors removed to federal court on the theory that would-be *plaintiffs* are somehow "defendants" under the removal statutes. The district court saw through that charade and remanded. The case is back before the Missouri court, which will hold its final approval hearing on August 19, 2026. Undeterred, however, Objectors have continued to use their baseless removal and frivolous appeal as a federal-court beachhead from which to attack and attempt to impede the state-court process. Their "emergency" stay motion is the culmination of that abusive strategy. The Court should dismiss Objectors' frivolous appeal and deny their motion for stay.

The Court should reject out of hand Objectors' request for a stay pending appeal because Objectors' appeal is wholly improper. Each of their attempts to obtain appellate review is facially meritless. Federal statutes and Supreme Court precedent foreclose any appeal of the remand order as of right; Objectors cannot circumvent that bar by appealing the denial of intervention, because no such denial occurred and any

1

dispute over it is moot; and Objectors' so-called "supplemental petition" for permission to appeal gives the game away and only underscores why their removal was improper. The simplest, shortest path for this Court is to put an end to the ersatz appeal expeditiously and deny the stay motion as moot.

Considering Objectors' stay motion on its merits leads to the same conclusion. Each of their assertions that the district court's remand order is *already* stayed is a nonstarter. Federal Rule 62(a)'s default rule delaying "execution" on a "judgment" for 30 days has no application to the district court's remand ruling, which is not a "judgment" appealable as of right. Nor did Objectors' notice of appeal stay the remand ruling: The remand had already occurred because the district court mailed its remand order to the state court before that notice was filed; and the notice of appeal was a nullity because 28 U.S.C. § 1447(d) flatly bars any direct appeal of the remand order based on a ground in Section 1447(c). Objectors' request to stay the already-operative remand fails for the same reason: The Court lacks jurisdiction to grant a stay where the remand itself is unappealable.

Appellate Case: 26-2217    Page: 7    Date Filed: 07/24/2026 Entry ID: 5664876

Objectors' alternative request that the Court *enjoin* ongoing proceedings in the Missouri state court under the All Writs Act is likewise foreclosed by controlling law. That extraordinary relief is barred by the Anti-Injunction Act. No Act of Congress permits interference with the state-court proceedings, and doing so is not necessary in aid of this Court's jurisdiction because, again, the Court *does not have* any jurisdiction over Objectors' direct appeal, and their pending petition for permission to appeal should be denied as meritless. Nor is the All Writs Act a means for securing relief that is foreclosed by the statutes that specifically address this Court's jurisdiction.

Even if Objectors' requested relief were available, they do not come close to satisfying the demanding test for an injunction or a stay under the traditional factors governing such relief. They are unlikely to succeed on the merits of their supposed appeal of the remand order, they face no irreparable harm from the state-court proceedings, and the equities and public interest cut decisively against them.

Objectors' stay motion makes clear that their improper removal and appeal were always aimed at disrupting the state-court process. Their objective was to create an artificial emergency and then ask this Court to

3

resolve it. And this latest in Objectors' flurry of frivolous filings leaves no doubt that their abuses will continue until this Court says enough is enough. The Court should put an end to the appeal and deny Objectors' motion as moot. Or it should deny the stay motion on its own demerits. Either way, the Court should put a stop to Objectors' shenanigans now.

The motion should be denied.

## ARGUMENT

### I. THIS COURT SHOULD DENY THE MOTION AS MOOT AFTER DISMISSING THE DIRECT APPEAL FOR LACK OF JURISDICTION AND DENYING THE SUPPLEMENTAL PETITION

There is no reason for the Court to consider Objectors' stay motion. It should dismiss Objectors' improper appeal and deny discretionary review. Doing so will moot Objectors' motion and leave nothing left to do.

