# HOLLAND LAW FIRM

TRIAL PRACTICE
www. hollandtriallawyers.com

July 27, 2026

**<u>VIA ECF</u>**

Hon. Susan E. Bindler
Clerk of the Court
United States Court of Appeals
 for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

Re:  ***King, et al. v. Monsanto Company, et al.* No. 26-2217**

Dear Ms. Bindler:

As Class Counsel for the Plaintiffs-Appellees, I respectfully submit this letter pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure.

Plaintiffs-Appellees Randall King, Scott Butterfield, Robert Koehler, Michael Merx, and Bruce Waldman—the named plaintiffs and proposed class representatives—join in and adopt in full Monsanto's July 24, 2026 Response to Objectors' Expedited Motion to Stay the Order of Remand or Enjoin State-Court Proceedings Pending Appeal [Entry ID: 5664876]. Plaintiffs-Appellees agree with each argument in that Response and likewise ask the Court to dismiss Objectors' appeal, deny their petition for permission to appeal, and deny the stay motion as moot—or, in the alternative, to deny the stay motion on its own lack of merit.

Objectors' request to stay the district court's remand order is legally unsupportable. Section 1447(d) bars any appeal of the remand order as of right; Objectors cannot circumvent that bar by attempting to appeal a purported "denial" of an intervention motion that the district court never decided and that is, in any event, now moot. Indeed, that intervention motion was filed by Objectors more than two weeks *after* removal, simultaneously with their oppositions to the remand motions of Plaintiffs and Monsanto. Moreover, the intervention motion had not yet even been fully briefed when the district court entered its remand order. Objectors' theory would lead

Hon. Susan E. Bindler
July 27, 2026
Page 2

to absurd results: any party could delay remand for months simply by tacking a motion to intervene onto the heels of a frivolous removal, and then claiming a right to appeal its "denial" even where, as here, the motion is never addressed precisely because the case has been remanded. And Objectors' "supplemental petition" for permission to appeal fails for the same reason removal did—absent members of a putative plaintiff class who were never sued are not defendants entitled to remove. *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). In short, there is no appeal as of right, and there is no valid ground to stay a completed remand pending a request for discretionary review under CAFA.

Objectors' fallback request that this Court enjoin the state-court proceedings under the All Writs Act fares no better. The Anti-Injunction Act forbids a federal court from halting pending state proceedings outside three narrow exceptions, and none applies here: the case has been remanded, so no Act of Congress is offended by the state court adjudicating a case properly before it, and an injunction cannot be "necessary in aid of" appellate jurisdiction this Court does not possess. Even assuming such relief were available, Objectors cannot satisfy the traditional requirements for a stay or injunction pending appeal. They are unlikely to succeed on the merits of an appeal barred by statute and premised on the untenable theory that absent members of a putative plaintiff class are "defendants" entitled to remove, *see Home Depot*; their claimed harms—litigation expense and a state-court hearing on the merits of their own objections—are not irreparable as a matter of settled law; and the equities and the public interest lie with the class, not with Objectors.

While Objectors press this baseless appeal, tens of thousands of injured class members wait. The Roundup litigation is now in its second decade: the first cases were filed in 2015, and of the more than 125,000 plaintiffs who have filed Roundup claims in some 52,000 lawsuits, only 24 cases have ever been tried to verdict. For the vast majority of class members, many of them suffering with non-Hodgkin lymphoma, there is no realistic prospect of a trial date for years, if ever, and absent this class settlement the litigation could continue for decades more. The proposed settlement that is now awaiting final approval offers those class members prompt and certain compensation and it enjoys broad support among firms handling the significant majority of the Roundup litigation. Objectors have already filed objections to the settlement in the state-court proceedings, and the final fairness hearing on August 19, 2026 is where those objections belong—and where Objectors and every other class member will have a full opportunity to be heard. It should proceed on schedule, free of this sideshow created by Objectors.

Hon. Susan E. Bindler
July 27, 2026
Page 3

      For the reasons stated in Monsanto's Response, which Plaintiffs-Appellees adopt in full, the Court should dismiss the appeal, deny the petition for permission to appeal, and deny the stay motion as moot, or in the alternative deny the motion on its merits, on the expedited basis Monsanto has requested.

      Respectfully,

      s/ Eric D. Holland
      Eric D. Holland
      HOLLAND LAW FIRM
      211 North Broadway, Suite 2625
      St. Louis, MO 63102
      eholland@hollandtriallawyers.com

      *Attorneys for Plaintiffs Robert Koehler,*
      *Michael Merx, and Lead Counsel for the*
      *Putative Missouri Class*

      Michael Ketchmark
      KETCHMARK & McCREIGHT, P.C.
      11161 Overbrook Rd. #210
      Leawood, KS 66211
      mike@ketchmclaw.com

      *Attorneys for Plaintiffs Robert Koehler,*
      *Michael Merx, and Counsel for the Putative*
      *Missouri Class*

      Christopher A. Seeger
      SEEGER WEISS LLP
      55 Challenger Rd., 6th Floor
      Ridgefield Park, NJ 07660
      973-639-9100
      cseeger@seegerweiss.com

      *Attorneys for Plaintiffs Randall King, Scott*
      *Butterfield, and Bruce Waldman and*
      *Lead Counsel for the Putative Missouri Class*

Hon. Susan E. Bindler
July 27, 2026
Page 4

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843.216.9000
jrice@motleyrice.com

John Eddie Williams, Jr.
WILLIAMS HART BOUNDAS, LLP
8441 Gulf Freeway #600
Houston, TX 77017
713-497-1729
jwilliams@whlaw.com

Peter A. Kraus
WATERS KRAUS PAUL & SIEGEL
3141 Hood Street, Suite 700
Dallas, TX 75219
(214) 357-6244
kraus@waterskraus.com

*Attorneys for Plaintiffs Randall King, Scott
Butterfield, and Bruce Waldman and Counsel
for the Putative Missouri Class*

CC: Counsel of record (via ECF)
EDH/tlb