**No. 26-2217**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

SARAH JANE HUNT,
*Interested Party*

RANDAL KING; SCOTT BUTTERFIELD; ROBERT KOEHLER; MICHAEL MERX;
BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,
*Plaintiffs-Appellees*,

*v.*

MONSANTO COMPANY,
*Defendant-Appellee*,

*v.*

CRAIG BOYLAN; DAVID CHILDRESS; XAVIER ESTRADA; LORI ANN FAIN;
DONNA MASON; FREDERICK O'NEILL; EDWARD PETER RANKIN; WILLIAM ROBBINS;
WILLIAM SZABO; PATRICIA VEAL,
*Objector-Appellants*.

---

On Appeal from the United States District Court for the
Eastern District of Missouri, Eastern Division
Case No. 4:26-CV-813 (Hon. Henry Edward Autrey)

---

## Appellants' Reply in Support of Expedited Motion to Stay

---

T. Roe Frazer, II
R. Prescott Sifton, Jr.
FRAZER PLC
30 Burton Hills Blvd., Ste. 450
Nashville, TN 37215
Tel.: (615)647-6464
scott@frazer.law

Ashley C. Keller
John J. Snidow
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Tel.: 312-741-5220
ack@kellerpostman.com

*Counsel for Appellants Objector
Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................................... ii

INTRODUCTION ...................................................................................1

ARGUMENT.........................................................................................2

    I.    Monsanto concedes the stay should issue if the Court has jurisdiction............................................................................2

    II.   Rule 62(a) automatically stayed the remand order............................4

    III.  Appellants' notice of appeal stayed the remand pending this appeal. ..................................................................................6

    IV.  If no automatic stay triggered, the Court should enter a stay now..10

    V.   An injunction against state-court proceedings is necessary..............12

CONCLUSION .....................................................................................13

CERTIFICATE OF COMPLIANCE ................................................................15

i

Appellate Case: 26-2217     Page: 2     Date Filed: 07/31/2026 Entry ID: 5667552

# TABLE OF AUTHORITIES

<b>Page(s)</b>

**Cases**

*In re Baldwin-United Corp.*,
770 F.2d 328 (2d Cir. 1985) ................................................................12

*Canadian Breaks LLC v. JPMorgan Chase Bank, N.A.*,
No. 2:21-cv-037-Z, 2026 WL 1164691
(N.D. Tex. Apr. 29, 2026) ....................................................................5

*Chicago, R.I. & P.R. Co. v. Stude*,
346 U.S. 574 (1954) ...........................................................................10

*City of Martinsville v. Express Scripts, Inc.*,
128 F.4th 265 (4th Cir. 2025) ..............................................................7

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023) ..........................................................................7, 8

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982) ...............................................................................8

*Hunter v. Underwood*,
362 F.3d 468 (8th Cir. 2004) ...............................1, 2, 3, 9, 10, 13

*Jacks v. Meridian Res. Co., LLC*,
701 F.3d 1224 (8th Cir. 2012) .............................................................5

*Estate of Lamberson v. Lamberson*,
No. 2:25-cv-00076-HEA (E.D. Mo. Dec. 29, 2025) ..........................6

*Smith v. SEECO, Inc.*,
865 F.3d 1021 (8th Cir. 2017) .............................................................5

*Toronto-Dominion Bank v. Cent. Nat'l Bank & Tr. Co.*,
753 F.2d 66 (8th Cir. 1985) ..............................................................5, 8

*Vendo Co. v. Lektro-Vend Corp.*,
433 U.S. 623 (1977) ..........................................................................4, 9

Appellate Case: 26-2217   Page: 3   Date Filed: 07/31/2026 Entry ID: 5667552

**Statutes**

28 U.S.C.
§ 1446.........................................................................................4
§ 1446(d) ...............................................................................3, 9
§ 1447(c) ..................................................................................7
§ 1651....................................................................................9
§ 2283....................................................................................9

**Other Authorities**

Fed. R. App. P. 8(a)(2)(A)(i) ...................................................9

Fed. R. Civ. P. 54(a) ................................................................4

iii

# INTRODUCTION

Every argument in Monsanto's opposition flows from a single assumption: that this Court lacks jurisdiction. Yet Monsanto (impliedly) concedes that if the Court has jurisdiction, an automatic stay applies and the remand statute—an "act of Congress"—authorizes this Court to enjoin the state-court proceedings to protect this Court's jurisdiction.

