## No. 26-2217

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

SARAH JANE HUNT,

*Interested Party*,

RANDALL KING; SCOTT BUTTERFIELD; ROBERT KOEHLER; MICHAEL MERX; BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,

*Plaintiffs-Appellees*,

*v.*

MONSANTO COMPANY,

*Defendant-Appellee*,

*v.*

CRAIG BOYLAN; DAVID CHILDRESS; XAVIER ESTRADA; LORI ANN FAIN; DONNA MASON; FREDERICK O'NEILL; EDWARD PETER RANKIN; WILLIAM ROBBINS; WILLIAM SZABO; PATRICIA VEAL,

*Objectors-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Missouri
Case No. 4:26-cv-813 (Hon. Henry Edward Autrey)

# MONSANTO COMPANY'S EXPEDITED MOTION TO HOLD APPEAL IN ABEYANCE AND STAY BRIEFING PENDING RESOLUTION OF MOTION TO DISMISS

Elaine P. Golin
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, NY 10019
(212) 403-1000

Miguel A. Estrada
Daniel W. Nelson
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC 20036
(202) 955-8500

*Counsel for Monsanto Company*
*[Additional Counsel Listed in Signature Block]*

## MONSANTO COMPANY'S EXPEDITED MOTION TO HOLD APPEAL IN ABEYANCE AND STAY BRIEFING PENDING RESOLUTION OF MOTION TO DISMISS

Pursuant to Federal Rule of Appellate Procedure 27 and Eighth Circuit Rule 27A(a)(10), Monsanto respectfully moves to hold this appeal in abeyance and stay the current briefing schedule pending this Court's resolution of Monsanto's motion to dismiss. Because the requested relief is procedural and the existing deadline for Monsanto's merits response brief is **September 8, 2026**, Monsanto respectfully requests expedited consideration under Federal Rule of Appellate Procedure 27(b) and a ruling on this motion by **August 19, 2026**.

1.  Objectors are a group of 10 putative plaintiffs who objected to a proposed class-action settlement filed in Missouri state court. Objs. to Class Action Settlement Agreement and Preliminary Approval Order, *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. May 21, 2026). Solely in an effort to derail the settlement-approval process, Objectors removed the state-court action to the Eastern District of Missouri under the theory that they—putative class members and would-be plaintiffs—are actually defendants and are therefore able to remove the case under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The district

1

court rightly rejected that specious argument and remanded the case to state court, explaining that it lacked jurisdiction over the improperly removed case.

Objectors filed a notice of appeal to this Court anyway. That notice of appeal flatly violated 28 U.S.C. § 1447(d), which denies appellate jurisdiction over any "order remanding a case to the State court from which it was removed" absent inapplicable exceptions or permission to appeal. As explained in Monsanto's fully briefed motion to dismiss, Objectors' direct appeal was taken in bad faith. See Mot. to Dismiss 1-4, 11-20; Reply in Support of Mot. to Dismiss 3-13. Monsanto continues to respectfully request that this Court rule on that motion expeditiously.[1]

2. This Court should hold this appeal in abeyance and stay further merits briefing pending the resolution of Monsanto's motion to dismiss. Federal courts have broad discretion to control their dockets by holding cases in abeyance to promote judicial economy and the fair ad-

[1] Objectors also filed a petition for permission to appeal, purportedly as a "supplement" to their improper notice of appeal. Because this Court has not yet acted on that petition, there is no briefing schedule that pertains to it. This motion relates to the schedule issued by the Court in the ordinary course for the appeal that Objectors filed in defiance of 28 U.S.C. § 1447(d) and that is subject to Monsanto's pending motion to dismiss.

2

ministration of justice by avoiding potentially unnecessary or duplicative briefing. See, *e.g.*, *Dietz* v. *Bouldin*, 579 U.S. 40, 45-46 (2016); *United States* v. *Loggins*, 181 F.4th 883, 884 (8th Cir. 2026); Order at 1, *Iowa* v. *SEC*, No. 24-1522 (8th Cir. Sep. 12, 2025) (ordering petitions for review held in abeyance).

