**No. 26-2217**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

SARAH JANE HUNT,
*Interested Party*

RANDALL KING; SCOTT BUTTERFIELD; ROBERT KOEHLER; MICHAEL MERX; BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,
*Plaintiffs-Appellees*,

*v.*

MONSANTO COMPANY,
*Defendant-Appellee*,

*v.*

CRAIG BOYLAN; DAVID CHILDRESS; XAVIER ESTRADA, LORI ANN FAIN; DONNA MASON; FREDERICK O'NEILL; EDWARD PETER RANKIN; WILLIAM ROBBINS; WILLIAM SZABO; PATRICIA VEAL,
*Objectors-Appellants*.

---

On Appeal from the United States District Court for the
Eastern District of Missouri, Eastern Division
Case No. 4:26-CV-813 (Hon. Henry Edward Autrey)

---

# Appellants' Opposition to Monsanto's Expedited Motion to Hold Appeal in Abeyance and Stay Briefing Pending Resolution of Motion to Dismiss

---


T. Roe Frazer, II
R. Prescott Sifton, Jr.
FRAZER PLC
30 Burton Hills Blvd., Ste. 450
Nashville, TN 37215
Ph: (615)647-6464
scott@frazer.law

Ashley C. Keller
John J. Snidow
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Tel.: 312-741-5220
ack@kellerpostman.com

*Counsel for Appellants*

This is the *tenth time* Appellees have asked for early disposition without plenary review of the underlying merits. *See* Monsanto's Mot. to Dismiss (June 22, 2026); Monsanto's Mot. for Expedited Hr'g (June 22, 2026); Named Pls.' Letter re Mot. to Dismiss (June 24, 2026); Monsanto's Notice of Suppl. Authority (June 29, 2026); Monsanto's Opp'n to Appellants' § 1453(c) Pet. at 6–7 (July 6, 2026); Named Pls.' Rule 28(i) Letter (July 6, 2026); Monsanto's Reply in Support of Mot. to Dismiss (July 8, 2026); Monsanto's Opp'n to Appellants' Mot. for Stay (July 24, 2026); Named Pls.' Rule 28(i) Letter (July 27, 2026).

In each of the previous nine requests, Appellees at least decided to ask *the Court* to make that call. *See* 8th Cir. IOP § I.D.3 (three-judge "administrative panels consider and decide . . . motions to dismiss for lack of jurisdiction"); *see also* 8th Cir. Rule 47A(b). Unsatisfied with the response from Senate-confirmed, Article III judges, Monsanto now asks *the Clerk* to relieve the company of its obligation to litigate this appeal. Monsanto relies on 8th Circuit Rule 27A(a)(1), which allows the Clerk to resolve certain administrative motions, including requests for overlength briefs, extensions of time, record supplementation, substitution of parties, and "advancement or continuance of cases." 8th Cir. Rule 27A(a)(1)–(10); *see also* Fed. R. App. P.

27(b) (allowing the Court to "authorize its clerk to act on specified types of procedural motions"). With great respect for the professionals who staff this Court's clerk's office, administrative staff do not have authority to block a merits panel from even receiving merits briefing—especially as the Court considers a jurisdictional dispute that is itself inextricably intertwined with the merits.

The fact that federal courts have "broad discretion" to manage their dockets is irrelevant. *See* Mot. at 2–3 (citing cases). The relief Monsanto requests is nothing like a district court "rescinding a discharge order and recalling the jury" to "correct[] an error in the jury's verdict." *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016). Nor is it comparable to holding an appeal in abeyance "*after* extensive briefing and oral argument" so that the Court can consider a pending Supreme Court decision that "seem[s] to present th[e] same issue." *United States v. Loggins,* 181 F.4th 883, 884 (8th Cir. 2026) (emphasis added). And it is a far cry from holding petitions for review in abeyance while the appellee federal agency "reconsiders" whether to "renew[] its defense of the" very rules at issue in the petitions. *Iowa v. SEC*, No. 24-1522 (8th Cir. Sep. 12, 2025). At any rate, in each case Monsanto cites, the relief was ordered by *the court*, not their clerks or other administrative personnel.

When this Court is faced with the situation here—a motion to dismiss filed before the merits briefing is set to conclude—it regularly takes the path Monsanto insists would be "unnecessary and unproductive," Mot. at 3. *See, e.g., United States v. Wessels*, No. 25-2423 (8th Cir. Sep. 17, 2025) (ordering that "the motion [to dismiss] is taken with the case for consideration with the panel to which this case is submitted for disposition on the merits" and that "the appellant proceed with briefing, including with respect to the issue identified in the appellant's response to the motion to dismiss"); *Wills v. Stiles*, No. 25-2263 (8th Cir. Oct. 27, 2025) ("The motion to dismiss . . . is hereby ordered taken with the case for consideration by the panel to which this case is submitted for disposition on the merits."); *Martin v. NFL Disability Plan*, No. 25-2984 (8th Cir. Nov. 4, 2025) ("The motions to dismiss the case . . . are hereby ordered taken with the case for consideration by the panel to which this case is submitted for disposition on the merits.").

