No. 26-2217

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

SARAH JANE HUNT,

*Interested Party*,

RANDALL KING; SCOTT BUTTERFIELD; ROBERT KOEHLER; MICHAEL MERX; BRUCE WALDMAN, *on behalf of themselves and others similarly situated*,

*Plaintiffs-Appellees*,

*v.*

MONSANTO COMPANY,

*Defendant-Appellee*,

*v.*

CRAIG BOYLAN; DAVID CHILDRESS; XAVIER ESTRADA; LORI ANN FAIN; DONNA MASON; FREDERICK O'NEILL; EDWARD PETER RANKIN; WILLIAM ROBBINS; WILLIAM SZABO; PATRICIA VEAL,

*Objectors-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Missouri
Case No. 4:26-cv-813 (Hon. Henry Edward Autrey)

# MONSANTO COMPANY'S REPLY IN SUPPORT OF EXPEDITED MOTION TO HOLD APPEAL IN ABEYANCE AND STAY BRIEFING PENDING RESOLUTION OF MOTION TO DISMISS

Elaine P. Golin
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, NY 10019
(212) 403-1000

Miguel A. Estrada
Daniel W. Nelson
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC 20036
(202) 955-8500

*Counsel for Monsanto Company*
*[Additional Counsel Listed in Signature Block]*

**MONSANTO COMPANY'S REPLY IN SUPPORT OF EXPEDITED MOTION TO HOLD APPEAL IN ABEYANCE AND STAY BRIEFING PENDING RESOLUTION OF MOTION TO DISMISS**

The Court already has before it many lengthy submissions, all in an appeal that 28 U.S.C. § 1447(d) says should be barred at the door. It should not subject itself to more. Instead, it should hold this appeal in abeyance and stay merits briefing pending decision on Monsanto's motion to dismiss. As explained in that motion, Section 1447(d) forbids this purported appeal from the district court's order remanding the case to state court for want of jurisdiction. See Mot. to Dismiss 11-20; see also Reply in Support of Mot. to Dismiss 3-13. Despite its overheated rhetoric, Objectors' opposition to the abeyance motion fails to refute this basic point. Deference to Congress's clear purpose of preventing protracted appellate proceedings in cases governed by Section 1447 warrants staying merits briefing until the Court resolves the jurisdictional issue.

Objectors offer three reasons why, in their view, abeyance should be denied: (1) jurisdictional motions are often carried with the case in ordinary appeals; (2) merits briefing now would be efficient *if* the Court ultimately grants Objectors' supplemental petition for permission to ap-

peal; and (3) Monsanto's motion purportedly seeks improper relief from the Clerk. Those arguments are meritless.

First, carrying the motion to dismiss with the case is unwarranted here because, as the Supreme Court recognized in *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U.S. 336, 351 (1976), the entire purpose of 28 U.S.C. § 1447(d) is to avoid protracted litigation over threshold jurisdictional issues. Requiring full merits briefing and carrying the fully ripe jurisdictional motion with the case without resolving it would defeat that purpose. Second, requiring merits briefing of an appeal that this Court has not permitted—and should not permit—is the opposite of efficient. And third, far from attempting to dodge this Court, Monsanto properly cited this Court's rule applying to motions for advancement or continuance of cases, which specifies that the motion will be decided by the Court (not the Clerk) where, as here, the motion is opposed; Objectors' claims in this regard are as unsupported as they are irrelevant. See 8th Cir. R. 27A(a)(10). While Objectors' opposition is long on histrionics, it is short on valid reasons to deny the motion.

1. Objectors assert (at 3-4) that the normal course of proceedings is for motions to dismiss to be carried with the case for consideration by

the merits panel. They offer only their own say-so and a handful of inapposite examples for this claim, which of course do not establish the universal proposition they advance. But even if the assertion correctly described some significant number of appeals, it does not address the relevant question here, because a federal statute requires that this appeal be blocked at the door.

28 U.S.C. § 1447(d) mandates that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Congress thereby "immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court." *Thermtron*, 423 U.S. at 351. Indeed, the whole point of Section 1447(d) is to "prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." *Ibid.* Deferring a decision on Monsanto's motion to dismiss for lack of jurisdiction until after merits briefing would vitiate the core purpose of the statute.

The handful of examples Objectors cite (at 3) of this Court "regularly" carrying a motion to dismiss with the case do not implicate the same concern because none involves a putative appeal from an order



Appellate Case: 26-2217 Page: 4 Date Filed: 08/17/2026 Entry ID: 5672831

granting a motion to remand. See Order at 1, *United States* v. *Wessels*, No. 25-2423 (8th Cir. Sep. 17, 2025) (carrying motion in which government argued Court lacked jurisdiction due to criminal appeal waiver); Order at 1, *Wills* v. *Stiles*, No. 25-2263 (8th Cir. Oct. 27, 2025) (carrying motion in which appellee argued she should be dismissed as a nominal party); Order at 1, *Martin* v. *NFL Disability Plan*, No. 25-2984 (8th Cir. Nov. 4, 2025) (carrying motion in which appellees argued Court lacked jurisdiction due to untimely notice of appeal). Those cases therefore provide no support for Objectors' assertion that delaying resolution of the motion to dismiss is warranted here.