The case for dismissing the appeal and denying discretionary review is not close. The district court properly remanded this case to state court because putative absent class members—would-be *plaintiffs*—are not "defendants" under the removal statutes. Objectors' notice of appeal from that ruling was frivolous and filed in bad faith solely in an attempt to disrupt state proceedings. Mot. to Dismiss 12-14. But this Court has no jurisdiction over that direct appeal. Congress "immunized from all

4

forms of appellate review any remand order" that recites an absence of jurisdiction "whether or not that order might be deemed erroneous by an appellate court," precisely "in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U.S. 336, 351 (1976). Objectors' serial motions not only defy the language of the applicable statute, but also seek to defeat its very purpose.

Objectors' belated "supplemental petition" for a discretionary appeal cannot cure this defect. It should be denied both because it is just another step in their campaign to obstruct the state-court proceedings and because their appeal is meritless: Only a "defendant" can remove under the statutes Objectors invoke, and they are at most putative plaintiffs, not defendants. Answer to Supp. Pet. 4-16. The Court should dismiss the appeal, deny Objectors' petition, and put this to rest.

Objectors' stay motion adds still more reason for this Court to end this appellate charade without delay: to avoid wasting this Court's resources on another vexatious filing and to avoid encouraging similar behavior in future cases. The entire basis of Objectors' motion is that this Court should protect its own supposed jurisdiction by entering a stay.

5

The motion will be moot once this Court confirms that it has no jurisdiction to protect. When a party seeks a stay from this Court, but this Court lacks jurisdiction, this Court regularly dismisses the appeal for lack of jurisdiction and then denies the requested relief as moot. See, *e.g.*, *H&T Fair Hills, Ltd.* v. *Alliance Pipeline L.P.*, 154 F.4th 899, 902 (8th Cir. 2025); *Fant* v. *City of Ferguson*, 2019 WL 8194959, at *1 (8th Cir. Oct. 10, 2019); *United States* v. *Parsons*, No. 18-1043, Doc. 4627156, at 1 (8th Cir. Feb. 6, 2018). The Court should do the same here.

## II. IN THE ALTERNATIVE, THE COURT SHOULD DENY THE MOTION BECAUSE RELIEF AGAINST THE STATE-COURT PROCEEDINGS IS STATUTORILY UNAUTHORIZED AND UNWARRANTED IN ANY EVENT

If the Court considers this motion, it should be denied on the merits. Objectors' principal contention—that the district court's remand order is already stayed—fails at every turn. Jurisdiction has already been restored to the state court. Neither the Federal Rules nor Objectors' notice of appeal posed any obstacle. And this Court lacks appellate jurisdiction over Objectors' unauthorized appeal, so it cannot stay the remand either.

Objectors' alternative request that the Court enjoin the state-court proceedings under the All Writs Act is equally unviable. Federal statutes

6

foreclose that extraordinary relief here, and it flunks the traditional factors governing injunctions and stays pending appeal across the board.

## A. There Is No "Removal Stay" Or Order That This Court Could Stay Because This Case Has Already Been Remanded To The State Court

Objectors first argue that the district court's remand order is already stayed, but none of their arguments for an automatic stay gets off the ground. Their contention that Federal Rule of Civil Procedure 62(a) disabled the district court from remanding the case immediately badly misreads that rule. Objectors' insistence that their own notice of appeal triggered an automatic stay under *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56 (1982) (per curiam), and *Coinbase, Inc.* v. *Bielski*, 599 U.S. 736 (2023), ignores that their notice was a legal nullity that could not invoke this Court's appellate jurisdiction. Their request that the Court stay the already-operative remand order fails for the same fundamental reason. The automatic stay of their imagining is a fiction.

1. Rule 62(a) did not prevent the district court from mailing its remand order to the state court for 30 days. That rule establishes a default period of delay before a party may execute on a judgment, which the district court may freely modify. It states that, with certain exceptions,

7

"execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). The Federal Rules define a "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). That definition "encompasses interlocutory rulings that are appealable as of right, like preliminary injunctions, in addition to final judgments on the merits." *Spirit Lake Tribe* v. *Jaeger*, 5 F.4th 849, 853 (8th Cir. 2021) (citation omitted).