Those concessions are fatal. This Court has jurisdiction over this appeal. But at a minimum, it has jurisdiction to *determine* its jurisdiction. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) ("Every federal court has the inherent power to determine as a preliminary matter its own subject matter jurisdiction." (citation omitted)).

That is enough to warrant the stay; the state court must not interfere until this Court determines its jurisdiction. The case is *right now* in this Court. And that will remain so unless or until this Court holds that it lacks judicial power. Appellants' merits brief will explain why this case belongs in federal court. In the meantime, the stay must issue to ensure this Court can reach that conclusion for itself.

1

## ARGUMENT

**I.    Monsanto concedes the stay should issue if the Court has jurisdiction.**

Monsanto begins by re-hashing its stale argument that this Court lacks jurisdiction. Monsanto is wrong. *See* Mot. to Stay 2; Opp'n to Mot. to Dismiss 6–22. And even if § 1291 did not supply jurisdiction, the Court should accept review under § 1453(c). Monsanto knows that if the Court has jurisdiction, the stay should issue (and, in reality, already has) and the state-court proceedings must halt. Monsanto's *prediction* that the Court will decide it lacks jurisdiction does not "moot" this motion. Opp'n 4. Just the opposite. *While* the Court determines its jurisdiction—bound up with the merits of the appeal—the state-court proceedings must stop.

Monsanto elides this crucial point: this Court *alone* has jurisdiction to resolve whether it has jurisdiction. *Hunter*, 362 F.3d at 475. Monsanto has every right to argue (incorrectly) that the appeal does not lie under § 1291. But there are only two relevant questions for this motion. The first is *where* should arguments about this Court's jurisdiction be made? The answer is of course "in the merits briefs," which will be before this Court shortly. The

2

second is "what should happen while those arguments are considered?" The answer is that "a stay must issue."

The reason is straightforward. This Court alone has "inherent power" to decide whether it has jurisdiction. *Hunter*, 362 F.3d at 475. It cannot effectively wield that power if the case is permitted to march forward in state court. Monsanto does not even entertain the possibility that Appellants will prevail. But this Court must protect its jurisdiction in the event that this tendentious disbelief proves incorrect.

That is precisely why Congress *codified* stays of state-court proceedings after contested removals. 28 U.S.C. § 1446(d). Those contests almost *always* entail a party asserting the district court lacks jurisdiction. Example: a case is removed. The plaintiff argues that the district court lacks jurisdiction and moves to remand. Sometimes the plaintiff is correct, the district court determines that it lacks jurisdiction, and the case is remanded. Other times the plaintiff is wrong, the district court determines that it *has* jurisdiction, and the case remains in federal court. But there is no question what can happen *in state court* while the federal court makes that determination: nothing.

3

In other words, *while* the district court is determining whether it has jurisdiction or not, the state court must *still* "proceed no further." 28 U.S.C. § 1446. If it tries to proceed, it must be enjoined, and that injunction is not a "nullity" regardless of the ultimate answer to the jurisdictional question. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 640 (1977). The principle applies with equal force in a federal appellate court.

## II. Rule 62(a) automatically stayed the remand order.

Monsanto concedes any order that is a "judgment" under Rule 54 is automatically stayed by Rule 62(a). Opp'n 7–8. Monsanto seems to argue that Rule 62(a) *never* applies to an order of remand because a "remand order is not a 'judgment' on which anyone seeks to 'execute' by levying property." Opp'n 7–8. But courts regularly apply Rule 62(a) to appealable remand orders. *See* Mot. 10–11 (collecting cases). And they do so because *some* remands are "order[s]" "from which an appeal lies." Fed. R. Civ. P. 54(a). *See* Mot. 10-11.