Until the Court resolves the threshold issue of jurisdiction, merits briefing is unnecessary and unproductive. The Court need not wade through Objectors' convoluted theories for why they (putative plaintiffs) are really somehow defendants who were "sued by the original plaintiff," because this Court does not have jurisdiction over Objectors' appeal of the remand order in the first place. *Home Depot U.S.A., Inc.* v. *Jackson*, 587 U.S. 435, 437 (2019); see Mot. to Dismiss 11-20.

Nor would further briefing aid the Court in resolving the motion to dismiss. Objectors' merits brief (at 2-3) adds nothing new to the jurisdictional arguments already discussed in the briefing on the motion to dismiss. Monsanto would nevertheless be obligated to reurge this Court's lack of jurisdiction in its own merits response brief. There is no reason for the Court to subject itself to further briefing when it already has everything it needs to conclude that this appeal is not properly before it.

3

Section 1447(d) exists "to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues" and to "forbid review by appeal or extraordinary writ of any order remanding a case" under Section 1447(c). *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U.S. 336, 351-352 (1976). Allowing merits briefing to proceed further despite the pending motion to dismiss would thwart that purpose.

Holding merits briefing in abeyance would promote judicial economy and the fair administration of justice by avoiding the submission of additional briefs that would be largely repetitive of the dispositive jurisdictional questions already before the Court and that are not needed to determine whether this Court has jurisdiction over this frivolous and vexatious appeal. The most efficient use of the Court's resources would be to hold merits briefing in abeyance until it rules on the threshold issue of its lack of appellate jurisdiction.

Monsanto respectfully requests that this Court rule on this motion by August 19, 20 days prior to the current deadline for Monsanto to file

4

its response brief. This will minimize the resources expended in preparing unnecessary briefing should this Court dismiss the appeal.[2]

## CONCLUSION

For the foregoing reasons, Monsanto respectfully requests that this Court hold this appeal in abeyance and stay the briefing schedule pending the resolution of its pending motion to dismiss. Monsanto further requests that this Court rule on this motion by **August 19, 2026**.

---

[2] The fairness hearing that was previously scheduled in Missouri state court for August 19 has since been rescheduled for September 14. Order, *King* v. *Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo. Aug. 6, 2026).

Appellate Case: 26-2217    Page: 6    Date Filed: 08/11/2026 Entry ID: 5670914

Dated: August 11, 2026

Respectfully submitted,

/s/ *Miguel A. Estrada*

Elaine P. Golin
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, NY  10019
(212) 403-1000
epgolin@wlrk.com
cmreilly@wlrk.com

Miguel A. Estrada
Daniel W. Nelson
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC  20036
(202) 955-8500
mestrada@gibsondunn.com
dnelson@gibsondunn.com
jbond@gibsondunn.com

James F. Bennett
DOWD BENNETT LLP
7676 Forsyth Blvd., Suite 1900
St. Louis, MO  63105
(314) 889-7300
jbennett@dowdbennett.com

Stephen J. Hammer
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX  75201
(214) 698-3100
shammer@gibsondunn.com

*Counsel for Monsanto Company*

6

# CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Eighth Circuit Internal Operating Procedure III.I and Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 905 words, excluding the portions exempted by Eighth Circuit Internal Operating Procedure III.I and Federal Rule of Appellate Procedure 32(f). This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New Century Schoolbook font. I certify that this motion has been scanned for viruses and is virus-free.

Dated: August 11, 2026          */s/ Miguel A. Estrada*
                                    Miguel A. Estrada

Appellate Case: 26-2217     Page: 8     Date Filed: 08/11/2026 Entry ID: 5670914

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 11, 2026          */s/ Miguel A. Estrada*
                                 Miguel A. Estrada

8

Appellate Case: 26-2217     Page: 9     Date Filed: 08/11/2026 Entry ID: 5670914