Monsanto offers no legitimate reason to deviate from that default approach. It argues only that the "threshold issue" of jurisdiction must be resolved before the merits are briefed to "avoid[] potentially unnecessary or duplicative briefing." Mot. at 3. But jurisdiction is a "threshold issue" in *every appeal*. *See, e.g., In re Vera T. Welte Testamentary Tr.*, 96 F.4th 1034, 1037 (8th

Cir. 2024) (noting the Court's "jurisdiction is a 'threshold matter' that precedes the merits of an appeal" (citation omitted)). If the mere existence of jurisdictional questions justified an indefinite stay of the merits briefing, such a stay would issue in *every appeal*. This Court's rules expressly reject that approach. *See* 8th Cir. Rule 47A(b) ("Except as the court orders, the filing of a motion to dismiss does not toll the time limitations set forth in the Federal Rules of Appellate Procedure or these rules.").

The merits briefing also should not be "duplicative." Monsanto acknowledges that the jurisdictional issues have been "fully briefed," Mot. at 2, but then (bizarrely) argues it would "be obligated to reurge this Court's lack of jurisdiction in its own merits response brief," *Id.* at 3. It is, of course, Monsanto's prerogative to rehash the same tired jurisdictional arguments raised in its motion to dismiss, but nothing "obligate[s]" that approach. *Id.* Appellants' *merits* brief rightly focuses on the *merits* issues. To be sure, those issues are intertwined with the jurisdictional dispute. But that makes merits briefing *necessary* for the proper resolution of the jurisdictional issues. Monsanto apparently does not want to engage with the merits, perhaps because they undermine Monsanto's position. But Monsanto's eminently qualified appellate counsel is perfectly capable of drafting and filing a brief.

They might *prefer* not to draft and file a brief, but that does not justify an indefinite stay of a briefing schedule that was set nearly two months ago. Every appellee would *prefer* that the issues they view as dispositive carry the day before the Court can assess the other (often related) issues raised by the appellant. But the Court's duty is to adjudicate a fully briefed and argued *case*, not one party's preferred *issue*.

Finally, Monsanto's attempt to evade the Court's alternative path to resolve this appeal—Appellants' § 1453(c) petition—is simply wrong. *See* Mot. at 2 n.1. Nothing prevents the Court from proceeding with the current briefing schedule even if it decides to exercise jurisdiction under § 1453(c). In fact, in CAFA remand appeals taken alternatively under both §§ 1291 and 1453, the best approach is often to "defe[r] consideration of the petitions for permission to appeal pending formal briefing." *Skyline Tower Painting, Inc. v. Goldberg*, 148 F.4th 209, 215, 220–21 (4th Cir. 2025) (dismissing the § 1453 petitions as "unnecessary" after full briefing and oral argument because the order of remand premised on the "local controversy" rule was appealable under § 1291). Deciding the appropriate avenue for appellate review *after* receiving full briefing will allow the Court to determine whether Appellants "appropriately appealed as of right under § 1291," in which case the Court

"need not consider whether [it] would grant permission to appeal under § 1453." *Id.* at 215 If anything, it is *Monsanto's* motion to dismiss that should be held in abeyance pending the full merits briefing.

That approach would make good sense. If the Court accepts the appeal under § 1453(c), the appeal *must* be resolved within 60 days of the Court's order. Appellants' opening brief explained why the district court's order of remand and implicit denial of intervention were erroneous. Appellees can address those arguments, along with any additional (or "duplicative") jurisdictional arguments, in their response briefs. And Appellants will respond to *those* arguments in their reply and at oral argument. If, after full briefing and argument, the Court decides to proceed under § 1453 rather than § 1291, it will have the full 60 days to consider the fully developed record before issuing an order on the merits. That will alleviate the considerable pressure on the panel, allowing for a complete and reasoned analysis of the many complicated issues in this appeal.

**CONCLUSION**

Monsanto's motion is the litigant's equivalent of a temper tantrum. The company would prefer not to brief the merits because, in Monsanto's view, it should not have to unless and until the Court decides Monsanto's

prior requests first. But "I would prefer not to [write a brief]" is not a winning argument for a lowly scrivener, let alone the highly capable appellate attorneys at Gibson Dunn. *See* Herman Melville, *Bartleby, the Scrivener: A Story of Wall Street* (1853).

Dated: August 13, 2026

Respectfully submitted,

*<u>/s/ Ashley C. Keller</u>*
Ashley C. Keller
John J. Snidow
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Tel.: 312-741-5220
ack@kellerpostman.com

T. Roe Frazer, II
R. Prescott Sifton, Jr.
FRAZER PLC
30 Burton Hills Blvd., Ste. 450
Nashville, TN 37215
Ph: (615)647-6464
scott@frazer.law

*Counsel for Objector Defendants*

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,392 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because it has been prepared in proportionally spaced typeface using Word in fourteen-point Book Antiqua Font. Fed. R. App. P. 27(d)(1)(E).

Pursuant to Circuit Rule 28A(h), I hereby also certify that electronic files of this document have been submitted to the Clerk via the Court's CM/ECF system. The files have been scanned for viruses and are virus-free.

*Ashley C. Keller*
Ashley C. Keller



Appellate Case: 26-2217 Page: 9 Date Filed: 08/13/2026 Entry ID: 5671927

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Ashley C. Keller*
Ashley C. Keller