2. Objectors also maintain (at 5-6) that the Court should allow merits briefing to proceed despite the pending motion to dismiss because such briefing might become necessary if this Court grants their supplemental petition for permission to appeal. That puts the cart before the horse. Merits briefing is unwarranted in *this* direct appeal because the Court lacks jurisdiction over Objectors' attempt to appeal the district court's remand order—and Congress has forbidden entertaining the appeal. See Mot. to Dismiss 11-20; see also Reply in Support of Mot. to Dismiss 3-13. And merits briefing would be entirely unnecessary with

respect to the supplemental petition unless and until the Court grants that petition—which has not occurred, and should not for the reasons Monsanto has explained. See Answer to Supp. Pet. 4-16. Objectors' suggestion that it would be more efficient to complete merits briefing now, just in case the Court grants permission to appeal later, is as backward as a recommendation to study for the bar exam before being accepted to law school.

The lone case Objectors cite (at 5) in support of this argument is inapposite because it did not involve a motion to dismiss for lack of jurisdiction. See *Skyline Tower Painting, Inc.* v. *Goldberg*, 148 F.4th 209 (4th Cir. 2025). There, the defendants filed petitions for permission to appeal the district court's remand order and also filed direct appeals. *Id.* at 215. The court deferred consideration of the petitions until after merits briefing. *Ibid.* But the plaintiffs never moved to dismiss for lack of jurisdiction, so the need for merits briefing was never in doubt. *Id.* at 215 n.4. Here, because the Court lacks jurisdiction over the direct appeal, merits briefing will not be needed at all if the Court denies permission to appeal. This Court should not permit further unnecessary briefing in a direct ap-

peal that should be dismissed at the outset or for a permissive appeal that has not been, and should not be, allowed.

3. Finally, Objectors fault Monsanto for citing the Court's local rule pertaining to motions to hold a case in abeyance, accusing Monsanto of attempting to circumvent this Court's authority. Opp. 1-2. That accusation is baseless. Monsanto properly cited 8th Circuit Rule 27A(a)(10), which governs motions for the "advancement or continuance of cases." The rule explains that the Clerk has authority to grant such a motion if it is unopposed, but that the motion will be submitted to the Court if it is opposed. Nowhere in its motion did Monsanto ask the Clerk to rule on the motion or suggest that the motion was unopposed. And anyone familiar with Objectors' pattern of obstruction and extreme litigiousness could not possibly have thought the motion would *not* be opposed. Indeed, the motion asks for relief only from the Court. See Mot. 2, 5.

* * * * *

Because Section 1447(d) bars any consideration of this appeal, this Court lacks jurisdiction and further merits briefing without a ruling on Monsanto's motion to dismiss would be inappropriate. The need for a prompt ruling on the jurisdictional defect is especially acute in this case

because Section 1447(d)'s central purpose is to prevent prolonged jurisdictional disputes. Much ink has already been spilled in this case due to Objectors' noticing an improper appeal, filing a "supplemental" petition for review two weeks later, and asking this Court to enjoin ongoing state-court proceedings. The irony of Objectors' faulting Monsanto (at 1) for the number of its prior submissions speaks for itself. But the upshot is that this Court already has more than enough briefing to determine that this case never belonged in federal court, much less here.

## CONCLUSION

For the foregoing reasons, Monsanto respectfully requests that this Court hold this appeal in abeyance and stay the briefing schedule pending the resolution of its motion to dismiss. Monsanto further requests that this Court rule on this motion by **August 19, 2026**.

Dated: August 17, 2026

Respectfully submitted,

*/s/ Miguel A. Estrada*


Miguel A. Estrada
Daniel W. Nelson
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1700 M St., N.W.
Washington, DC 20036
(202) 955-8500
mestrada@gibsondunn.com
dnelson@gibsondunn.com
jbond@gibsondunn.com

Stephen J. Hammer
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
(214) 698-3100
shammer@gibsondunn.com

Elaine P. Golin
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, NY 10019
(212) 403-1000
epgolin@wlrk.com
cmreilly@wlrk.com

James F. Bennett
DOWD BENNETT LLP
7676 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
(314) 889-7300
jbennett@dowdbennett.com


*Counsel for Monsanto Company*

## CERTIFICATE OF COMPLIANCE

This reply complies with the word limit of Eighth Circuit Internal Operating Procedure III.I and Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1,378 words, excluding the portions exempted by Eighth Circuit Internal Operating Procedure III.I and Federal Rule of Appellate Procedure 32(f). This reply complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New Century Schoolbook font. I certify that this reply has been scanned for viruses and is virus-free.

Dated: August 17, 2026

*/s/ Miguel A. Estrada*
Miguel A. Estrada

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 17, 2026

*/s/ Miguel A. Estrada*
Miguel A. Estrada