Rule 62(a) is irrelevant here and certainly did not disable the district court from remanding the case to state court immediately. The remand order is not a "judgment" on which anyone seeks to "execut[e]" by levying property or the like. It is not a judgment as defined in Rule 54(a) at all because no appeal as of right lies at all: Section 1447(d) prohibits appellate jurisdiction over "an order remanding a case to the State court from which it was removed" if the order is based on a lack of jurisdiction or procedural defect under Section 1447(c). See *Things Remembered, Inc.* v. *Petrarca*, 516 U.S. 124, 127-128 (1995); Mot. to Dismiss 11-16. Nor does Objectors' supplemental petition for permission to appeal change the calculus. The possibility of a permissive appeal does not convert the remand order into either an "interlocutory ruling[] that [is] appealable

8

*as of right*" or a "final judgment[] on the merits." *Spirit Lake Tribe*, 5 F.4th at 853 (citation omitted; emphasis added).

Objectors continue to resist (Mot. 10) the statutory bar on their direct appeal of the remand order, contending that it was not based on a lack of jurisdiction or procedural defect because in their view the remand order was erroneous. But that has never been the law. The Supreme Court made clear in *Thermtron Products* that Section 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not." 423 U.S. at 343. This Court reiterated that settled rule just a week ago: The "critical question" for deciding whether a remand is colorably based on Section 1447(c) "is not whether the district court properly invoked § 1447(c) in ordering remand, but rather whether it 'believed' that it was doing so." *G.T.* v. *Liberty Mutual Fire Insurance Co.*, __ F.4th __, 2026 WL 2068469, at *2 (8th Cir. July 17, 2026). The district court said it was ordering remand based on a "lack[] [of] jurisdiction" because "Objectors are not defendants in the action and have no basis upon which to remove it." Mot. to Dismiss Ex. 7 at 3. Section 1447(d) barred any appeal as of right of the remand order, so it cannot qualify as a "judgment" under Federal Rule 62(a).

9

Rule 62(a)'s default waiting period for executing judgments thus never came into play. And it could not have barred the district court from implementing its own remand order without delay in any event. By the rule's terms, the 30-day default disappears if the issuing court so directs.

2.      Objectors next argue that their own notice of appeal automatically stayed the remand to state court. That fails for three reasons.

First, Objectors' notice of appeal could not have triggered an automatic stay because the district court mailed its remand order before Objectors filed that notice. Immediately after issuing its remand order, the district court issued a further order stating that "the Clerk of the Court is directed to remand this case to the 22nd Judicial Circuit, State of Missouri." Mot. to Dismiss Ex. 8 at 1. A notation on the district court's docket ("cc: St. Louis City Circuit Court") indicates that the court contemporaneously mailed its remand order to the state trial court, restoring jurisdiction to the state court. See *King* v. *Monsanto Co.*, No. 4:26-cv-813, ECF 94 (E.D. Mo. June 17, 2026). Objectors' subsequent notice of appeal, even if otherwise appropriate (which was not the case), was too late to stop the remand.

Rather than acknowledge this fact, Objectors base their motion on speculation that the remand order was "almost surely" mailed after the notice of appeal. Mot. 3. But there is no reason to doubt that the district court mailed the remand order contemporaneously with docketing it—which is what the district court's own record reflects.

Second, even if the remand order had been mailed after the notice of appeal, it would make no difference because that notice was a nullity. Again, Section 1447(d) bars appellate jurisdiction over any direct appeal from the remand order. As a result, Objectors' purported notice of appeal could not confer jurisdiction on this Court or divest jurisdiction from the district court. Mot. to Dismiss 11-16.

The cases Objectors invoke do not help them. *Coinbase*, 599 U.S. at 743, and *City of Martinsville* v. *Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025), each involved an appeal as of right, not an appeal squarely *foreclosed* by statute. *Griggs* is even more inapposite, as it observed that a "notice of appeal from [an] unappealable order does not divest [a] district court of jurisdiction" and held that a premature notice of appeal was a "nullity" that could not vest jurisdiction in the court of ap-

11

peals—which is equally true of Objectors' statutorily barred notice of appeal. 459 U.S. at 58, 61 (citation omitted).