Faced with that reality, Monsanto is forced to argue that Rule 62(a) does not apply because § 1447(d) rendered *this* remand unappealable. Opp'n 8–9. It mischaracterizes the question as turning on Appellants' "view [that] the remand order was erroneous." *Id.* at 9. But Appellants do not just argue

4

the order was erroneous (it surely was). Appellants also argue that the district court's order cannot be "colorably characterized" as based on a jurisdictional or procedural defect. *See* Mot. 10–11. Instead, the remand order was based on "some other, non-section 1447(c) ground," *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1229 (8th Cir. 2012), *and* a denial of intervention that was "immediately appealable as a final judgment," *Smith v. SEECO, Inc.*, 865 F.3d 1021, 1023 (8th Cir. 2017) (per curiam) (citation omitted), even if it was "implicit" from the district court's "failure to rule on" intervention, *Toronto-Dominion Bank v. Cent. Nat'l Bank & Tr. Co.*, 753 F.2d 66, 68 (8th Cir. 1985).

Monsanto concedes that *if* there is § 1291 jurisdiction, Rule 62(a) applies. And that means even if the district court mailed the order before the appeal was noticed, that "prematur[e]" mailing "had no effect." *Canadian Breaks LLC v. JPMorgan Chase Bank, N.A.*, No. 2:21-cv-037-Z, 2026 WL 1164691, at *3 (N.D. Tex. Apr. 29, 2026). This Court's jurisdiction over the appeal—and its jurisdiction to determine its jurisdiction—is thus dispositive.

5

### III. Appellants' notice of appeal stayed the remand pending this appeal.

The same logic applies to Appellants' argument that the *Griggs* principle automatically stayed the remand. Mot. 6–10. Monsanto again concedes that *if* the order of remand was appealable as of right, the notice of appeal automatically stayed the effectiveness of the remand. *See* Opp'n 10–13.

Monsanto first argues the notice of appeal did not trigger an automatic stay because the district court supposedly mailed the remand order before the notice. *Id.* at 10–11. Monsanto points to two facts to support its conjecture, but neither even suggests that the district court *actually mailed* the order first. That the district court's order "directed" the clerk to "remand this case" shows only that the district court *told* the clerk to mail the order. The same court told the same clerk the same thing in a different case, and the clerk there did not *actually mail* the order until the next day. *See Estate of Lamberson v. Lamberson*, No. 2:25-cv-00076-HEA (E.D. Mo. Dec. 29, 2025), Dkt. No. 5 ("the Clerk of the Court is directed to remand this case"); *id.,* (E.D. Mo. Dec. 30, 2025) (docket "REMARK" showing "Certified Copy . . . mailed . . . as of this date.").

6

The "notation on the district court's docket" carbon copying the state court similarly establishes nothing. Even if that notation was always there,[1] that would not establish that the clerk *actually mailed* the order. Opp'n 10. Remand is effected when "[a] certified copy of the order of remand [is] mailed by the clerk," not when the state court is *carbon copied* on a *docket notation*. 28 U.S.C. § 1447(c). Nothing suggests the order was mailed before the notice, and the reasonable inference is that the clerk did not "g[e]t to the post office" in less than 94 minutes. *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 267 (4th Cir. 2025).

Second, Monsanto again argues § 1447(d) rendered the notice of appeal "a nullity." Opp'n 11. But that is (again) a question for *this Court* to determine in the first instance, which is why this Court has issued decisions (not nullities) on the metes and bounds of § 1291 and § 1447(d). If the Court has jurisdiction under § 1291, Monsanto *concedes* the "background *Griggs* rule applies." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023). *Griggs* similarly must apply *while* the Court makes its jurisdictional determination.

---

[1] The original ECF notice did not include the notation. And the docket entry notes that the "Main Document 94 [was] replaced." Dkt. No. 94.