Third, Objectors' assertion that they can directly appeal the supposed denial of their motion to intervene under 28 U.S.C. § 1291 fails several times over. They cannot appeal any order denying intervention because none exists: The district court never ruled on that motion.[1] Any dispute over intervention in federal court, moreover, is now moot in all events. Mot. to Dismiss 14-16.

But even if Objectors *could* directly appeal from a supposed denial of intervention, that would not entitle them to any review of the remand order, much less to an automatic stay of that order under *Griggs* and *Coinbase*. The rationale for an automatic stay pending appeal in those cases is that the district court loses jurisdiction over whatever is at issue in the appeal. *Coinbase* held that, on appeal of a denial of a motion to

---

[1] The motion to intervene was not filed until June 9, 2026—more than two weeks after the notice of removal and two weeks after Monsanto's motion to remand—and was not even fully briefed at the time of the remand order. *King* v. *Monsanto Co.*, No. 4:26-cv-813, ECF 84 (E.D. Mo. June 9, 2026) (motion to intervene); *id.* ECF 1 (E.D. Mo. May 22, 2026) (notice of removal); *id.* ECF 12 (E.D. Mo. May 26, 2026) (Monsanto motion to remand).

12

compel arbitration, "the entire case is essentially 'involved in the appeal.'" 599 U.S. at 741 (quoting *Griggs*, 459 U.S. at 58). The same is *not* true of a denial of a motion to intervene. The only "aspect[] of the case involved in the appeal" from such an order, *Griggs*, 459 U.S. at 58, is whether the putative intervenor can participate as a party. Whether the case belongs in state or federal court is not at issue on appeal, so there is no basis to stay all proceedings (including remand) in the district court.

3. Objectors' insistence that this Court stay the district court's remand order even though it was mailed before they noticed an appeal (Mot. 13-15) fails for much the same reasons. The Court cannot stay an already-effectuated remand pending an appeal that it lacks jurisdiction to entertain. Objectors' authorities are inapposite because they involve remand orders *appealable as of right*—which this remand order is not. See *Plaquemines Parish* v. *Chevron USA, Inc.*, 84 F.4th 362, 371-372 (5th Cir. 2023); *Federal Home Loan Mortgage Corp.* v. *Grantz*, 568 F. App'x 482, 483 (8th Cir. 2014) (per curiam); Mot. to Dismiss 11-16. By contrast, when a district court's remand order is *not appealable*, both the district court and court of appeals lack jurisdiction to stay an already mailed remand order. See *Plaquemines Parish*, 84 F.4th at 372. Just so here.

Appellate Case: 26-2217     Page: 18     Date Filed: 07/24/2026 Entry ID: 5664876

Objectors contend that their "supplemental" petition for permission to appeal authorizes the Court to reopen the remanded case to stay the order of remand, but their own cases foreclose that relief. Even if Objectors were correct that their petition opened a pathway to a stay of the remand order, that hypothetical path is closed here because Objectors never pursued it. They would have been required to request a stay first in the district court (as occurred in the cases they cite) or show that doing so was impracticable. Fed. R. App. P. 8(a)(1)-(2); see *Coburn* v. *Kroger Co.*, 2024 WL 4564215, at \*1-2 (E.D. Mo. Oct. 24, 2024); *Brunts* v. *Walmart Inc.*, 2022 WL 17978413, at \*1-2 (E.D. Mo. Dec. 28, 2022).

Objectors never sought a stay below. They argue that doing so would have been impracticable because (1) their supposed appeal is already before this Court, and (2) the district court concluded that it lacked jurisdiction over the case, but neither argument withstands scrutiny. Mot. 14-15. That Objectors noticed a baseless appeal without first requesting a stay from the district court is a problem entirely of their own making. And the reality that the district court likely would have denied a stay hardly shows that requesting one would have been infeasible.