7

Third, Monsanto contends that the district court's denial of intervention did not trigger an automatic stay. Opp'n 12. Monsanto wrongly insists there was no such denial because the district court did not expressly order it. *Cf. Toronto-Dominion Bank*, 753 F.2d at 68 ("implicit denial" of intervention creates "standing to appeal."). It next argues that even if the district court implicitly denied intervention, Appellants' appeal of that denial did not involve "the entire case." Opp'n 11–12 (quoting *Coinbase*, 599 U.S. at 741).

This ignores Appellants' argument that the remand was "*predicated* on an intervention-of-right denial." Mot. 8 (emphasis added). The district court remanded *only* because it believed "Objectors are not defendants." Dkt. No. 93 at 3. It could so conclude *only by* denying Appellants' *right* to intervene. The denial of intervention preceded the remand decision in logic and fact, and in fact precipitated remand. *See* Appellants' Opp'n to Mot. to Dismiss 18–20. "Because the question on appeal is whether the case belongs in [state court] or instead in the district court . . . *Griggs* dictates that the district court must stay its proceedings." *Coinbase*, 599 U.S. at 741 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)).

8

Finally, Monsanto argues the Court lacks jurisdiction to issue a stay. Opp'n 13–14. But federal courts in removed cases are expressly authorized to stay state-court proceedings *while* they consider their jurisdiction. 28 U.S.C. § 1446(d); *Vendo*, 433 U.S. at 640 ("[R]emoval acts as a stay of the state-court proceedings"). That power exists *even if* a party vociferously argues the case must be remanded because the district court lacks jurisdiction. That stay is not a nullity *nunc pro tunc* even if the district court *eventually* agrees that it lacks jurisdiction and remands. District courts may protect their "inherent power" to decide *whether* they have jurisdiction. *Hunter*, 362 F.3d at 475. This Court has that power, too, under the All Writs Act and the Anti-Injunction Act, neither of which distinguishes between district and appellate courts. 28 U.S.C. § 1651 (empowering "all Courts established by Act of Congress."); 28 U.S.C. § 2283 (restricting, with applicable exceptions, "[a] court of the United States").

So the Court need not base its stay on Appellants' alternative petition to appeal. But it plainly can. Monsanto points to the fact that Appellants did not move first in the district court. Opp'n 14–15. But Monsanto ignores why moving below would have been impracticable. *See* Fed. R. App. P.

9

8(a)(2)(A)(i); Mot. 14–15. Appellants were entitled (and required) to move *this* Court for a stay.

## IV. If no automatic stay triggered, the Court should enter a stay now.

The *Nken* factors independently support a stay. *See* Mot. 15. Monsanto outright ignores that the "likelihood of success" factor is subordinated to "the remaining factors" in CAFA cases. Mot. 16. Monsanto instead proclaims this Court "unequivocally" does not have § 1291 jurisdiction and "is unlikely to exercise discretionary jurisdiction." Opp'n 20. But the Court does have jurisdiction (*supra*, § II), and at minimum has jurisdiction to decide its jurisdiction. *Hunter*, 362 F.3d at 475. And the Court likely will exercise jurisdiction under § 1453 precisely because Appellants are likely to succeed. In this settlement-only action, Appellants are the *only* parties opposing the relief sought, and so "federal law determines" that they are "a defendant." *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954).

Monsanto's effort to undermine the Appellants' prejudice while this case proceeds in two fora at once fails. While "litigation expense" might not establish irreparable injury, Opp'n 21, the very real probability that the state-court proceedings will *conclude* before this appeal is even *briefed* does. A right to this Court's opinion is not about money; it is about entitlement to a ruling

10

from the appropriate tribunal. If Monsanto really believed there is no harm in litigating in two courts at once, it would not have moved for expedited dismissal. This Court is perfectly capable of assessing its jurisdiction in the ordinary course. But Monsanto insisted on expedited resolution because these proceedings would "undermine" and "disrup[t]" the state-court proceedings. Mot. to Expedite at 6. If proceedings in this Court prejudice Monsanto, then the state-court proceedings prejudice Appellants.