14

Even more fundamentally, Objectors' petition for permission to appeal provides no basis for staying the remand order because it is a transparent attempt to obstruct the state-court proceedings and depends on the baseless theory that Objectors—putative class members and would-be plaintiffs—are actually defendants. See Answer to Supp. Pet. 4-16. Objectors' bootstrapping effort to secure a stay premised on a petition for discretionary review that cannot succeed is baseless.

### B. Relief Against The State Court Is Not "Authorized By An Act Of Congress" Or "Necessary" In Aid Of This Court's Jurisdiction

Unable to show that a stay of the district court's remand order is legally authorized, Objectors alternatively ask this Court to bypass that ruling and to enjoin the state-court proceedings directly under the All Writs Act. Mot. 18-23. That extraordinary relief is foreclosed here.

Relief is appropriate under the All Writs Act only if it is "necessary or appropriate in aid of" the enjoining court's jurisdiction and "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "[T]he All Writs Act does not confer jurisdiction on the federal courts." *Syngenta Crop Protection, Inc.* v. *Henson*, 537 U.S. 28, 33 (2002). Instead, it confers only "residual" authority that "may not be used * * * when another method

15

of review will suffice." *Clinton* v. *Goldsmith*, 526 U.S. 529, 537-538 (1999) (citation omitted). Nor may the All Writs Act be invoked to evade the specific statutes that foreclose this Court's jurisdiction; "[w]here a statute specifically addresses the particular issue at hand, it is that authority, not the All Writs Act, that is controlling." *Pennsylvania Bureau of Corrections* v. *U.S. Marshals Service*, 474 U.S. 34, 43 (1985). And, critically, a federal court's already-limited All Writs Act authority is further constrained by the Anti-Injunction Act, 28 U.S.C. § 2283, which forecloses Objectors' request for relief here.

The Anti-Injunction Act expressly forbids a federal court from granting an "injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of [the court's] jurisdiction, or to protect or effectuate [the court's] judgments." 28 U.S.C. § 2283; see *Canady* v. *Allstate Insurance Co.*, 282 F.3d 1005, 1014-1015 (8th Cir. 2002). The Anti-Injunction Act "imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding, in the absence of one of the recognized exceptions." *In re SDDS, Inc.*, 97 F.3d 1030, 1037 (8th Cir. 1996) (quoting *Mitchum* v. *Foster*, 407 U.S. 225, 228-229 (1972)). These exceptions "are narrow and

16

are 'not to be enlarged by loose statutory construction,'" and "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of *permitting* the state courts to proceed." *Smith* v. *Bayer Corp.*, 564 U.S. 299, 306 (2011) (citations omitted; alteration adopted; emphasis added).

Objectors invoke the first two exceptions, arguing that an injunction is "expressly authorized by an Act of Congress" and "necessary in aid of this Court's jurisdiction." Mot. 18-23. Both contentions are wrong.

1.    Objectors argue that the "Act of Congress" exception to the Anti-Injunction Act is triggered because federal courts are authorized to enjoin state court proceedings that continue in violation of a removal order. See Mot. 18-21 (citing *Mitchum*, 407 U.S. at 234). This argument twists the law. District courts have the authority to enjoin state courts that proceed to adjudicate a case "*until the case is remanded*." 28 U.S.C. § 1446(d) (emphasis added). The case *has* been remanded. See Part II.A, *supra*. It violates no Act of Congress for the Missouri state court to adjudicate this case, which is properly before it.

2.    Objectors are also wrong to argue that an injunction is "necessary in aid of this Court's jurisdiction." "The Supreme Court has nar-

17

Appellate Case: 26-2217     Page: 22     Date Filed: 07/24/2026 Entry ID: 5664876

rowly interpreted the 'necessary in aid of jurisdiction' exception, and a pending state suit must truly interfere with the federal court's jurisdiction." *In re Federal Skywalk Cases*, 680 F.2d 1175, 1182-1183 (8th Cir. 1982). Accordingly, the exception does not apply simply because there is parallel *in personam* litigation in state and federal court or because of a claimed risk of inconsistent judgments. See, *e.g.*, *In re BankAmerica Corp. Securities Litigation*, 263 F.3d 795, 801 (8th Cir. 2001).