The best "prejudice" argument Monsanto musters is that it wants "certainty about the scope of recovery for plaintiffs." Opp'n 21. That certainty will arrive quickly no matter how things shake out here—the only question is *which tribunal* will provide that certainty. Monsanto's (irrelevant) argument that "Objectors are objectors by choice" is rich. Opp'n 22. Objectors did not *choose* to have Monsanto and Class Counsel collude to extinguish their rights any more than they chose to have cancer. That Monsanto and Class Counsel *forced* them to decide whether to opt out or stand up for other Roundup victims only underscores the prejudice. They should not have to litigate their objections before the court that rubber-stamped the settlement while that court's jurisdiction is in question.

11

Finally, Monsanto's "unclean hands" argument is nonsense. Monsanto cites only its *own opinion* as demonstrating Appellants' supposedly "unconscionable" behavior. Opp'n 23 (quoting Answer to Supp. Pet. 7, 9). Appellants' hands are clean—they exercised their right to remove and then their right to appeal the erroneous order of remand.

## V. An injunction against state-court proceedings is necessary.

The All Writs Act and the exceptions to the Anti-Injunction Act apply. Monsanto *concedes* that the "Act of Congress" exception applies *if* the district court's belated mailing of the remand order was a nullity. So it asserts the conclusion: "this case has been remanded." Opp'n 17 (emphasis omitted). But the remand was never effected, so jurisdiction never returned to the state court. *See supra* at § III. If Appellants are right on that front (they are), Monsanto concedes the injunction should issue.

The same goes for Monsanto's similarly contingent argument that the "necessary in aid of" jurisdiction exception does not apply.[2] Of course it does

---

[2] Contra Monsanto, Opp'n 17-18, the exception applies to *in personam* class proceedings "so far advanced that [they are] the virtual equivalent of a res over which the [federal court] require[s] full control." *In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985). This case is "so far advanced" that the deadlines *expired* while the case was in federal court. Extinguishing Objectors' claims—their *res*—is the purpose of the state-court proceedings.

12

not apply if the "Court has no jurisdiction." Opp'n 17–18. But the Court does have jurisdiction, and *unquestionably* has jurisdiction to *decide* whether it does. *Hunter*, 362 F.3d at 475. Monsanto's argument that "nothing that might happen in state court will interfere with this Court's ability to adjudicate [the] appeal," is wild. What will happen if this Court determines it has jurisdiction *after* the state court overrules Appellants' objections, certifies the class, and blesses the settlement? Monsanto will argue this Court—jurisdiction aside—*cannot* decide the appeal because the state court's final judgment "mooted" all these issues. It will insist this Court has no appellate authority to review a state-court judgment, leaving nothing to remand to the district court. An injunction is "necessary" to prevent that inevitability—to "aid . . . [this] Court's jurisdiction."

## CONCLUSION

The stay and injunction should issue.

Dated: <mark>July 31, 2026</mark>

Respectfully submitted,

*/s/ Ashley C. Keller*
Ashley C. Keller
John J. Snidow
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Tel.: 312-741-5220
ack@kellerpostman.com

T. Roe Frazer, II

13

R. Prescott Sifton, Jr.
FRAZER PLC
30 Burton Hills Blvd., Ste. 450
Nashville, TN 37215
Tel.: (615)647-6464
scott@frazer.law

*Counsel for Appellants*

14

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(C) because, excluding parts of the document exempted by Fed. R. App. P. 27(a)(2)(B), it contains 2,600 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Word in fourteen-point Book Antiqua font.

Pursuant to Circuit Rule 28A(h), I hereby also certify that electronic files of this Reply have been submitted to the Clerk via the Court's CM/ECF system. The files have been scanned for viruses and are virus-free.

*Ashley C. Keller*
Ashley C. Keller

15

Appellate Case: 26-2217     Page: 19     Date Filed: 07/31/2026 Entry ID: 5667552

# CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Ashley C. Keller*
Ashley C. Keller

Appellate Case: 26-2217    Page: 20    Date Filed: 07/31/2026 Entry ID: 5667552