An injunction against the state court proceedings here is not "necessary" in aid of this Court's jurisdiction. Once again, this Court has no jurisdiction over Objectors' baseless direct appeal, and their pending petition for permission to appeal should be denied as meritless, because the removal lacked even an arguable basis in law or fact and was brought for improper reasons. In any event, nothing that might happen in state court will interfere with this Court's ability to adjudicate Objectors' unauthorized appeal of the remand order. At the very most, in the exceedingly unlikely event that this Court holds that it has jurisdiction over Objectors' direct appeal or grants permission to appeal and reverses the district court's remand order, some duplicative litigation could result. But that hypothetical possibility is far from enough to warrant the strong

18

medicine of enjoining ongoing proceedings in the courts of a sovereign State that the district court concluded should continue. See *In re Federal Skywalk Cases*, 680 F.2d at 1183.

## C. The Traditional Factors Do Not Support Emergency Relief From This Court

Even if Objectors' desired relief were legally available, their stay motion should still be denied under the traditional factors governing a request for an injunction or stay pending appeal. Objectors are not likely to succeed on the merits of their appeal of the remand order, they will not be irreparably harmed absent a stay, and the equities and public interest overwhelmingly counsel against a stay.

"In ruling on a request for an injunction pending appeal, the court must engage in the same inquiry as when it reviews the grant or denial of a preliminary injunction." *Missouri* v. *Biden*, 112 F.4th 531, 536 (8th Cir. 2024) (citation omitted). This Court thus must consider (1) whether the movant is "likely to succeed on the merits"; (2) whether the movant is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) whether the "balance of the equities tips in [the movant's] favor"; and (4) whether "an injunction is in the public interest." *Ibid.* (citation omit-

19

ted).  The factors for considering whether to grant a stay pending appeal are similar.  See *Nken* v. *Holder*, 556 U.S. 418, 425-426 (2009).

Objectors are unlikely to succeed on the merits of their appeal.  At the threshold, this Court is unlikely to exercise jurisdiction over the appeal at all.  The direct appeal is and was "a charade" and "not in good faith."  Mot. to Dismiss 1-2.  Section 1447(d) *unequivocally* barred any attempt to directly appeal the remand order, and Objectors are unable to appeal the purported "denial" of their motion to intervene when no such order was issued and the question is now moot.  See Reply in Support of Mot. to Dismiss 1-2.  And this Court is unlikely to exercise discretionary jurisdiction under Section 1453.  See Answer to Supp. Pet. 4-16.

Even if this Court were to exercise jurisdiction, Objectors' challenges to the district court's remand order are frivolous.  Objectors would have had the right to remove this case to federal court only if they had been "defendants" to the action.  See Answer to Supp. Pet. 9.  But Objectors were *not even parties* to the case, much less *defendants*.  *Id.* at 10.  As both a matter of this Court's jurisdiction and the district court's jurisdiction, Objectors are unlikely to succeed in their appeal.

Objectors will also not be irreparably harmed absent a stay. Objectors assert in conclusory fashion that they will be irreparably harmed without a stay because (1) a state court judgment might conflict with federal court decisions or moot this appeal; and (2) they might have to expend resources litigating this case in two fora. Both assertions are baseless. The state court's exercise of jurisdiction does not harm Objectors. And it is blackletter law that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury," *Renegotiation Board* v. *Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974), because "the expense and annoyance of litigation is 'part of the social burden of living under government,'" *FTC* v. *Standard Oil Co.*, 449 U.S. 232, 244 (1980) (citation omitted). Objectors' failure to show irreparable harm is reason enough to deny their requested relief.

The equities and public interest also counsel against a stay. This settlement will give both Monsanto and the class much-needed certainty about the scope of recovery for plaintiffs—certainty that is particularly important for plaintiffs after *Monsanto Co.* v. *Durnell*, No. 24-1068 (U.S. June 25, 2026), which eliminated plaintiffs' primary theory of liability and, at a minimum, made the litigation of other theories much more dif-

21

ficult. Conversely, the Objectors are objectors by choice. They could have preserved their individual rights to sue separately simply by opting out of the settlement. Instead, they decided to object to the *entire* settlement—affecting not only their own rights but the rights of the vast majority of plaintiffs who support the settlement.

Objecting is their prerogative, but it is a prerogative that must be exercised through the appropriate processes. Objections to a Missouri state-court class action belong in Missouri state court, on that court's timeline. And review of that court's conclusions is then available through the appropriate appellate procedures—up to a potential petition for certiorari to the United States Supreme Court. Instead of properly availing themselves of that process, Objectors have hijacked it with their efforts to drag this case to federal court. They have already successfully delayed the state court's ability to consider their merits objections. See Answer to Supp. Pet. 8. Any further delay from this sham removal and unauthorized appeal would be inequitable and against the public interest.

Objectors' requested relief is also barred by the doctrine of unclean hands. Under that doctrine, courts may not issue equitable relief when a movant's "misconduct has 'immediate and necessary relation to the eq-

22

uity that he seeks.'" *Henderson* v. *United States*, 575 U.S. 622, 625 n.1 (2015) (citation omitted); *U.S. Jaycees* v. *Cedar Rapids Jaycees*, 794 F.2d 379, 382 (8th Cir. 1986) (The Court is "a court of conscience, and it ought not grant equitable relief for an unconscionable purpose."). Objectors have demonstrated flagrant "disrespect for both state and federal courts' processes" in a "bad-faith attempt to delay the state-court proceedings." Answer to Supp. Pet. 7, 9. Their latest request is yet one more attempt to accomplish the same illicit purpose. Equity does not countenance that abuse.

## CONCLUSION

The Court should deny this motion as moot after dismissing Objectors' direct appeal and denying their petition for permission to appeal. In the alternative, the Court should deny this motion on its merits.

23

Dated: July 24, 2026

Respectfully submitted,

*/s/ Miguel A. Estrada*

Elaine P. Golin  
Carrie M. Reilly  
WACHTELL, LIPTON, ROSEN & KATZ  
51 West 52nd St.  
New York, NY  10019  
(212) 403-1000  
epgolin@wlrk.com  
cmreilly@wlrk.com  

James F. Bennett  
DOWD BENNETT LLP  
7676 Forsyth Blvd., Suite 1900  
St. Louis, MO  63105  
(314) 889-7300  
jbennett@dowdbennett.com  

Miguel A. Estrada  
Daniel W. Nelson  
Jonathan C. Bond  
GIBSON, DUNN & CRUTCHER LLP  
1700 M St., N.W.  
Washington, DC  20036  
(202) 955-8500  
mestrada@gibsondunn.com  
dnelson@gibsondunn.com  
jbond@gibsondunn.com  

Stephen J. Hammer  
GIBSON, DUNN & CRUTCHER LLP  
2001 Ross Avenue, Suite 2100  
Dallas, TX  75201  
(214) 698-3100  
shammer@gibsondunn.com  

*Counsel for Monsanto Company*

24

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Eighth Circuit Internal Operating Procedure III.I and Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,756 words, excluding the portions exempted by Eighth Circuit Internal Operating Procedure III.I and Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f). This document complies with the type-face and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New Century Schoolbook font. I certify that this document has been scanned for viruses and is virus-free.

Dated: July 24, 2026          _/s/ Miguel A. Estrada_
                                           Miguel A. Estrada

Appellate Case: 26-2217    Page: 30    Date Filed: 07/24/2026 Entry ID: 5664876

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I electronically filed the fore-going with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 24, 2026

*/s/ Miguel A. Estrada*
Miguel A. Estrada

26